**Fitzpatrick, Hunt & Pagano, LLP**
*Attorneys at Law*

New York
California
Connecticut
New Jersey
Illinois

www.fitzhunt.com

Ralph V. Pagano, Esq.  
212-937-4004  
Ralph.Pagano@fitzhunt.com

Tara E. Nicola, Esq.  
212-937-4026  
Tara.Nicola@fitzhunt.com

January 29, 2024

**VIA ECF**

Honorable Magistrate Judge Joseph A. Marutollo
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Krick et al. v. Raytheon Company, et al*.
            Case Number  :     1:23-cv-08093-AMD-JAM

Dear Judge Marutollo:

The undersigned represents Raytheon Company ("Raytheon") in the above-referenced matter, and we submit this Request for Permission to Issue Limited, Pre-Discovery Subpoenas to obtain copies of the Settlement Agreements or Releases relating to the Plaintiffs or their decedents in connection with the TWA Flight 800 accident on July 17, 1996. This request is made on behalf of all Defendants.

**Background**

Plaintiffs purport to be heirs of certain passengers who perished on TWA Flight 800 on July 17, 1996. Plaintiffs, or the estates of their decedents, commenced litigation in the TWA 800 Multi-District Litigation in the Southern District of New York in the 1990s. Those cases were settled, releases obtained, and the cases dismissed with prejudice. Plaintiffs do not dispute these facts. Notwithstanding the prior litigation, settlement and release of claims, Plaintiffs commenced a second litigation against Defendants in the District of Massachusetts twenty-six years later for the same injuries, but under a different theory and against different Defendants (Raytheon Company, Lockheed Martin Corporation and the United States of America). All Defendants moved to dismiss the case and the United States alternatively moved to transfer venue. In response, the District Court of Massachusetts transferred the case to this Court. On December 13, 2023, the parties participated in a status conference before the Honorable Judge Donnelly. There, Defendants advised the Court of their intention to re-file their Motions to Dismiss the Amended Complaint. Defendants advised there may be additional grounds to dismiss the case if the terms of the MDL Releases extend to Plaintiffs' claims in this case. The Court agreed they may be useful at this stage

Our File : 602458

P a g e | **2**

of the proceedings, even though we are not in the discovery phase of the case, and suggested the parties discuss handling.  The Court ordered the parties to submit a case status update and proposed briefing schedule by February 1.

### **History of Effort to Obtain the Releases with Cooperation from Plaintiffs**

The parties began discussing the Releases immediately after the conference and Plaintiffs' counsel indicated he did not have the MDL Releases. The undersigned suggested Plaintiffs could provide authorizations to permit an MDL Defendant to produce the Releases. On December 26, 2023, the undersigned requested Plaintiffs' counsel provide authorizations from him, on behalf of his clients, authorizing production of the Releases by one of the parties from the MDL to Defendants. The undersigned followed up on January 2, 2024.  On January 4, Plaintiffs' counsel asked about the form of the authorizations. On January 5, Plaintiffs' counsel and the undersigned spoke on the phone on the subject.  On January 9, the undersigned sent Plaintiffs' counsel a letter requesting the authorizations and a form authorization.  On January 12, another phone conversation occurred at which time Plaintiffs' counsel advised he was giving his clients a "heads-up" on the issue.  On January 16 and January 18, the undersigned followed-up yet again requesting the authorizations. On January 19, Plaintiffs' counsel advised they were working on it, but it takes time due to the large group of clients (13).  Plaintiffs' counsel advised he would send them piecemeal if possible. Notably, the authorizations do not need to be signed by his clients. To date, not a single authorization has been produced.  On January 24, the undersigned reached out again asking plaintiffs to produce the authorizations. Plaintiffs' counsel did not respond, and the undersigned followed up on January 26 advising of our need to seek Court intervention to obtain the Releases. In response, Plaintiffs' counsel raised concerns about the confidentiality of Boeing and TWA (no longer in existence) which is immaterial given that Plaintiffs are not producing the Releases themselves.  Rather, Raytheon intended to send the authorizations to Boeing and request Boeing produce the Releases.  The reason for the authorizations is to provide Boeing with a written waiver of Plaintiffs' rights to confidentiality as to the Releases. If Boeing has its own confidentiality concerns, then Boeing will not produce the Releases. It is irrelevant to Plaintiffs' production of an authorization permitting Boeing to provide the Releases to Defendants.

The terms of the Releases may foreclose this litigation entirely. While it is curious that neither Plaintiffs nor their counsel have copies of the relevant MDL Releases, Defendants are willing to attempt to procure them from a third party -- all that is needed is an authorization from Plaintiffs. This seemingly simple request has been met without objection, but with significant and inexplicable delay.

Our File : 602458

P a g e | **3**

**Request for Relief**

The undersigned has engaged in a good faith effort to obtain authorizations from the Plaintiffs to no avail. Accordingly, Raytheon, with the concurrence of all Defendants, respectfully requests this Court to permit them to issue subpoenas to The Boeing Company for production of the Settlement Agreements or Releases relating to the Plaintiffs or their decedents identified in the Amended Complaint, in connection with the TWA Flight 800 accident on July 17, 1996.

                                              Respectfully submitted,

                                              /s/ Tara E. Nicola, Esq.
                                              Tara E. Nicola, Esq.
                                              Ralph V. Pagano, Esq.

cc       All Counsel of Record