

**U.S. Department of Justice**

Aviation, Space & Admiralty Litigation
P.O. Box 14271
Washington, D.C. 20044-4271

Office: 202-616-4031
Cell: 202-598-1105
Robert.Kelly@usdoj.gov

Overnight Delivery:
175 N St. NE, 8.204
Washington, D.C. 20002

April 1, 2024

**Via CM/ECF:**

Hon. Ann M. Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, N.Y. 11201

      Re:   *Krick et al. v. Raytheon Company et al.*
           1:23-cv-08093-AMD-JAM
           DJ No. 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

Dear Judge Donnelly:

      Defendant United States of America, joined by Codefendants Lockheed Martin and Raytheon, submits this letter seeking formal establishment of new deadlines concerning the Motions to Dismiss Defendants intend to file. In summary, Defendants request the Court set a deadline of July 12, 2024, for the filing of opening briefs, and grant leave to file overlength memoranda of law. The following procedural history and justifications support this request.

      During the December 13, 2023 hearing, Defendants stated they will move to dismiss Plaintiffs' Second Amended Complaint for multiple reasons, including the running of the statute of limitations and prior releases, on the condition those releases could be obtained and supported Defendants' positions that they were released during the settlement of the prior wrongful death litigation brought on behalf of these same decedents, *In re Air Crash off Long Island, N.Y., on July 17, 1996,* No. 96-cv-7986 (RWS); MDL No. 1161 (RWS) (S.D.N.Y.). During the hearing, the Court instructed the Parties to meet and confer regarding a schedule and submit a Joint Status Report no later than February 1, 2024. The Court further indicated that submitting a letter brief prior to filing the Motions would not be necessary. *See* Hearing Tr. 9:5-24.

      The need to obtain the releases before filing the Motions was also discussed in the hearing. Plaintiffs' counsel advised that he did not have the releases, and that he had only seen a part of one of them and believed that the Defendants would need to seek

their production from a third party. *See* Hearing Tr. 19:9-12. Plaintiffs' counsel confirmed after the hearing that Plaintiffs were not in the possession of the releases and that Defendants would need to subpoena them from The Boeing Company, which had been a party to this long closed multi-district litigation. The Court had previously directed the Parties to Magistrate Judge Marutollo for the issuance of a pre-discovery subpoena. *See* Hearing Tr. 19:7-23.

As the releases contained confidential information, Boeing requested a signed authorization from Plaintiffs' counsel prior to their production. As detailed in Raytheon's letter motion on January 29, 2024, *see* ECF No. 131 at 2, the efforts to obtain authorizations were prolonged, lasting over a month, and eventually required the Magistrate Judge's intervention. Following a conciliatory opposition from Plaintiffs, *see* ECF No. 132, and via a minute entry, Magistrate Judge Marutollo ordered the Parties to submit a Joint Status Report on February 2, 2024, indicating whether the dispute regarding the pre-discovery subpoena was resolved.

The Parties timely complied by submitting Joint Status Reports to both the Court, *see* ECF No. 133, and to the Magistrate Judge, *see* ECF No. 134. In the former Joint Status Report, the Parties proposed a briefing schedule on the Motions to Dismiss; whereas in the latter the Parties agreed regarding the service of a subpoena on Boeing to produce the Releases. Magistrate Judge Marutollo responded to both Joint Status Reports in a minute entry 1) granting permission to serve the pre-discovery subpoena; and 2) stating:

> "With respect to the parties' February 1, 2024 status report (Dkt. No. 133), which includes a proposed briefing schedule and requests for page enlargements, the parties shall comply with Judge Donnelly's Individual Practices and Rules and file a letter addressed to Judge Donnelly regarding motion practice."

After Magistrate Judge Marutollo's minute entry, the Defendants served the subpoena on Boeing on February 7, 2024. Boeing's counsel responded by requesting the Parties agree to a non-disclosure agreement before being granted access to the releases. The negotiations regarding the language of that agreement took time but the terms were finally agreed to by the Parties. However, the agreement was finally drafted, and the Plaintiffs were the last parties to sign the non-disclosure agreement on March 20, 2024.

Defendants believe these releases are dispositive and intend to address them in the anticipated Motions to Dismiss. The course of proceedings to date, unfortunately, left it unclear as to when those Motions are due. Defendants, therefore, seek clarification from the Court regarding the filing deadline, the need for an enlargement of the page limit, and whether they must file formal letter briefs prior to filing the Motions. In the Joint Status Report, ECF No. 133, the Parties suggested a May 3 due date for the Motions. However, considering the delay encountered in receiving the releases, and ongoing discussions between

Defendants' and Plaintiffs' counsel regarding the impact of the Releases, Defendants suggest that the following deadlines be formally established:

- July 12, 2024: Filing Deadline for Defendants' Motions.
- August 23, 2024: Filing Deadline for Plaintiffs' Oppositions.
- September 27, 2024: Filing Deadline for Defendants' Replies.

In addition, Defendants request leave to file memoranda of law exceeding the Court's page limit so that all pending issues may be effectively addressed in one Motion. Defendants respectfully request the Court enter this schedule, or in the alternative, calendar a brief status hearing to address any concerns. Prior to submitting this letter, the undersigned confirmed with Plaintiffs' counsel that the proposed dates are acceptable, along with the need for an enlargement of the page limit. Plaintiffs' counsel advised that he has no opposition.

Respectfully yours,

ROBERT E. KELLY
Senior Trial Counsel