UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
RONALD KRICK, *individually and on behalf of the estate of Oliver Krick*; MARGARETA KRICK; CHRISTOPHER KRICK; DOUGLAS KEVORKIAN, *individually and on behalf of the estate of Ralph Kevorkian*; LISA MICHELSON, *individually and on behalf of the estate of Yonatan Rojany*; ERIC ROJANY; JODELLE GEARON, TODD GAETKE; CRAIG GAETKE; WANDA KEMP, *individually and on behalf of the estates of O. Lamar Allen and Ashton Allen*; CHRISTINE GROGAN; EILEEN ZAHARIOUDAKIS, *Individually and behalf of the estate of Donald Gough*; and MICHAEL DETERESA,

**OPINION AND ORDER**

23-CV-8093
(Donnelly, J.)
(Marutollo, M.J.)

Plaintiffs,

v.

RAYTHEON COMPANY; LOCKEED MARTIN CORPORATION; UNITED STATES; and DOES 1 through 20, inclusive,

Defendants.

----------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

This action arises from the crash of Trans World Airlines Flight 800 ("TWA 800") on July 17, 1996. Plaintiffs Ronald Krick (individually and on behalf of the estate of Oliver Krick), Margareta Krick, Christopher Krick, Douglas Kevorkian (individually and on behalf of the estate of Ralph Kevorkian), Craig Gaetke, Wanda Kemp (individually and on behalf of the estates of O. Lamar Allen and Ashton Allen), Christine Grogan, Eileen Zahariousdakis (individually and on behalf of the estate of Donald E. Gough), and Michael Deteresa (collectively, "Plaintiffs")[1] claim

---

[1] Plaintiff Lisa Michelson (individually and on behalf of the estate of Yonatan Rojany) was dismissed with prejudice on August 29, 2024 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. No. 148. Plaintiff Eric Rojany was dismissed with prejudice on May 14, 2024 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Dkt.

that "TWA 800's explosion was not caused by any defect in the airplane, but instead by an errant United States missile fired at aerial target drones flying nearby." Dkt. No. 33 at ¶ 4.

Plaintiffs—represented by counsel—filed suit in the District of Massachusetts against Raytheon Company ("Raytheon"), Lockheed Martin Corporation ("Lockheed Martin"), the United States, and Does 1 through 20 (collectively "Defendants") alleging claims for negligence, gross negligence, and wrongful death and survivorship against all Defendants. *See* Dkt. No. 33 at ¶¶ 105-131. Against Raytheon and Lockheed Martin, Plaintiffs allege a claim for product liability for failure to warn and manufacturing defect. *See id.* at ¶¶ 131-148. On September 29, 2023, the District of Massachusetts transferred this action to the Eastern District of New York. *See Krick v. Raytheon Co.*, 695 F. Supp. 3d 202 (D. Mass. 2023).

Currently before this Court is Plaintiffs counsel's motion to withdraw as counsel for all Plaintiffs ("Motion to Withdraw"). Dkt. No. 140. For the reasons set forth below, the Court **GRANTS** the Motion to Withdraw.[2]

As the parties have been made aware, withdrawal of counsel in this action triggers several concerns to be resolved by this Court. To that end, the Court issues an **ORDER TO SHOW CAUSE** as set forth below.

---

No. 139. Plaintiff Jodelle Gearon (individually and on behalf of the estate of Daniel Gaetke) was dismissed with prejudice on August 29, 2024 August 29, 2024 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. No. 137. Plaintiff Todd Gaetke was dismissed with prejudice on May 14, 2024 pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Dkt. No. 138.

[2] Pursuant to 28 U.S.C. § 636(b), a United States Magistrate Judge may address an attorney's motion to withdraw in an Opinion and Order. *See, e.g., Pimentel v. Delta Airlines, Inc.*, No. 17-CV-5317 (AMD) (JO), 2018 WL 5848842, at *2 (E.D.N.Y. Nov. 7, 2018) (discussing a magistrate judge's opinion and order regarding a motion to withdraw as counsel under 28 U.S.C. § 636(b)); *Liberty Mut. Ins. Co. v. RPC Leasing Inc.*, No. 06-CV-5706 (ARR) (JO), 2008 WL 5068610, at *1 (E.D.N.Y. Nov. 21, 2008) (discussing a magistrate judge's opinion regarding a motion to withdraw as counsel).

## I.      BACKGROUND

### A.      Relevant Factual and Procedural History

The Court assumes the parties' familiarity with the relevant facts undergirding this action and refers the parties the Amended Complaint (Dkt. No. 33) and Transfer Order (Dkt. No. 95) for a complete recitation of the facts.  *See also Krick*, 695 F. Supp. 3d at 208.

The pertinent facts are outlined as follows.

On July 17, 1996, TWA 800 departed from New York's John F. Kennedy International Airport at approximately 8:20 p.m. for a transatlantic flight to Paris.  Dkt. No. 33 at ¶ 2.  But within "twelve minutes of takeoff," the aircraft "exploded and crashed into the Atlantic Ocean off the coast of Long Island, New York."  *Id.*  Tragically, all 230 passengers and crew members aboard TWA 800 perished.  *Id.*  Among the victims were Oliver Krick (*id.* at ¶¶ 15-17), Ralph G. Kevorkian (*id.* at ¶¶ 17-18), Yonatan Rojany (*id.* at ¶¶ 19-20), Daniel Gaetke (*id.* at ¶¶ 21-23), O. Lamar Allen and Ashton Allen (*id.* at ¶¶ 24-25) and Donald E. Gough (*id.* at ¶¶ 26-27).  Plaintiffs alleges that Defendants took—and in certain instances, failed to take—a number of actions that contributed to the crash of TWA 800 and caused the deaths of the above-referenced victims.  *See* Dkt. No. 33 at ¶¶ 105-148.

Represented by counsel, Plaintiffs filed suit on June 28, 2022 in the United States District Court for the District of Massachusetts.  Dkt. No. 1.  But following motion practice, the Court found venue improper in the District of Massachusetts and—on September 29, 2023— transferred this action to the Eastern District of New York—the situs of the crash and "an appropriate venue for all Defendants."  *Krick*, 695 F. Supp. 3d 202 at 220.

Following transfer to this District, counsel for all parties appeared and all Defendants notified the Court of their intent to renew Fed. R. Civ. P. 12(b) motions previously filed in the

District of Massachusetts. *See* Text Order dated Dec. 8, 2023; *see also* Dkt. Nos. 108-110. On February 1, 2024, Defendants requested that this Court "permit them to issue subpoenas to [non-party] The Boeing Company for production of the Settlement Agreements or Releases relating to the Plaintiffs or the decedents identified in the Amended Complaint . . ." *See* Dkt. No. 131.[3] Defendants' request was granted. *See* Text Order dated Feb. 2, 2024. Shortly thereafter, the Court imposed a briefing schedule for Defendants' motions to dismiss—with opening briefs being due on July 12, 2024. *See* Text Order dated Apr. 2, 2024.

Prior to service of Defendants' opening briefs, however, Plaintiffs' counsel sought withdrawal from representation.

### B.    The Motion to Withdraw

On June 14, 2024, Plaintiffs' counsel filed the instant Motion to Withdraw. *See* Dkt. No. 140. Specifically, attorneys Todd A. Walburg, Benjamin L. Bailey, Christopher D. Smith, Eric B. Snyder, John J. Roddy, Leslie A. Brueckner, and Scott B. Baez—along with their firm Bailey & Glasser LLP—sought to withdraw because (i) the individual plaintiffs and their counsel "reached an impasse as to the strategy of the case," (ii) Plaintiffs' lead counsel, Todd A. Walburg, moved to a new law firm unable to assume representation, and (iii) the "ends of justice" requires this Court to grant the motion to withdraw. *Id.* at 2-3. Counsel are not asserting a retaining or charging lien. *Id.*

On June 20, 2024, Defendants requested that this Court hold a status conference to address the Motion to Withdraw as their forthcoming motions to dismiss—deemed "substantial and complex"—required a resolution of Plaintiffs' Motion "as it necessarily impacts the continued

---

[3] The Court notes that Plaintiffs previously sued Boeing, TWA, and Hydro-Aire (a fuel system manufacturer) in the Southern District of New York and received a settlement. Dkt. 74 at 14; *see In Re Air Crash off Long Island*, No. 96-CV-7986, MDL No. 1161 (S.D.N.Y. Oct. 24, 1996); *Krick*, 695 F. Supp. 3d at 208 n.1.

handling of this case." Dkt. No. 141.

On June 20, 2024, this Court deferred ruling on Plaintiffs' Motion and scheduled a status conference on June 24, 2024. *See* Text Order dated June 20, 2024.

On June 24, 2024, a status conference was held and all parties appeared. *See* Text Order dated June 24, 2024. During the June 24, 2024 conference, the Court, *inter alia*, expressed concern that binding case law from the Second Circuit may bar claims asserted by certain Plaintiffs where such claims are asserted by the administrator of an estate and the administrator proceeded *pro se*. *Id.* The Court continued to defer ruling on Plaintiffs' Motion as Plaintiffs represented that a search for substitute counsel was well under way. *Id.* The Court ordered successor counsel to file a notice of appearance by July 12, 2024. *Id.*

On June 26, 2024, the Court also adjourned the parties' briefing schedule pending resolution of Plaintiffs' Motion. *See* Text Order dated June 26, 2024.

On July 8, 2024, Plaintiffs requested an extension of time for successor counsel's appearance—which was granted to August 12, 2024. Dkt. No. 143; Text Order dated July 8, 2024.

On August 22, 2024, another status conference was held where Plaintiffs represented their inability to retain counsel and requested more time. *See* Text Order dated Aug. 22, 2024. Plaintiffs were granted an extension to September 13, 2024 to retain new counsel. *See* Text Order dated Sep. 20, 2024.

To date, no notice of appearance or substitution of counsel has been filed on the docket. The Motion to Withdraw remains ripe for a ruling—which the Court resolves today in the interest of finality.

## II.    DISCUSSION

### A.    The Motion to Withdraw

District courts have considerable discretion in deciding a motion for withdrawal of counsel.

*See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Spadola v. N.Y. City Transit Auth.*, No.

00-CV-3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002).  Local Rule 1.4 provides in pertinent

part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

L. Civ. R. 1.4 (effective October 15, 2021).[4]   Accordingly, prior to deciding the motion to

withdraw, this Court considers both "the reasons for withdrawal and the impact on the timing of

the proceeding." *Thekkek v. LaserSculpt, Inc.*, No. 11-CV-4426 (HB) (JLC), 2012 WL 225924, at

*2 (S.D.N.Y. Jan. 23, 2012) (quoting *Karimian v. Time Equities, Inc.*, No. 10-CV-3773 (AKH)

(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)).

Here, Plaintiffs' Motion was filed following the adoption of a briefing schedule for

dispositive motion practice but prior to the filing of Defendants' opening briefs.  *Compare* Dkt.

No. 140 and Text Order dated Apr. 2, 2024.  As Defendants correctly noted in their letter (Dkt.

No. 141) and during a status conference, it is imperative that Plaintiffs' Motion be decided prior

---

[4]  The Court notes that its Local Civil Rules were modified and adopted by the Board of Judges of the Eastern District of New York and Southern District of New York and rendered effective on July 1, 2024. Such modifications also included substantive changes to Local Civil Rule 1.4.  Since the Motion to Withdraw at issue here was filed on June 14, 2024 (*see* Dkt. No. 140), this Court finds that counsel in this action were bound by the Court's prior Local Civil Rules Effective October 15, 2021.  A copy of the archived Local Rules may be found here: https://www.nyed.uscourts.gov/archived-local-rules.

to the commencement of dispositive motion practice to avoid Defendants' misallocation of valuable resources to engage in "substantial and complex" motion practice. *Id*; *see also* Dkt. No. 142 ("Further, as explained during the status hearing, each Defendant has multiple levels of internal review required before filing the motion, which increases briefing time."). Since Plaintiffs' Motion was filed, the Court adjourned the briefing schedule *sine die*. *See* Text Order dated June 26, 2024.

Accordingly, the Court finds that withdrawal here will not adversely affect the timing of the proceedings as this case remains in early stages and neither dispositive motion practice nor discovery have begun. *Cf. Ghesani v. Trico VIII Petroleum, Inc.,* No. 03-CV-9854(FM), 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005) (denying the requested withdrawal because withdrawal "just prior to the trial would cause disruption to the Court's calendar and waste precious judicial resources"); *but see Farmer v. Hyde Your Eyes Optical*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (where the discovery period was nearly over, but no trial date had been set, "withdrawal may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted"); *Furlow v. City of New York*, No. 90-CV-3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (permitting withdrawal where document discovery was complete but depositions had not been taken, because the "action [was] not trial ready and resolution of [the] matter [would] not be delayed substantially by counsel's withdrawal"); *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) ("Where discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found.").

The Court also finds that counsel's proffered rationale for withdrawal—that the individual plaintiffs and their counsel "have reached an impasse as to the strategy of the case" (Dkt. No. 140

at 2)—militates in favor of withdrawal.  As to the reasons for withdrawal, "[i]t is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively."  *Farmer*, 60 F. Supp. 3d 441 at 445 (S.D.N.Y. 2014) (quoting *United States v. Lawrence Aviation Indus.*, No. 06-CV-4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011)).  "Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" *Id*. (quoting *Naguib v. Pub. Health Sols*., No. 12-CV-2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014)).

Courts typically "look to New York Rules of Professional Conduct for guidance on motions to withdraw." *Szulik v. Tag V.I., Inc.*, No. 12-CV-1827 (PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013) (citing *Joseph Brenner Assocs. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).  These Rules distinguish between permissive grounds for withdrawal and mandatory grounds for withdrawal.  *Szulik*, 2013 WL 6009945, at *1.

"Several courts have found that serious disagreements over litigation strategy and a breakdown in communication between attorney and client are grounds sufficient for withdrawal." *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19-CV-09649 (MKV), 2021 WL 119075, at *4 (S.D.N.Y. Jan. 13, 2021); *Whiting*, 187 F.3d at 322 (finding that "appellee's desire both to dictate legal strategies to his counsel and to sue counsel if those strategies are not followed places [counsel] in so impossible a situation that he must be permitted to withdraw"); *Marciano v. DCH Auto Grp.,* No. 11-CV-9635 (KMK), 2016 WL 11703590, at *2 (S.D.N.Y. Feb. 2, 2016) (granting motion to withdraw given the "complete rupture" and "breakdown in attorney-client relationship"); *Naguib*, 2014 WL 2002824, at *1 (granting motion to withdraw where plaintiff "fail[ed] to cooperate in the litigation process" and "the attorney-client relationship ha[d] broken

down"); *Liang v. Lucky Plaza Rest.*, No. 12-CV-5077 (PAC) (GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (granting motion to withdraw given the client's failure to cooperate in the prosecution of the case); *Munoz v. City of New York*, No. 04-CV-1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (finding "good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff" (citation omitted)); *see also* N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.16(c)(4) (noting that a lawyer may withdraw from representing a client when the client "insists upon taking an action with which the lawyer has a fundamental disagreement.").

Here, the Court has reason to believe that insurmountable differences exist between counsel and client and that the Motion to Withdraw was made in good faith. It is evident that the individual plaintiffs disagreed with their counsel as to whether certain documents executed in the course of prior litigation bars Plaintiffs' claims in this litigation. *See also* Dkt. No. 142. Counsel has also represented to the Court, during a status conference, that they attempted to outline their hesitation to their clients—the latter who staunchly disagree with their counsel's contentions and voiced a preference for litigating their claims on the merits. Indeed, as noted above, a number of Plaintiffs have since agreed to dismiss their claims with prejudice against all Defendants. *See* Dkt. Nos. 137-139, 148. The Court also observes that the remaining Plaintiffs are relying on legal advice from an attorney in Oregon. Dkt. No. 150 at ¶ 4. But despite current counsel's invitation, the Oregon attorney has declined to appear on behalf of the remaining plaintiffs and assume their representation. *Id.* at ¶¶ 5-6.

Finally, the Court notes that—though represented by counsel—numerous plaintiffs engaged in an unauthorized email campaign to this Court's Chambers mailbox, each making clear

that they disagree with their counsel's proposed course of action.[5]   In sum, the totality of circumstances clearly denotes that counsel and clients have insurmountable differences regarding litigation strategy.   The Court also notes that Plaintiffs' failure to locate successor counsel does not warrant a denial of counsel's motion to withdraw.  *See Karimian*, 2011 WL 1900092, at \*3 ("[A]lthough [the client] may face hurdles obtaining replacement counsel, this difficulty does not tip the scales in favor of denying the motion[.]") (record citation omitted).

This Court finds that such differences, in addition to the lack of a clear adverse effect on the proceedings, weigh in favor of withdrawal.  Plaintiffs' Motion to Withdraw is **GRANTED**.

### B.    Order to Show Cause

While some of the individuals Plaintiffs may be able to proceed *pro se* in this action, there is a legal impediment to certain Plaintiffs proceeding without legal counsel.  As outlined *supra*, Plaintiff Ronald Krick brings this action "individually and as personal representative" of the estate of his son Oliver Krick.  Dkt. No. 33 at ¶ 15.  Plaintiff Douglas Kevorkian brings this action "individually and as personal representative" of the estate of his father Ralph G. Kevorkian.  *Id.* at ¶ 18.  Plaintiff Wanda Kemp brings this action "individually and as personal representative" of the estate of her sibling O. Lamar Allen and as aunt of Ashton Allen.  *Id.* at ¶ 24.  Plaintiff Eileen

---

[5] Emails sent to the undersigned's chambers on September 9, 2024, September 10, 2024, and September 11, 2024, respectively, included the following verbatim language:

> Your Honor,
>
> I wish to express my objection to the withdrawal of Todd Walburg and Eric Snyder as my attorneys, and I request a hearing on my objection to their withdrawal from our case, and I have been unable to find replacement lawyers.
>
> I also understand that a pro bono attorney, at the request of Plaintiff [redacted], sent a 25-page legal brief on the issue of an attorney's ability to withdraw from cases to Mr. Walburg and Mr. Snyder. I ask that the court order my attorneys to file a copy of that brief as an attachment to their status report that is due on September 16, 2024.

Zaharioudakis brings this action "individually and as personal representative" of her sibling Donald E. Gough.  *Id.* at ¶ 26.

A person who is not an attorney may only represent themselves in a *pro se* action; they may not represent another entity.  *Grossetti v. Comm'r*, 19-CV-6784 (CM), 2019 WL 4688699, at *2 (S.D.N.Y. Sept. 26, 2019); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity.").  For this reason, "an administratrix or executrix of an estate may *not* proceed *pro se* when the estate has beneficiaries or creditors other than the litigant," *Pridgen*, 113 F.3d at 393 (emphasis added), because "the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings," *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998).

The Second Circuit has, however, carved out a narrow exception to this prohibition: "[A]n administrator can proceed *pro se* where an estate has neither creditors nor beneficiaries other than the administrator."  *Dasrath v. City of New York*, No. 15-CV-766, 2016 WL 11671528, at *4 (E.D.N.Y. Apr. 25, 2016) (Donnelly, J.) (citing *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)); *see also Hammond-Williams on behalf of Hammond v. Fuchs,* No. 21-CV-1121 (RA), 2021 WL 1947505, at *1 (S.D.N.Y. May 13, 2021).

Plaintiffs' own Second Amended Complaint (Dkt. No. 33) presents the Court with a conflict.  The Second Amended Complaint outlines that, at the very least, there may be other beneficiaries or survivors of the estates of the decedents outlined above whose interests may be affected by the outcome of the proceedings.  *See Iannaccone,* 142 F.3d 553 at 559.  For example, while Plaintiff Ronald Krick brings this action both individually and on behalf of Oliver Krick's estate, Plaintiffs Margareta Krick and Christopher Krick—mother and brother of Oliver Krick,

respectively—are also parties to this action. Dkt. No. 33 at ¶¶ 16-17.

Similarly, while Plaintiff Wanda Kemp brings this action both individually and on behalf of O. Lamar Allen and Ashton Allen's estates, Plaintiff Christine Grogan purports to be the daughter of O. Lamar Allen and is also a party to this action. *Id.* at ¶¶ 24-25.

Further, while Plaintiff Eileen Zaharioudakis brings this action both individually and on behalf of Donald E. Gough's estate, Plaintiff Michael Deteresa purports to be the nephew of Donald E. Gough and is also a party to this action. *Id.* at ¶¶ 26-27.

Finally, while Plaintiff Douglas Kevorkian is the only individual bringing an action individually and as a personal representative of the estate of Ralph G. Kevorkian, (*id.* at ¶ 18), it remains unclear at this juncture whether the estate of Ralph G. Kevorkian has "neither creditors nor beneficiaries other than the administrator." *Dasrath*, 2016 WL 11671528, at *4.

Typically, in such instances, courts have allowed the administrator the opportunity to make the necessary showing that they are the sole beneficiary of the decedent's estate, that there are no creditors, and that they are entitled to appear *pro se* in their capacity as estate administrator. *See id.*; *Hammond-Williams on behalf of Hammond v. Fuchs*, 2021 WL 1947505, at *1 (where the court ordered the plaintiff to show cause why they should be permitted to proceed *pro se*). But in *Hammond-Williams* (which this Court finds instructive), the plaintiff's response to the court's order to show cause (accomplished by filing a copy of the decedent's will) revealed that there were "in fact numerous beneficiaries to the estate"—including several family members. *Id.*

But unlike *Hammond-Williams* (where the court needed to review a will to determine whether beneficiaries existed), the Second Amended Complaint here reveals that Oliver Krick, O. Lamar Allen, and Donald E. Gough have several survivors (and perhaps as many beneficiaries). Dkt. No. 33 at ¶¶ 16-17, 24-27; *see also Naughton v. Naughton,* No. 11-CV-2865 (SLT) (LB),

2011 WL 3701972, at *2 (E.D.N.Y. Aug. 23, 2011) (where a plaintiff failed to allege that he was the sole beneficiary of his father's estate, that there were no creditors, and the complaint named seven children as heirs).  This Court has no reason to believe that Plaintiff Douglas Kevorkian does not also face a similar legal impediment.  *Id.* at ¶ 18.

In the interest of both fairness and prudence, Plaintiffs Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian are therefore **ORDERED TO SHOW CAUSE** by November 4, 2024 why they should be allowed to proceed *pro se* with this action on the relevant decedent's behalf.  Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian, respectively, may file, under penalty of perjury, a letter addressed to this Court affirming that (i) they are the sole beneficiary of the decedent's estate, (ii) there are no creditors, and (iii) where relevant, why the decedent's survivors do not defeat their status as beneficiaries.  Where applicable and beneficial to their argument, Plaintiffs may provide supporting documentation.

The Court notes that failure to comply with the above order may result in a *sua sponte* Report and Recommendation to the Honorable Ann. M. Donnelly, United States District Judge, recommending that Plaintiffs Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian be dismissed with leave to file an amended complaint through counsel within sixty days of adoption of a dismissal order.  *See Hammond-Williams on behalf of Hammond v. Fuchs*, 2021 WL 1947505, at *2.

Plaintiffs Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian may contact the *Pro Se* Office of the U.S District Court for the Eastern District of New York for assistance in submitting such letter to the Court.  The Court reminds all Plaintiffs that failure to follow court orders, even as a *pro se* litigant, may result in sanctions (including dismissal of this action).  *See e.g., S.E.C. v. Setteducate*, 419 F. App'x 23, 24 (2d Cir. 2011).

### C.    Individual Plaintiffs

Finally, it remains unclear to this Court whether individual Plaintiffs Margareta Krick, Christopher Krick, Craig Gaetke, Christine Grogan, and Michael Deteresa wish to proceed *pro se* and engage in dispositive motion practice.  A status conference will be held shortly to assess next steps in this litigation.  The Plaintiffs are encouraged to determine whether they wish to continue to participate in this litigation or dismiss their action without prejudice until successor counsel is located.  Should any of the Plaintiffs wish to dismiss their action, they may do so as an application to the Court.  The Court reminds all Plaintiffs that further extensions for the purpose of locating successor counsel will not be entertained in light of the numerous extensions already granted.

## III.    <u>CONCLUSION</u>

In light of the foregoing, the Motion to Withdraw at Docket No. 140 is **GRANTED**.  The Clerk of Court is respectfully directed to terminate Plaintiff's counsel of record on the docket.

Further, Plaintiffs Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian are hereby **ORDERED TO SHOW CAUSE** by November 4, 2024 why they should be allowed to proceed *pro se* with this action on behalf of decedents Oliver Krick, O. Lamar Allen and Ashton Allen, Donald E. Gough, and Ralph G. Kevorkian respectively.  Each of Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian shall file, under penalty of perjury, a letter addressed to this Court affirming that (i) they are the sole beneficiary of the decedent's estate, (ii) there are no creditors, and (iii) where relevant, why the decedent's survivors do not defeat their status as beneficiaries.  Where applicable and beneficial to their argument, Plaintiffs may provide supporting documentation.

The Court notes that failure to do so may result in a *sua sponte* Report and Recommendation to the Honorable Ann. M. Donnelly, United States District Judge,

recommending that Plaintiffs Ronald Krick, Wanda Kemp, Eileen Zaharioudakis, and Douglas Kevorkian be dismissed with leave to file an amended complaint through counsel within sixty days of adoption of a dismissal order.

The Clerk of Court is directed to (i) serve a copy of this Opinion and Order via first-class mail (where possible) and email and (ii) update each remaining Plaintiffs' contact information as outlined below:[6]

| MICHAEL DETERESA<br>7 Livingston Ave.,<br>Apt. 1702<br>New Brunswick, NJ 08901<br>Telephone: (732) 853-7933<br>Email: ultmtdad@aol.com | CRAIG GAETKE<br>11184 Antioch Road,<br>Unit 236<br>Overland Park, KS 66210<br>Telephone: (913) 325-5344<br>Email: gaetkecraig@gmail.com | CHRISTINE GROGAN<br>105 Fawn Drive<br>Shavano Park, TX 78231<br>Telephone: (917) 617-0141<br>Email: Cgrogan91@gmail.com |
|---|---|---|
| WANDA KEMP<br>913 Big Oak Circle,<br>Augusta, GA 30907<br>Telephone: (706) 306-1900;<br>(706) 650-1334<br>Email: Wkemp123@aol.com | DOUGLAS KEVORKIAN<br>12 An Thuong, Room 601<br>Da Nang, Vietnam 550000<br>Telephone: (747) 218-8308<br>Email:<br>Zebraone73@yahoo.com | CHRISTOPHER KRICK<br>2651 Citrus Lake Drive,<br>D-103<br>Naples, FL 34109<br>Telephone: (314) 518-8210<br>Email: Ckh2oski@gmail.com |
| MARGARETA KRICK<br>3403 Sun Bear Ct.<br>Wentzville, MO 63385<br>Telephone: (636) 327-0512<br>Email:<br>margretkrick@hotmail.com | RONALD KRICK<br>1003 Hemingway Ln.<br>Weldon Spring, MO 63304<br>Telephone: (314) 494-7479<br>Email: ronkrick@hotmail.com | EILEEN ZAHARIOUDAKIS<br>110 Park Lane<br>Sonoma, CA 95476<br>Telephone: (707) 280-3222<br>Email:<br>porkysonions@comcast.net |

Dated: Brooklyn, New York
     October 8, 2024

**SO ORDERED.**

*s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge

---

[6] The addresses set forth herein were provided by Plaintiffs' prior counsel on September 23, 2024. *See* Dkt. No. 151.