UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
**RONALD KRICK**, individually and on behalf of :
the estate of Oliver Krick; **MARGARETA KRICK**; :
**CHRISTOPHER KRICK**; **DOUGLAS** :
**KEVORKIAN**, individually and on behalf of the :
estate of Ralph Kevorkian; **CRAIG GAETKE**; : **MEMORANDUM**
**WANDA KEMP**, individually and on behalf of the : **DECISION AND ORDER**
estates of O. Lamar Allen and Ashton Allen; :
**CHRISTINE GROGAN**; **EILEEN** : 23-CV-8093 (AMD) (JAM)
**ZAHARIOUDAKIS**, individually and behalf of the :
estate of Donald Gough; **MICHAEL DETERESA**; :
**CHARLES HENRY GRAY, IV**; and :
**CHADWICK GRAHAM GRAY**, :
:
                Plaintiffs, :
:
     – against – :
:
**RAYTHEON COMPANY**; **RAYTHEON** :
**TECHNOLOGIES CORPORATION**; :
**LOCKEED MARTIN CORPORATION**; :
**UNITED STATES MISSILE DEFENSE** :
**AGENCY**; **UNITED STATES DEPARTMENT** :
**OF DEFENSE**; **UNITED STATES NAVY**; **DOES** :
**1 THROUGH 20**; and **UNITED STATES**. :
:
                Defendants. :
-------------------------------------------------------------- X
**ANN M. DONNELLY**, United States District Judge:

     Before the Court is the plaintiffs'[1] appeal of Magistrate Judge Joseph A. Marutollo's October 8, 2024 order granting the plaintiffs' former counsel's motion to withdraw. (ECF No. 155.)[2] For the reasons discussed below, the plaintiffs' appeal is denied.

---

[1] The moving plaintiffs are Wanda Kemp, Christine Grogan, Eileen Zaharioudakis, Michael Deteresa, Ronald Krick, Margareta Krick, Douglas Kevorkian, and Craig Gaetke. Although Christopher Krick also appeals Judge Marutollo's decision, the parties represented in an August 15, 2024 status update that Christopher Krick "notified Plaintiffs' counsel that he has terminated their legal representation and has elected to proceed *pro se*." (ECF No. 144 at 1.)

[2] The defendants have not replied to the plaintiffs' appeal, and the time for doing so has passed. (*See* ECF Order dated Oct. 26, 2024.)

## BACKGROUND

On June 28, 2022, the plaintiffs, represented by Bailey & Glasser LLP, brought this action against Raytheon Company ("Raytheon"), Lockheed Martin Corporation ("Lockheed Martin"), the United States, and Does 1 through 20, alleging claims for negligence, gross negligence, wrongful death, survivorship, product liability for failure to warn, and manufacturing defect. (ECF No. 33 ¶¶ 105–148.) On June 14, 2024, the plaintiffs' counsel — Todd A. Walburg, Benjamin L. Bailey, Christopher D. Smith, Eric B. Snyder, John J. Roddy, Leslie A. Brueckner, and Scott B. Baez, along with their firm Bailey & Glasser LLP — moved to withdraw because counsel and the plaintiffs had "reached an impasse as to the strategy of the case," and because the plaintiffs' lead counsel, Todd A. Walburg, moved to a new law firm which could not assume the representation. (ECF No. 140 at 2.) The plaintiffs' lawyers do not seek a retaining or charging lien. (*Id*.) Judge Marutollo discussed the motion and the case in general with the parties at conferences on June 24, 2024 and August 22, 2024. (*See Minute Entries dated June 24, 2024 and Aug. 22, 2024.*)[3]

After counsel filed their motion to withdraw, the plaintiffs consistently represented that they were "currently in discussions with potential law firms to appear on their behalf." (*Minute Entry dated June 24, 2024*). They also asked for multiple extensions of time to retain counsel, which Judge Marutollo granted. (*ECF Orders dated July 8, 2024, Aug. 22, 2024*.)

---

[3] At the June 24, 2024 conference, counsel for the government gave a preview of what the defendants planned to argue in their motions to dismiss: "While each of the defendants' motions to dismiss are probably going to be unique . . . all of them will share in common the issue that the plaintiffs released everybody from any possible suit known or unknown in the future in signing these releases in accepting payments from Boeing back in 2000 and 2001. We addressed this issue with the Court back in December. Plaintiffs' counsel is well aware of it." Counsel advised Judge Marutollo that one of the plaintiffs' attorneys "approached" Raytheon's counsel "about his clients offering to voluntarily dismiss their lawsuits in exchange for us, the defendants, not seeking indemnity under the terms of the releases."

On September 10 and 11, 2024, six plaintiffs — Wanda Kemp, Christopher Krick, Ronald Krick, Margareta Krick, Dr. Christine Grogan, and Douglas W. Kevorkian — sent almost identical emails to Judge Marutollo's chambers.  Each objected to permitting their lawyers to withdraw as counsel, said that they were "unable to find counsel," and asked Judge Marutollo to order their lawyers to file a "legal brief" written by a "pro bono" attorney.  Two of the plaintiffs asked for hearings but did not explain the bases of their objections.

In a comprehensive opinion on October 8, 2024, Judge Marutollo determined that there were "insurmountable differences [] between counsel and client" (ECF No. 152 at 9), and granted the motion to withdraw (*id.* at 14.)  Judge Marutollo concluded that the "withdrawal here will not adversely affect the timing of the proceedings" (*id.* at 7) because although the court had set a briefing schedule, "neither dispositive motion practice nor discovery have begun."  (*Id.* at 7 (citing *Ghesani v. Trico VIII Petroleum, Inc.*, No. 03-CV-9854, 2005 WL 3117485, at *1 (S.D.N.Y. Nov. 22, 2005); *Farmer v. Hyde Your Eyes Optical*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) (citations omitted)).)  In addition, Judge Marutollo found that "counsel's proffered rationale for withdrawal — that the individual plaintiffs and their counsel 'have reached an impasse as to the strategy of the case' — militates in favor of withdrawal."  (ECF No. 152 at 7–8 (quoting ECF No. 140 at 2).)  The impasse centered on the viability of the case: whether the terms of the plaintiffs' previous settlement with Boeing, TWA, and Hydro-Aire in the Southern District of New York precluded this lawsuit.  (ECF No. 152 at 4 n.3 (citing *In Re Air Crash off Long Island*, No. 96-CV-7986 (S.D.N.Y. Oct. 24, 1996)).)[4]  The plaintiffs,

---

[4] Other plaintiffs had already dismissed their claims with prejudice, as Judge Marutollo also observed. (*See* ECF No. 152 at 1 n.1.)  At the August 22, 2024 conference, Judge Marutollo advised the plaintiffs to consider withdrawing their claims, given the possibility that the defendants may "move for costs," "as most defendants would after . . . defeating what they consider to be a frivolous motion." (Transcript of Aug. 22, 2024 Status Conference 19:04-06, ECF No. 149.)

3

however, disagreed "as to whether certain documents executed in the course of prior litigation bars Plaintiffs' claims in this litigation." (ECF No. 152 at 9 (citing ECF No. 142 (Defendants' Motion for an Extension of Time to File Motions to Dismiss)).) The plaintiffs "staunchly disagree[d]" with counsel's positions and "voiced a preference for litigating their claims on the merits." (ECF No. 152 at 9.) Moreover, the plaintiffs were "relying on legal advice from an attorney in Oregon," who nevertheless "declined to appear on behalf of the remaining plaintiffs and assume their representation." (*Id.*) Finally, Judge Marutollo cited the plaintiffs' emails to chambers, in which they expressed their disagreement with "counsel's proposed course of action." (*Id.* at 9–10.) These circumstances, Judge Marutollo concluded, "weigh in favor of withdrawal." (*Id.* at 10.)

On October 21, 2024, Stephani Ayers appeared as the plaintiffs' new counsel "solely and strictly" for the purpose of appealing Judge Marutollo's October 8, 2024 order. (ECF No. 154 at 2.)[5] On appeal, the plaintiffs claim that Judge Marutollo did not "elaborat[e] on the nature of the impasse, the specific strategies in contention, or how this disagreement materially affects counsel's ability to effectively represent the plaintiffs," that there was "no evidence presented detailing any communication breakdown or the efforts made to resolve disagreements with the plaintiffs." (ECF No. 155 at 7.)

### DISCUSSION

Pursuant to 28 U.S.C. § 636(b), "a judge may designate a magistrate judge to hear and

---

[5] A lawyer from Ms. Ayers's firm, Guyer & Ayers, sent the plaintiff's lawyers a "lengthy document, stamped 'DRAFT ONLY,' [and] titled 'Plaintiffs' Opposition to Motion to Withdraw,'" which the plaintiffs wanted counsel to submit to Judge Marutollo. (ECF No. 150 at 1.) Presumably, this is the "legal brief" to which the plaintiffs referred in their emails to Judge Marutollo. Ms. Ayers and other lawyers at her firm have emphasized that they will not represent the plaintiffs on the substantive litigation; they seek only to compel previous counsel to represent the plaintiffs. Ms. Ayers does not explain why she did not file a notice of appearance on the case while Judge Marutollo was considering the motion to withdraw.

4

determine any pretrial matter pending before the court" with or without the consent of the parties. *See Gonzalez v. Rakkas*, 846 F. Supp. 229, 231 (E.D.N.Y. 1994) (citing *Brown v. Univ. Heights Mgmt. Co.*, No. 93-CV-4588, 1993 WL 385733, at *2 (S.D.N.Y. Sept. 28, 1993) (consent of parties not required for reference under 28 U.S.C. § 636(b))). Judge Marutollo, an eminently able jurist, has been designated to oversee the pretrial matters in this case. This designation does not require the plaintiffs' consent.

A district judge must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a); *see* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-CV-811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation omitted). Rule 72(a) provides "a highly deferential standard of review" and "imposes a heavy burden on the objecting party." *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112, 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (citation omitted).

As an initial matter, there is no merit to the plaintiffs' claim that the motion to withdraw "under circumstances where the plaintiffs oppose the withdrawal and would be left without representation[] is a dispositive matter requiring de novo review." (ECF No. 155 at 3.) In fact, the decision to permit an attorney to withdraw is non-dispositive and discretionary. *See, e.g.*,

*Wagner Farm Props., LLC v. Tri-State Solarcrete, LLC*, No. 09-CV-485, 2010 WL 11541929, at *1 (N.D.N.Y. Dec. 6, 2010) (recognizing that an order on a motion to withdraw as attorney is a non-dispositive order "to be modified or set aside by the district judge assigned to the case only where 'the magistrate judge's order [is] found to be clearly erroneous or contrary to law.'" (citing Fed. R. Civ. P. 72(a))); *Nielsen v. N.Y.C. Dep't of Educ.*, No. 04-CV-2182, 2007 WL 1987792, at *2 (E.D.N.Y. July 5, 2007) (finding that the magistrate judge's order granting a "motion to withdraw as counsel for Plaintiff was reasonable and not clearly erroneous" where the attorney could "no longer effectively communicate with [the plaintiff]" and the plaintiff threatened the attorney and hindered the attorney's ability to conduct discovery).  That analysis does not change simply because the plaintiffs have been unable to find new counsel.  As Judge Marutollo observed, "Plaintiffs' failure to locate successor counsel does not warrant a denial of counsel's motion to withdraw."  (ECF No. 152 at 10 (citing *Karimian v. Time Equities, Inc.*, No. 10-CV-3773, 2011 WL 1900092, at *3 (S.D.N.Y May 11, 2011 ("[A]lthough [the client] may face hurdles obtaining replacement counsel, this difficulty does not tip the scales in favor of denying the motion[.]" (record citation omitted))).)

      Withdrawal of counsel is governed by Local Civil Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Local Civ. R. 1.4.[6]

---

[6] As Judge Marutollo noted, the Local Civil Rules in effect as of October 15, 2021 are the applicable rules.  (ECF No. 152 at 6 n.4.)

"Hostility or irreconcilable differences between the attorney and the client are sufficient to warrant a withdrawal." *Nielsen*, 2007 WL 1987792, at *1 (citation omitted); *see also Gatsby Yacht Grp., LLC v. M/Y "EAST BOUND & DOWN*," No. 18-CV-4242, 2020 WL 13581726, at *1 (E.D.N.Y. Oct. 16, 2020) ("[C]ourts within this district have consistently held that, while Local Rule 1.4 requires a court order to withdraw, when a party agrees to terminate counsel, the order to withdraw should issue except under the most compelling circumstances." (citation omitted)).

Significantly, the plaintiffs do not deny that the attorney-client relationship had broken down, nor could they do so persuasively. Indeed, the disagreement at issue here was fundamental: the feasibility of continuing the litigation. The plaintiffs claim, however, that Judge Marutollo had no authority to grant the application because counsel did not also file an affidavit. (*See* ECF No. 155 at 9–10 ("An application for withdrawal 'must be supported by an affidavit and a showing of satisfactory reasons sufficient to constitute cause for withdrawal.'" (quoting *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 657 B.R. 382, 387–88 (Bankr. S.D.N.Y. 2024))) (internal quotation marks and citation omitted).) The plaintiffs did not make this objection to Judge Marutollo. In any event, this Court's Local Rules, in effect at the time of the motion, permit a court to grant a motion to withdraw "upon a showing by affidavit *or otherwise* of satisfactory reasons for withdrawal." Local Civ. R. 1.4 (emphasis added). The information that Judge Marutollo had — counsel's motion, the discussions at court appearances, and the plaintiffs' representations about the state of the attorney-client relationship — provided "satisfactory reasons for withdrawal," and no affidavit was necessary. *See*, *e.g.*, *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764, 2023 WL 8759834, at *2 (S.D.N.Y. Dec. 19, 2023) (finding "fundamental disagreements[] including

7

regarding legal strategy" in attorney-client relationship based on the motion to withdraw, plaintiffs' *ex parte* email and letter objecting to withdrawal, and representations during an *ex parte* conference).

In their motion, the plaintiffs' attorneys explained that they had "reached an impasse as to the strategy of the case," and that the lead attorney, Todd A. Walburg, was "moving to a new law firm . . . that is not able to take on the representation." (ECF No. 140 at 2.) At the June 24, 2024 conference, which the plaintiffs attended, the plaintiffs' counsel reiterated "that they attempted to outline their hesitation to their clients." (ECF No. 152 at 9.) The plaintiffs did not object or claim that counsel needed to provide more detail at that point. Nor did they object on any ground when Judge Marutollo asked at the August 22, 2024 conference whether the plaintiffs had anything to say about the motion to withdraw, including the potential consequences if he were to grant the motion.[7] (*See, e.g.*, Transcript of Aug. 22, 2024 Status Conference 18:20–19:12, ECF No. 149 ("[THE COURT:] The Court . . . is inclined to grant th[e] motion[ to withdraw]. When that happens, the plaintiffs need to keep in mind that their claims may inherently be extinguished . . . So I don't know if there's any thoughts here from any of the pro se plaintiffs about what I'm discussing.").) Dr. Christine Grogan stated only that she was surprised that plaintiffs' counsel were seeking to withdraw. (*Id.* 20:13-24 ("DR. GROGAN: . . . [T]he Federal Court in Boston . . . the judge there felt . . . there was room for this to be relooked upon. And so we believed our counsel was all in based on this conversation, so it was quite a surprise for the withdrawal.").)[8]

---

[7] This portion of the record refutes the plaintiffs' assertion that Judge Marutollo did not give them a chance to object to the motion to withdraw.

[8] Judge Marutollo granted multiple extensions of time to permit the plaintiffs to retain new counsel. (*See ECF Orders dated July 8, 2024, Aug. 22, 2024.*)

8

In fact, the plaintiffs confirmed the breakdown of the relationship. Significantly, as Judge Marutollo noted, the plaintiffs were "relying on legal advice from an attorney in Oregon" rather than their own counsel (ECF No. 152 at 9), which standing alone, is evidence that the attorney client relationship had deteriorated. It was apparently that "legal advice" that prompted the plaintiffs to email their objections to Judge Marutollo. Indeed, in those emails, the plaintiffs asked that the judge order their lawyers to do something the lawyers had already declined to do: file a brief written by other lawyers who are not admitted in this District, had not filed a notice of appearance, and have specified that they will not represent the plaintiffs on the underlying case.[9] The plaintiffs do not cite the legal basis upon which Judge Marutollo could have issued such an order, nor can the Court discern one, but the fact that the plaintiffs wanted Judge Marutollo to interfere in their relationship with their lawyers demonstrates a breakdown of the relationship.

Under these circumstances, Judge Marutollo's decision to permit counsel to withdraw was reasonable, and indeed the only rational conclusion to be drawn from this record. *See Naguib v. Pub. Health Sols.*, No. 12-CV-2561, 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (granting motion to withdraw as attorney where "[b]oth [the attorney's] motion and plaintiff's opposition reflect that the attorney-client relationship has broken down"). This Court will not disturb that thoughtful and well-reasoned decision on appeal.[10]

---

[9] The plaintiffs fault Judge Marutollo because he did not consider this brief, but do not cite any legal basis for him to have done so or explain why current counsel could not have filed a notice of appearance and represented the plaintiffs at that point.

[10] The plaintiffs raise numerous other objections, including that prior counsel violated the Rules of Professional Responsibility, that they had a "fiduciary duty" to continue representing the plaintiffs and that their contract with the plaintiffs did not permit withdrawal. (ECF No. 155 at 12–14.) The plaintiffs did not make these claims to Judge Marutollo, so the Court declines to address them, except to say that they do not appear to have merit.

9

## CONCLUSION

The plaintiffs' appeal of Judge Marutollo's October 8, 2024 order granting the motion to withdraw is denied.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                                    _____
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
         November 20, 2024