UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD KRICK, ET AL., | Docket No. 1:23-cv-08093-AMD-JAM |
| Plaintiffs, | |
| v. | Brooklyn, New York<br>Monday, December 16, 2024<br>3:00 p.m. |
| RAYTHEON COMPANY, ET AL., | |
| Defendants. | |

TRANSCRIPT OF ZOOM CONFERENCE
BEFORE THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | T.M. Guyer and Ayers & Friends, PC<br>STEPHANI AYERS, ESQ.<br>PO Box 1061<br>Medford, Oregon 97501<br>813-382-7865 |
| For the Defendant, United States: | DOJ-Civ<br>Torts Branch<br>ROBERT KELLY, AUSA<br>P.O. Box 14271<br>Washington, D.C. 20044<br>202-626-4031 |
| For the Defendant, United States: | DOJ-Civ<br>Aviation, Space & Admiralty Litigation<br>JILL ROSA, AUSA<br>PO Box 14271<br>Washington, D.C. 20044<br>202-307-2013 |
| For the Defendant, United States: | DOJ-Civ<br>Aviation, Space & Admiralty<br>EMMA K. HILDEBRAND, AUSA<br>170 N Street NE<br>Washington, D.C. 20002 |

| | |
|---|---|
| | 202-305-9300 |
| For the Defendant, Lockheed Martin Corporation: | Wilson Elser Moskowitz Edelman & Dicker LLP<br>WILLIAM J. KATT, ESQ.<br>555 East Wells Street<br>Suite 1730<br>Milwaukee, Wisconsin 53202<br>414-276-8816 |
| For the Defendant, Lockheed Martin Corporation: | Wilson, Elser<br>KATHRYN A. GRACE, ESQ.<br>8444 Westpark Drive, Suite 510<br>McLean, Virginia 22102<br>703-245-9300 |
| For the Defendant, Lockheed Martin Corporation: | Wilson Elser Moskowitz Edelman & Dicker LLP<br>JOHN KELLY, ESQ.<br>150 E 42nd Street<br>New York, New York 10017<br>212-915-5848 |
| For the Defendant, Raytheon Company: | Fitzpatrick & Hunt, Tucker, Collier, Pagano, Aubert LLP<br>RALPH VINCENT PAGANO, ESQ.<br>Tower 49, Twelve East 49th Street<br>31st Floor<br>New York, New York 10017<br>212-937-4000 |
| Also Present: | Shane Nichols, Esquire<br>Margaret Krick, Plaintiff<br>Chris Krick, Plaintiff<br>Michael Deteresa, Plaintiff<br>Christine Grogan, Plaintiff<br>Wanda Kemp, Plaintiff |
| Transcription Service: | Superior Reporting Services LLC<br>P.O. Box 5032<br>Maryville, TN 37802<br>865-344-3150 |

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

P R O C E E D I N G S

THE CLERK: On Docket Number 23-cv-8093, Krick versus Raytheon Company. Will the parties please state their appearances for the record, starting with the plaintiff.

MS. AYERS: Yes. Hello. This is Stephani Ayers, counsel for the plaintiffs.

MR. R. KELLY: This is Robert Kelly for the United States. I'm joined by Jill Rosa and Emma Hildebrand.

MR. KATT: William Katt of Wilson Elser on behalf of Lockheed Martin. Also Katherine Grace on behalf of Lockheed Martin and John Kelly on behalf of Lockheed Martin.

MR. PAGANO: Ralph Pagano from the Fitzpatrick, Hunt, and Pagano for Raytheon Company. Also with me is Shane Nichols, who is not yet admitted pro hac vice but is participating as an observer in the call.

THE COURT: Good afternoon, everyone. Can I ask the individual plaintiffs, if you're on the call here as well, can you also identify yourselves? You may have to unmute yourselves.

MR. KRICK: Margaret and Chris Krick are here.

MR. DETERESA: Michael Deteresa.

THE COURT: Ms. Kemp, I think you just have to unmute yourself.

THE CLERK: Hi, Judge. Christine Grogan is on the line.

Also, I think she's having some difficulties, but she's here as well.

THE COURT: Okay. Thank you. I think I see her there. And Ms. Kemp, I think you're off mute now, but I'll note for the record that you're on as well.

Anyone else need to identify themselves? All right. So --

UNIDENTIFIED SPEAKER: I apologize, Judge. I'm on. I had to switch over. My work computer is on Teams, and it doesn't like Zoom. You know how they play around with our technology.

THE COURT: Not a problem. Understood. Thank you.

So again, we're here really for a status conference as a number of things have happened in recent months. I know we had a conference a few months ago on a variety of topics. I think it may make sense just to have a bit of an overview.

If I can ask Robert Kelly, the senior trial counsel, just to provide an overview of where things stand from the Government's perspective at this stage.

MR. R. KELLY: Yes, Your Honor. Thank you so much for agreeing to schedule this conference on such short notice for us. We are now one year long into the case being here in the Eastern District of New York. We had a hearing last year on December 12, 2023, before Judge Donnelly, in which we were trying to set a schedule for dispositive motions and to move

this case forward. As we approached that point in time where we were getting ready to do our briefing, obviously the issue of counsel for the plaintiffs withdrawing became front and center, and from June until the present day we've been, you know, wrestling with that issue.

Obviously, Bailey Glasser is no longer involved in the case. They have withdrawn, and we are confronted with the problem that we have pro se estate plaintiffs who, frankly, probably should be dismissed at this point in time because under 2nd Circuit Case Law, pro se plaintiff should not be allowed to go forward if there is any estate issue, i.e., a beneficiary, creditors, or other relatives who aren't being represented by the pro se plaintiff acting as personal representative.

With the plaintiffs' most recent filings in response to the Court's show cause order, there's obviously a whole slew of other issues that have arisen which have to a certain extent confirmed some of the suspicions that we had earlier about procedural failings on behalf of the plaintiffs a long time ago with regard to reopening the estates and having personal representatives properly appointed.

And then we need to deal with the very real fact that the defendants would like to get this case moving, and we would like to go to dispositive motions, but we don't know against whom we will be filing dispositive motions. So here

we are in front of you today asking for guidance and resolution of the show cause order in addition to trying to plan things out for how 2025 is going to go and how to get this case across the finish line for all of us. Because it is three years now that this case has been going against the United States starting with administrative claims in 2021, and we are actually now further away from that finish line than we were one year ago.

THE COURT: I take the Government's point here, and I agree that litigation under Federal Rule of Civil Procedure One should move in a just and speedy fashion. Here there have been delays, and I appreciate that there are good faith arguments that were raised, but I also agree that things have to get moving now to bring this case to a resolution one way or another. Let me ask, though, from the Government's perspective, based on my review of the submission, it seems like the only plaintiff who is at least claiming to be the sole beneficiary of an estate is Mr. Douglas Kevorkian. Is that right?

MR. R. KELLY: I'm not even sure if I read it that way, Your Honor. Obviously, Mr. Kevorkian was the son of Captain Kevorkian, the pilot on TWA Flight 800. I rereviewed the release that we have from Boeing, and it indicated two names, two possible beneficiaries, Mr. Kevorkian and also Captain Kevorkian's surviving spouse, who is his stepmother.

Her name is Cristine Enlow. So I'm not sure if that even falls within the category of a single beneficiary estate. Obviously, Ms. Enlow would have the right to recover any money that would be recovered by the estate should this case go forward. So, we don't necessarily agree that that estate even qualifies under applicable 2nd Circuit Case Law.

THE COURT: Is Mr. Kevorkian on the line?

MR. KATT: Your Honor, this is William Katt on behalf of Lockheed. In light with your question on who's on the line, I noticed that Ms. Ayers is on the line and indicated she was counsel. And my understanding was she was only counsel for a limited appearance, and that dealt with the issue of the withdrawal of Mr. Walburg. And now I see that she's on here and made an appearance. So is there a different appearance now, or the question, what's the status --

THE COURT: Just to be clear. Perhaps I missed this earlier. Ms. Ayers, did you identify yourself as making a formal notice of appearance here?

MS. AYERS: I identified myself as counsel for plaintiffs. Yes, Your Honor. And we did have a limited appearance, that's true, and we've not yet modified that, but depending on the outcome of this status conference we intend to modify the scope of our representation. My hope is they will move the case along, file their motions to dismiss.

We'll, you know, survive those, and then there will be more attorneys coming in to help these victims. So the --

THE COURT: I guess --

MS. AYERS: -- this is over releases. Why hasn't it then been filed? Just file it.

THE COURT: Well, Ms. Ayers, I appreciate that, you know, at least as of right now it appears you had appeared for purposes really about appealing my earlier decision, which has been resolved by the district judge, but -- so, let me ask you this, Ms. Ayers. Are you representing the plaintiffs now in this case?

MS. AYERS: The plaintiffs have asked me to represent them on a limited scope of items because these things aren't my specialty. An estate issue that has been kind of sua sponte raised by the Court is not, like, our bailiwick.

THE COURT: Well, I mean, just to be clear, the issue of the estate is really only relevant for, at least at this stage, for purposes of whether the plaintiff can proceed pro se. So I mean, if the plaintiff is represented by counsel, we can have the briefing schedule immediately. I mean, we can have that -- that discussion becomes moot.

MS. AYERS: Okay. I mean, with -- I'm not, you know, a specialist in estate law. So we didn't want to come in here and say, you know, we have all the answers for you as

to members of the estate, but in terms of simple motions to dismiss on releases --

MR. KATT: Your Honor. I --

MS. AYERS: -- (indiscernible) by multiple people to litigation. We're in a position to do that. So, yeah, we would be modifying to represent the plaintiffs in this case.

MR. KATT: Your Honor. Again, this is William Katt for Lockheed. I mean, if they want to get an attorney, that's fine, but this issue of I'm in or I'm out or I'm not in, it's impossible for the defendants to respond. That's the whole problem with the case.

MS. AYERS: Hey, sir --

THE COURT: Hang on. Just a second. Continue, counsel.

MS. AYERS: That's ridiculous. Sorry.

THE COURT: Hang on. So --

MR. KATT: It's impossible for the defendants to respond to that issue. I also note that Mr. Stalcup is on the phone. Mr. Stalcup isn't counsel. He's not a party. He is an individual who has been --

MS. AYERS: What are you afraid of?

MR. KATT: -- kind of the lead --

THE COURT: Well, hang on.

MS. AYERS: If there's nothing to hide --

MR. KATT: Hey --

THE COURT: Hang on.

MR. KATT: Excuse me.

MS. AYERS: -- what are you afraid of, sir?

THE COURT: Ma'am. Excuse me. Just to be clear, as in all court proceedings, I'm only going to have one person speak at a time. Only the counsel or, in this situation, if there's a pro se plaintiff, and that may not be pro se anymore, we'll address it accordingly.

In terms of other people that are on the line, this is a public proceeding. So they're certainly welcome to join the line. That doesn't mean they can speak, but they can certainly be on the line.

MR. KATT: Thank you for the clarification, judge. That's all I wanted.

THE COURT: And let me just be clear here. On October 21st, Ms. Ayers, you filed a notice of limited appearance.

MS. AYERS: Correct.

THE COURT: And it related to objections for the order to show cause, and it indicated that the limited appearance is solely and strict for the following purpose as agreed to with the plaintiff as indicated on the undersigned notice of motion to admit to counsel pro hac vice and granted on the same date. To represent said plaintiffs on the Rule 72 Appeal of the Magistrate's Order and to ask the district

judge to require that Bailey & Glasser represent them, at least until the conclusion of the motion to dismiss phase of this case.

So I think, you know, again, my understanding is that that period is over, right? I mean, that has been ruled upon now. You've made the objection or the appeal. The district judge has ruled on it. Bailey & Glasser is no longer an attorney in the case.

So, Ms. Ayers, I think, you know, the next step here is motion practice. So I think, what -- tell me if there's an objection here, but I order you, Ms. Ayers, to file a new notice of appearance today, really, if you could, December 16th.

And then in terms of the next steps, I'll also hear from the pro se or the plaintiffs there -- perhaps they're no longer pro se -- who have been seeking an attorney. But the next steps in my view would just be continuing with the briefing schedule or reasserting the briefing schedule, and we can see where things stand. I'll ask Mr. Kelly to opine on that as the other defendants, and we can proceed accordingly.

But first let me hear from, Ms. Ayers.

MS. AYERS: Okay, Your Honor. I mean, as far as dispositive motions and terms of motion dismiss based on the pleadings, understood. But in terms of any motions for

summary judgment, of course we'd want the right to discovery. We believe we're entitled to it, and we would be making a request that there be adequate time to do that before any summary judgment dispositive deadline comes in. But otherwise, in terms of a motion to dismiss, that's completely fine. And we'll --

THE COURT: Let me hear from Mr. Kelly. Robert Kelly.

MR. R. KELLY: Judge, just to go back to the initial kind of topic that was covered here. I believe Mr. Kevorkian, the purported personal representative of the estate of Ralph Kevorkian, lives in Vietnam. We did send notice by email and also via letter to all of these plaintiffs upon getting this scheduled. I don't know if that got to him or not, but we did send it. We didn't get anything bounced back from him. So this might just be -- his lack of presence here might just be the end result of him living on the far side of the world from the rest of us here.

THE COURT: All right. Thank you for the clarification.

MS. AYERS: Judge. Can I just --

THE COURT: Well, hold on just a second. Let me just -- Mr. Kelly, go ahead.

MR. R. KELLY: I'm frankly at a loss for where we are procedurally with Ms. Ayers in her appearance here. Has

she said that she will now appear on behalf of both the individual plaintiffs and the estate plaintiffs for purposes of this case as a whole? So she is now taking over Bailey & Glasser's representation? Or is she still in this limited appearance world that she's alleging is proper within the Eastern District of New York despite the fact that we found no evidence that an attorney can specially appear for a limited purpose in the Eastern District of New York?

THE COURT: That's a fair question, and I'm --

MR. KATT: It is.

THE COURT: Let me hear from Ms. Ayers.

MS. AYERS: Well, Your Honor, I noticed that when we did the status conference update, the Government didn't take a position on that as to whether we could do a limited appearance. So, like I've said, we are going to represent them in terms of dispositive motions. If that vitiates the issue of whether they have counsel in terms of estate, then that's the issue. You said they can't proceed pro se without a lawyer. In terms of that, they've got a lawyer here. We'll represent them for those purposes so they don't get dismissed based on some technicality like that.

We had every right to rely on the prior counsel to make sure the estates were in the proper state to proceed. The individual plaintiffs are each consulting with our own estate's person as well to make sure that they're all in good

stead. And, you know, we're suggesting that they're anxious to get the case moving, then they should file their motion to dismiss based on the releases, and we will file a response to that.

MR. R. KELLY: And just to --

THE COURT: And, well, hang on just a second.

MR. R. KELLY: -- okay.

THE COURT: I mean, just to be clear that the schedule was in place, right? I mean, the defendants' motions were due to be filed July 12th. The plaintiffs' oppositions were due to be filed August 23rd. The defendants' replies were due to be filed September 27th. Then on June 24th we had a status conference, which stemmed from a request to withdraw.

So, I mean, this is -- you know, I'm not going to blame the defendants here for any delay, nor am I going to blame Ms. Ayers for any delay or the individual plaintiffs here. Ultimately, counsel withdrew, and that put us sidetracked a bit for a period.

But it would appear to me that, you know, at this stage, Ms. Ayers, again, I'm going to order her to file a notice of appearance. I agree with the Government. I mean, I think perhaps there may have been some allowance for a limited appearance for purposes of the objection, at least at that stage, but now at this stage, you know, especially as

we're not talking about these real estate issues anymore, I mean, this -- you know, we're at the motion to dismiss phase. There's no limited appearance, at least from what I understand in the local rules, that would allow Ms. Ayers to just appear for some limited moment here.

So again, I'll order Ms. Ayers to file a notice of appearance by later today, which is December 16th.

In terms of the briefing schedule, you know, I think it's fair that I can set that schedule now. It may be referred to me for report and recommendation, or it may be in front of Judge Donnelly, but either way I can set the schedule just to kind of keep this case moving.

Let me ask the Government. I don't think you served the motion the last time. Is that right?

MR. R. KELLY: Correct, Your Honor. We had not gotten to the point yet where we were in a position to file the motions. Judge Donnelly had pointed out that she did not participate in the bundling rule under the Eastern District of New York, and since we were pending before her, we were, you know, following her individual practices.

THE COURT: Right. So --

MR. R. KELLY: I --

THE COURT: -- how much time would you need to then serve your motion?

MR. R. KELLY: Well, it's kind of a strange

situation here because we're dealing with new facts that, unfortunately in -- because this is the Government involved -- new facts that are dealing with sovereign immunity. And so one of the issues that we've raised previously is our belief that these estates weren't properly reopened and that there's never been anybody who was appointed as the personal representative of these estates.

Now with Ms. Kemps -- specifically with her filing and along with the filing from the Kricks, we have further evidence to believe that these estates were never reopened and that people weren't properly appointed as personal representatives. And that implicates 12(b)(1) and our sovereign immunity because, you know, the United States is only waiving its sovereign immunity for the purposes of whether or not somebody could bring a case if it was a private party, you know, that basic level of the statute.

So when we were originally dealing with the issue of statute of limitations and potentially releases, now we're also very much dealing with standing and whether or not these plaintiffs have come forward and are capable of bringing this lawsuit.

So we got brand new issues that we need to deal with here that we haven't previously considered. And on top of it, not to make things even more complicated, all of the defendants here, I believe, agree that this case should be

brought under Rule 9(h) of the Federal Rules of Civil Procedure as an admiralty case.

In fact, the 2nd Circuit Court of Appeals without specifically saying it was an admiralty case definitely analyzed it as an admiralty case back in 2000 when it heard the appeal on Boeing's Death on the High Seas Act motion, which kind of set in line all of the settlements that were to come later.

These plaintiffs initially styled this as a Federal Tort Claims Act, but that's not applicable if it is an admiralty case, and there are different rules for standing under admiralty potentially than there would be under New York State law.

So this get a lot more complicated before it gets less complicated. And so what we had talked about internally was whether or not there's a way that the Court can create some sort of staggered briefing schedule so that we can address one issue at a time or two or three discrete issues at a time so that we could present a 10-or-15-page motion as opposed to a 50-or-75-page motion which would be behemoth and frankly overly complicated given the posture of the case.

THE COURT: Well, let me do this because as a practical matter as most of you are aware, I'm a magistrate judge in this case, so I'm overseeing only certain portions of this case.

The dispositive motion itself is presided over by Judge Donnelly unless she refers it to me for report and recommendation, which she may or may not do.

I think the best bet now is -- now that we know that Ms. Ayers is going to be representing the plaintiffs, I think what I would ask is that Ms. Ayers, again, file a notice of appearance, today, then, I think, by Wednesday the parties should file a letter, a joint letter, to Judge Donnelly outlining how they would like this to be briefed.

Now, again, if you can't agree to language in the joint letter, you can each have your own sections of the letter and file it accordingly and I'll ask it to be filed by 5:00 p.m. on Wednesday. And in that joint letter, again, it should just outline the points you've raised, Mr. Kelly, and any points you would like to make as well, Ms. Ayers and also the co-defendants, any points that need to be raised there in terms briefing, in terms of scheduling. Because, again, I don't want to, you know, agree to a schedule, and have everyone on the same page and then Judge Donnelly may have a different view, and ultimately, she's the presiding judge here. So I don't want to add to the confusion in this litigation.

All right. So does that make sense? Any issues with that plan?

MS. AYERS: I just have a quick question --

THE COURT: Sure.

MS. AYERS: -- Your Honor. In your show cause order, you said, you know, file these certain specifications, and then if they don't meet what I think you should meet, then I'll dismiss, but with leave to file an amended complaint. So the Government's been representing you just said you would dismiss if they didn't file what you were looking for. But I think what you're saying is that issue is now over, and they can raise whatever they want in terms of estates and a motion to dismiss, but --

THE COURT: Not exactly. I mean, first, I think my language was that I would issue a sua sponte report and recommendation about if the plaintiffs could not appear, right? If they were appearing as improperly under 2nd Circuit Case Law, if a pro se plaintiff was appearing on behalf of an estate, then as a procedural matter I would sua sponte on that issue alone, argue to Judge Donnelly effectively that the case -- at least those plaintiffs would be unable to continue in this litigation.

I think what Mr. Kelly is describing is something a bit different here because this isn't about whether they can proceed without an attorney. It's about whether they have standing, which I think is appropriate for a motion to be decided by the district judge in this case.

MS. AYERS: Correct. Okay. I mean, we would like

the whole bundle, I mean, as one, I mean, obviously. The staggered motions to dismiss are just going to delay further. I thought they wanted this thing moving. Just this and then this and then this. So, we prefer it all bundled up.

THE COURT: Okay. It's a fair point and it's something I think it may make sense, particularly as the parties have a better understanding of, you know, that there's counsel now involved and the like to confer today or tomorrow and see if you can reach an agreement on exactly what you'd like to do.

The only suggestion I would make is that, as Mr. Kelly commented earlier, Judge Donnelly does not -- or has a bundling rule. So this would be service of the briefs and then filing upon the fully issued brief being served, and then we could proceed accordingly.

And in terms of the individual, the non-attorneys on the line, future conferences you're welcome to join, but only counsel would be speaking, and if Judge Donnelly wants to have a conference, again, you're welcome to join any public proceeding, but only the attorneys would be speaking.

All right. Anything else to raise at this point?

MS. AYERS: No, Your Honor.

MR. KATT: Nothing from Lockheed, Your Honor.

MR. R. KELLY: Nothing from the Government, Judge.

MR. PAGANO: Nothing from Raytheon, Your Honor.

THE COURT: Okay. And Ms. Ayers, I think you're still getting ECF bounces anyway. So there will be a minute entry here shortly regardless. And again, I would just ask going forward -- I appreciate particularly the individuals without lawyers could email my chambers. I would just again ask you not to do that any further. Any communication needs to be on the docket, and now it needs to be through your attorney. Okay.

All right. Thanks very much then. We're adjourned.

(Proceedings adjourned at 3:26 p.m.)

TRANSCRIBER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Becky Bennett February 3, 2025

________________________________ _____________________

Becky Bennett DATE

Legal Transcriber