# Exhibit 5

*In re: Estates of Donald E. Gough*, No. CV96-05099, Order Settling Final Account and for Final Distribution of Estate of Donald E. Gough (2d Judicial Dist. Ct. for the State of Nevada in and for the County of Washoe, Aug. 26, 1999)



ORIGINAL FILED

'99 AUG 26 A9:29

DOCUMENT CODE 2770
L. Robert LeGoy, Esq.
Nevada Bar #698
Michaelle D. Rafferty, Esq.
Nevada Bar #5097
WALTHER, KEY, MAUPIN, OATS,
  COX, KLAICH & LeGOY
3500 Lakeside Court, Suite 200
Reno, NV  89509
(775) 827-2000
Attorneys for The Executor

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

In the Matter of the Estate of

Donald E. Gough,                          CASE NO. CV96-05099

                                          DEPT. NO. PR

                Deceased.
_____/

ORDER SETTLING THIRD AND FINAL ACCOUNT AND
FOR THE FINAL DISTRIBUTION OF THE ESTATE

The Petition of William E. Smith (the "Petitioner") for the settlement of the third and final account and for final distribution of the estate came on regularly for hearing this day. No person having appeared to contest the Petition, and on proof duly made to the satisfaction of the Court, the Court now finds the following:

1.    Notices of the hearing on the Petition have been duly given as required by law.  An Affidavit of Mailing of the Notices of Hearing has been filed with the Clerk of the Court.

2.    Donald E. Gough (the "Decedent"), died testate on July 17, 1996.  At the time of his death he was a resident of Incline Village, Washoe County, Nevada and left a Will and an estate in the State of Nevada subject to probate administration.

1.

3. The Decedent's Will dated January 17, 1983 was admitted to probate on September 12, 1996. The Petitioner was appointed the Executor of the Decedent's Will and estate, to serve without bond. Letters Testamentary were issued to him on the same day. The Petitioner has served as the Executor of the Decedent's Will and estate since that date.

4. Notice to Creditors has been given for the time and in the manner required by law, and the time for filing or presenting claims has expired. All claims have been paid.

5. Federal and state estate tax returns have been filed for the Decedent's estate, and the taxes shown due thereon have been paid. The returns have been audited, and the Petitioner has been released from personal liability for estate taxes payable by the estate.

6. All federal and state income tax returns due on behalf of the Decedent and the estate as of the date of this Petition have been filed, and the taxes shown due thereon have been paid. Any additional income tax returns due on behalf of the Decedent and the estate will be timely filed, and the taxes shown due thereon will be timely paid. The returns that have been filed have been audited, and the Petitioner has been released from personal liability for federal and state income tax liabilities due from the Decedent and the estate.

7. On February 19, 1997, Petitioner filed an Inventory, Appraisement, and Record of Value. A Supplement to Inventory, Appraisement, and Record of Value was filed on February 26, 1997,

2.

and a Second Supplement to Inventory, Appraisement and Record of Value was filed on March 4, 1997. In addition, a First Amendment to Article III of the Inventory, Appraisement and Record of Value was filed on March 13, 1997. The Inventory along with the various supplements and amendment constitutes all of the assets of the Decedent's probate estate subject to probate administration in the State of Nevada. The First Account and Second Account were previously filed and approved by the Court. The Petitioner has taken all actions approved pursuant to the Court's Orders relating to the First Account and Second Account.

8. The Third And Final Account of the Petitioner is in order and should be settled, allowed, and approved as filed.

9. On February 17, 1999, Petitioner filed a Stipulation executed between Petitioner and Erik E. Gough, individually and as Administrator of the Decedent's California estate. The Stipulation provided that Erik E. Gough released Petitioner from liability for any actions or inactions of Petitioner as Executor in exchange for Petitioner not renewing his Executor's liability insurance at an expense to the estate. In addition, Erik E. Gough agreed to take responsibility for any additional taxes and for pursuing any wrongful death and/or personal injury actions on behalf of the estate and relieved Petitioner of responsibility for the same. The Stipulation should be approved and confirmed as filed.

9. Petitioner has rendered valuable services as Executor and is entitled to statutory commissions. The Petitioner's statutory commissions total Seven Thousand, One Hundred Twenty-Four and

3.

35/100 Dollars ($7,124.35).  The Court has previously approved preliminary payments of Executor's ordinary commissions in the amount of Six Thousand, Seven Hundred Forty and no/100 Dollars ($6,740.00).  The remaining balance of the statutory commissions in the amount of Three Hundred Eighty-Four and 35/100 Dollars ($384.35) should be approved.

10.  The law firm of Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy, the attorneys for the Co-Executors and the estate, is entitled to reasonable compensation for legal services rendered on behalf of the estate.  The law firm has filed a Fourth And Final Application of Allowance for Attorneys' Fees and Costs requesting fees of Three Thousand, Eight Hundred Nineteen and 26/100 Dollars ($3,819.26) and costs advanced of One Hundred Eighteen and 61/100 Dollars ($118.61).  The Application is in order and should be approved as filed.

11.  The estate is in a condition to be closed and should be distributed in accordance with the Decedent's Will.  The Decedent's Will provides for the distribution of the estate to Erik E. Gough The remaining assets of the probate estate, together with any other assets of the Decedent or of the estate that are not now known or discovered, should be distributed to Erik E. Gough pursuant to this provision.

Based upon the above, the Court now orders the following:

A.  All the acts and transactions of the Petitioner, as Executor of the Decedent's Will and estate, as disclosed in the Petition and Third and Final Account, are confirmed and approved

4.

without need for further accounting.

B.    The Stipulation entered into between the Petitioner, as Executor of the Decedent's Will and estate, filed February 17, 1999 is hereby approved.

C.    The Petitioner is authorized to satisfy the remaining balance of statutory Executor's commissions in the amount of Three Hundred Eighty-Four and 35/100 Dollars ($384.35).

D.    The Application of Allowance for Attorneys' Fees and Costs filed by the law firm of Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy is hereby approved and filed.    The Petitioner is authorized to pay the law firm the sum of Three Thousand, Nine Hundred Thirty-Seven and 87/100 Dollars ($3,937.87) as requested in the Application.

D.    The estate, together with any other assets of the Decedent or of the estate that are not now known or discovered shall be distributed in accordance with the Decedent's Will to Erik E. Gough

E.    Upon the filing of the Receipts of Distribution, the estate is to be closed without any further accounting.

Dated this _____ day of _____, 1999.

_____
District Judge

Order submitted by:
Walther, Key, Maupin, Oats,
   Cox, Klaich & LeGoy

By _____
    Michaelle D. Rafferty, Esq.
    Nevada Bar No. 5097

5.

CERTIFIED COPY

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

DATE: _____ 01/23/2025 _____

ALICIA L. LERUD, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada.

By _____ Deputy

___5___ Pages

**ORIGINAL**

FILED

'99 OCT 25 P3:21

AMY HARVEY, CLERK

BY _____ DEPUTY

DOCUMENT CODE 1535
L. Robert LeGoy, Esq.
Nevada Bar #698
Michaelle D. Rafferty, Esq.
Nevada Bar #5097
WALTHER, KEY, MAUPIN, OATS,
  COX, KLAICH & LeGOY
3500 Lakeside Court, Suite 200
Reno, NV  89509
(775) 827-2000
Attorneys for The Executor

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

In the Matter of the Estate of

Donald E. Gough,

CASE NO. CV96-05099

DEPT. NO. PR

Deceased.
_____/

### DECREE OF DISCHARGE

William E. Smith, Executor of the above-entitled estate, having fully administered the estate, having paid all sums of money due from him, having distributed all of the property of the estate to the persons entitled thereto pursuant to the Order of the Court decreeing the final distribution of the estate, and having performed all acts lawfully required of him, is hereby released and discharged from all liability hereafter incurred in matters relating to the estate.  The estate, being completely distributed, is hereby settled and closed, and William E. Smith is discharged as Executor.

DATED this ___ day of October, 1999.

_____
DISTRICT JUDGE

1.

Submitted by:

Walther, Key, Maupin, Oats,
    Cox, Klaich & LeGoy

By _Michaelle D. Rafferty_
    Michaelle D. Rafferty, Esq.
    Nevada Bar #5097

3500 Lakeside Court, Suite 200
Reno, Nevada  89509
(775) 827-2000

Attorneys for the Executor

2.

CERTIFIED COPY

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

DATE: _____ 01/23/2025 _____

ALICIA L. LERUD, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada.

By _____ Deputy

____2____ Pages