# Exhibit 7

*In re: Estate of Ralph G. Kevorkian*, No. A184515, Probate Excerpts for Estate of Ralph G. Kevorkian (Superior Ct. of Cal., Orange County, filed Sept. 25, 1996)

**ORIGINAL**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

Wayne Rash, Esq., SBN 86663     (714) 542-3500
Dracup & Patterson, A Law Corporation
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705

ATTORNEY FOR (Name):   CHRISTINE ENLOW

6344727

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS:   341 The City Drive
MAILING ADDRESS:   P. O. Box 14171
CITY AND ZIP CODE:   Orange, CA 92613-1571
BRANCH NAME:   Probate Division

**F I L E D**
ORANGE COUNTY SUPERIOR COURT

SEP 25 1996

ALAN SLATER, Executive Officer/Clerk
M. Moore
BY M. MOORE

ESTATE OF (NAME): RALPH G. KEVORKIAN

DECEDENT

PET 27C MIN 313

CASE NUMBER:
**A184515**

HEARING DATE:
11-7-96

DEPT.: 703     TIME: 1:45 pm

| PETITION FOR | | |
|---|---|---|
| PETITION FOR<br><br>(For deaths after<br>December 31, 1984) | ☐ Probate of Will and for Letters Testamentary<br>☐ Probate of Will and for Letters of Administration<br>  with Will Annexed<br>☒ Letters of Administration<br>☐ Letters of Special Administration<br>☒ Authorization to Administer Under the Independent<br>  Administration of Estates Act ☐ with limited authority | |

1. Publication will be in (specify name of newspaper): California Newspaper Service Bureau
   a. ☒ Publication requested.
   b. ☐ Publication to be arranged.

   *Wayne Rash*
   (Signature of attorney or party without attorney)

2. **Petitioner** (name of each): CHRISTINE ENLOW
   **requests**
   a. ☐ decedent's will and codicils, if any, be admitted to probate.
   b. ☒ (name): CHRISTINE ENLOW
      be appointed (1) ☐ executor          (3) ☒ administrator
                   (2) ☐ administrator with will annexed   (4) ☐ special administrator
      and Letters issue upon qualification.
   c. ☒ that ☒ full ☐ limited  authority be granted to administer under the Independent Administration of Estates Act.
   d. ☐ bond not be required for the reasons stated in item 3d.
      ☒ $775,600.00  bond be fixed. It will be furnished by an admitted surety insurer or as otherwise provided by law. (Specify reasons in Attachment 2d if the amount is different from the minimum required by Probate Code, § 8482.)
      ☐ $           in deposits in a blocked account be allowed. Receipts will be filed. (Specify institution and location):

3. a. Decedent died on (date): July 17, 1996  at (place): Ocean off East Moriches, Long Island, New York
      ☒ a resident of the county named above.
      ☐ a nonresident of California and left an estate in the county named above located at (specify location permitting publication in the newspaper named in item 1):
   b. Street address, city, and county of decedent's residence at time of death:
      11222 Caroleen Lane, Garden Grove, Orange County, California
   c. Character and estimated value of the property of the estate
      (1) Personal property ..................................$   565,000.00
      (2) Annual gross income from
         (i) ☒ real property       ...............$     9,600.00
         (ii) ☐ personal property  ........$
                     Total ..............$   574,600.00
      (3) Real property: $ 201,000.00   (If full authority under the Independent Administration of Estates Act is requested, state the fair market value of the real property less encumbrances.)
   d. ☐ Will waives bond. ☐ Special administrator is the named executor and the will waives bond.
      ☐ All beneficiaries are adults and have waived bond, and the will does not require a bond. (Affix waiver as Attachment 3d.)
      ☐ All heirs at law are adults and have waived bond. (Affix waiver as Attachment 3d.)
      ☐ Sole personal representative is a corporate fiduciary.

PA02                                   (Continued on reverse)

Form Approved by the
Judicial Council of California
DE-111 [Rev. July 1, 1989]

**PETITION FOR PROBA**

| ESTATE OF (NAME): | | CASE NUMBER: |
|---|---|---|
| RALPH G. KEVORKIAN | DECEDENT | |

3. e. [X] Decedent died intestate.
   [ ] Copy of decedent's will dated: [ ] codicils dated: are affixed as Attachment 3e.
   [ ] The will and all codicils are self-proving *(Probate Code, 8220-8221).*

   f. **Appointment of personal representative** *(check all applicable boxes)*

   > *Attach a typed copy of a holographic will and a translation of a foreign language will.*

   (1) Appointment of executor or administrator with will annexed
   [ ] Proposed executor is named as executor in the will and consents to act.
   [ ] No executor is named in the will.
   [ ] Proposed personal representative is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 3f(1).)*
   [ ] Other named executors will not act because of [ ] death [ ] declination [ ] other reasons *(specify in Attachment 3f(1)).*

   (2) Appointment of administrator
   [X] Petitioner is a person entitled to Letters. *(If necessary, explain priority in Attachment 3f(2).)*
   [ ] Petitioner is a nominee of a person entitled to Letters. *(Affix nomination as Attachment 3f(2).)*
   [X] Petitioner is related to the decedent as *(specify):* Wife

   (3) [ ] Appointment of special administrator requested. *(Specify grounds and requested powers in Attachment 3f(3).)*

   g. Proposed personal representative is a [X] resident of California [ ] nonresident of California *(affix statement of permanent address as Attachment 3g)* [X] resident of the United States [ ] nonresident of the United States.

4. [ ] Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.

5. a. The decedent is survived by
   (1) [X] spouse [ ] no spouse as follows: [ ] divorced or never married [ ] spouse deceased
   (2) [X] child as follows: [X] natural or adopted [ ] natural adopted by a third party [ ] step [ ] foster
   [ ] no child
   (3) [ ] issue of a predeceased child [X] no issue of a predeceased child

   b. Petitioner [X] has no actual knowledge of facts [ ] has actual knowledge of facts reasonably giving rise to a parent-child relationship under Probate Code section 6408(b).

   c. [X] All surviving children and issue of predeceased children have been listed in item 8.

6. *(Complete if decedent was survived by (1) a spouse but no issue (only a or b apply); or (2) no spouse or issue. Check the first box that applies):*
   a. [ ] The decedent is survived by a parent or parents who are listed in item 8.
   b. [ ] The decedent is survived by issue of deceased parents, all of whom are listed in item 8.
   c. [ ] The decedent is survived by a grandparent or grandparents who are listed in item 8.
   d. [ ] The decedent is survived by issue of grandparents, all of whom are listed in item 8.
   e. [ ] The decedent is survived by issue of a predeceased spouse, all of whom are listed in item 8.
   f. [ ] The decedent is survived by next of kin, all of whom are listed in item 8.
   g. [ ] The decedent is survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed item 8.

7. *(Complete only if no spouse or issue survived the decedent)* Decedent [ ] had no predeceased spouse [ ] had a predeceased spouse who (1) [ ] died not more than 15 years before decedent owning an interest in **real property** that passed to decedent,
   (2) [ ] died not more than five years before decedent owning **personal property** valued at $10,000 or more that passed to decedent,
   (3) [ ] neither (1) nor (2) apply. *(If you checked (1) or (2), check only the **first** box that applies):*
   a. [ ] The decedent is survived by issue of a predeceased spouse, all of whom are listed in item 8.
   b. [ ] The decedent is survived by a parent or parents of the predeceased spouse who are listed in item 8.
   c. [ ] The decedent is survived by issue of a parent of the predeceased spouse, all of whom are listed in item 8.
   d. [ ] The decedent is survived by next of kin of the decedent, all of whom are listed in item 8.
   e. [ ] The decedent is survived by next of kin of the predeceased spouse, all of whom are listed in item 8.

8. **Listed in Attachment 8** are the names, relationships, ages, and addresses of all persons named in decedent's will and codicils, whether living or deceased, and all persons checked in items 5, 6, and 7, so far as known to or reasonably ascertainable by petitioner, **including** stepchild and foster child heirs and devisees to whom notice is to be given under Probate Code section 1207.

9. [ ] Number of pages attached:

Date: September 15, 1996

▶ *Christine Enlow*
––––––––––––––––––––––––––––––
(SIGNATURE OF PETITIONER*)

▶ ––––––––––––––––––––––––––––––
(SIGNATURE OF PETITIONER*)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: September 15, 1996

CHRISTINE ENLOW ▶ *Christine Enlow*
–––––––––––––––––––––––––––– ––––––––––––––––––––––––––––
(TYPE OR PRINT NAME) (SIGNATURE OF PETITIONER*)

* All petitioners must sign the petition. Only one need sign the declaration.

**PETITION FOR PROBATE**

DE-111 [Rev. July 1, 1989]

Page two
CEB

Matter of Estate of Ralph G. Kevorkian

# ATTACHMENT 8 TO PETITION FOR PROBATE

| Name & Address | Relationship | Age |
|---|---|---|
| Christine Enlow<br>11222 Caroleen Lane<br>Garden Grove, CA 92841-1310 | Wife | Over 18 |
| Douglas Kevorkian<br>316 Second Avenue, Apt. 2A<br>New York, NY 10013 | Son | Over 18 |

M:\DOCS\1863\ATTACHME.NT8

# ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Wayne Rash, Esq., SBN 86663 (714) 542-3500<br>Dracup & Patterson, A Law Corporation<br>505 N. Tustin Avenue, Suite 282<br>Santa Ana, CA 92705 | | |
| ATTORNEY FOR (Name): CHRISTINE ENLOW | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P. O. Box 14171
CITY AND ZIP CODE: Orange, CA 92613-1571
BRANCH NAME: Probate Division

FILED
ORANGE COUNTY SUPERIOR COURT
JAN 1 7 1997
ALAN SLATER, Executive Officer/Clerk
BY M. LITTLE

ESTATE OF (NAME): RALPH G. KEVORKIAN

**DECEDENT**

## ORDER FOR PROBATE

ORDER APPOINTING
- [ ] Executor
- [ ] Administrator with Will Annexed
- [X] Administrator   [ ] Special Administrator
- [X] Order Authorizing Independent Administration of Estate
  - [X] with full authority   [ ] with limited authority

**iTHIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED**

CASE NUMBER:

A184515

1. Date of hearing: Nov. 7, 1996   Time: 1:45 p.m.   Dept/Rm: 703,   COMMISSIONER GALE P. HICKMAN

**THE COURT FINDS**

2. a. All notices required by law have been given.
   b. Decedent died on (date): July 17, 1996
      (1) [X] a resident of the California county named above
      (2) [ ] a nonresident of California and left an estate in the county named above
   c. Decedent died
      (1) [X] intestate
      (2) [ ] testate and decedent's will dated:
          and each codicil dated:
          was admitted to probate by Minute Order on (date):

**THE COURT ORDERS**

3. (Name): CHRISTINE ENLOW
   is appointed **personal representative**:
   a. [ ] Executor of the decedent's will
   b. [ ] Administrator with will annexed
   c. [X] Administrator
   d. [ ] Special Administrator
      (1) [ ] with general powers
      (2) [ ] with special powers as specified in Attachment 3d
      (3) [ ] without notice of hearing

   and letters shall issue on qualification.

4. a. [X] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [ ] Bond is not required.
   b. [X] Bond is fixed at: $ 810,600.00   to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $   are ordered to be placed in a blocked account at (specify institution and location):
      and receipts shall be filed. No withdrawals shall be made without a court order.

6. [ ] (Name):   is appointed probate referee.

Date: JAN 14 1997

7. [ ] Number of pages attached:

BILL B. SCANE PROBATE REFEREE PACIFIC COAST HWY 1100 BEACH CA

JUDGE OF THE SUPERIOR COURT
COMMISSIONER GALE P. HICKMAN
[ ] Signature follows last attachment.

ORDER FOR PROBATE

Form Approved by the
Judicial Council of California
DE-140 [Rev July 1, 1988]

Probate Code, 329

CEB

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Wayne Rash, Esq., SBN 86663   (714) 542-3500
Dracup & Patterson, A Law Corporation
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705

ATTORNEY FOR (Name):   CHRISTINE ENLOW

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P. O. Box 14171
CITY AND ZIP CODE: Orange, CA 92613-1571
BRANCH NAME: Probate Division

ESTATE OF (NAME): RALPH G. KEVORKIAN

DECEDENT

**FILED**
ORANGE COUNTY SUPERIOR COURT
FEB 25 1997
ALAN SLATER, Executive Officer/Clerk
*M. Moore*
BY M. MOORE

### LETTERS

| TESTAMENTARY | [X] OF ADMINISTRATION | CASE NUMBER: |
|---|---|---|
| OF ADMINISTRATION WITH WILL ANNEXED | SPECIAL ADMINISTRATION | A184515 |

### LETTERS

1. [ ] The last will of the decedent named above having been proved, the court appoints (name):

   a. [ ] Executor
   b. [ ] Administrator with will annexed

2. [x] The court appoints (name):
**CHRISTINE ENLOW**

   a. [X] Administrator of the decedent's estate
   b. [ ] Special administrator of decedent's estate
     (1) [ ] with the special powers specified in the Order for Probate
     (2) [ ] with the powers of a general administrator

3. [X] The personal representative is authorized to administer the estate under the Independent Administration of Estates Act [X] with full authority
[ ] with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

WITNESS, clerk of the court, with seal of the court affixed.

Date: FEB 25 1997
ALAN SLATER
Clerk, by *Marsha Moore*, Deputy
MARSHA MOORE

(SEAL)

### AFFIRMATION

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 1140 (b)).

2. [X] INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. [ ] INSTITUTIONAL FIDUCIARY (name):

   **I solemnly affirm** that the institution will perform the duties of personal representative according to law.
   I make this affirmation for myself as an individual and on behalf of the institution as an officer.
   (Name and title):

4. Executed on (date): October 30, 1996
   at (place): Garden Grove, CA .California.

➤ *Christine M. Enlow*
   (SIGNATURE)

### CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

(SEAL)

Date:
Clerk, by

(DEPUTY)

Form Approved by the
Judicial Council of California
DE-150 [Rev. July 1, 1988]

**LETTERS**
**(Probate)**

Probate Code, 463, 465, 501, 502, 540
Code of Civil Procedure, 2015.6

CEB

Edmund J. Bradley (CSBM#60637)
1055 N. Main Street, Suite 401
Santa Ana, California  92701
Tele: (714) 558-4845
Fax:  (714) 558-0216

Attorney for Jeannine Yates, Creditor



FILED
ORANGE COUNTY SUPERIOR COURT

SEP 0 4 1998

ALAN SLATER, Executive Officer/ Clerk

BY  J. HANSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

Probate Division

| Estate of | A 184515 |
| --- | --- |
| RALPH G. KEVORKIAN, | NOTICE OF PENDENCY OF ACTION |
| | (Probate Code section 9354) |
| Deceased. | |

To: Christine Enlow, Administrator Of The Estate of the above-named decedent, and her attorneys of record:

NOTICE IS HEREBY GIVEN that on July 10, 1998, there was commenced in the Orange County Superior Court the case entitled "JEANNINE YATES, Plaintiff, vs. CHRISTINE ENLOW, individually, and in her capacity as administrator of the estate of Ralph G. Kevorkian, deceased, Does 1-20, inclusive, Defendants", docket number 796766, and such action is now pending in that court and cause.  The action seeks, among other things, declaratory relief relating to a property settlement agreement entered into between Jeannine Yates and the decedent.

Dated: September 2, 1998

Edmund J. Bradley, Attorney for
Plaintiff Jeannine Yates

-1-

## PROOF OF SERVICE

I, the undersigned, declare:

I am over the age of eighteen (18) years, and not a party to this action. My business address is 1055 North Main Street, Ste. 401, Santa Ana, California 92701.

On September 2, 1998, I served the foregoing NOTICE OF PENDENCY OF ACTION on the parties to this action by depositing copies thereof enclosed in a seal envelope with postage thereon fully prepaid in the United States Mail at Santa Ana, California, addressed as follows:

Christine Enlow
c/o Wayne Rash, Esq.
Dracup & Patterson, A Law Corp.
505 N. Tustin Avenue, Ste. 282
Santa Ana, California  92705

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed this 2nd day of September, 1998, at Santa Ana, California.

_Karen F. Bradley_
Karen F. Bradley

-2-

Wayne Rash, Esq., State Bar No. 86663
DRACUP & PATTERSON, A Law Corporation
505 N. Tustin Ave., Suite 282
Santa Ana, CA 92705
(714) 542-3500  Fax (714) 542-6865

Attorneys for Petitioner
CHRISTINE ENLOW



FILED
ORANGE COUNTY SUPERIOR COURT
AUG 1 8 1999
ALAN SLATER, Executive Officer/ Clerk
BY M. LITTLE

# SUPERIOR COURT OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

| | |
|---|---|
| Estate of | Case No. A184515 |
| RALPH G. KEVORKIAN, | ORDER SETTLING FIRST AND AND FINAL ACCOUNT AND DIRECTING FINAL DISTRIBUTION |
| Deceased. | Date: August 17, 1999<br>Time: 9:00 a.m.<br>Dept: L73 |

The First and Final Account and Petition for Final Distribution and Order for Administrator's and Ordinary and Extraordinary Attorney's Fees of Petitioner Christine Enlow came on regularly for settlement of the account and hearing of the Petition by this court on August 17, 1999 at 9:00 a.m. in Department L73 before Hon. LEONARD I. BAUMGARTEN PRO TEM judge presiding. There were no appearances.

On evidence given to the satisfaction of the court, the court makes the following findings:

1. Notice of the time and place of the hearing was given as required by Probate Code sections 1220, 11000 and 11601.

2. The account and report cover the period from July 17, 1996 to June 30, 1999, inclusive.

1

ORIGINAL

Order Settling First and Final Account and Petition

3. Notice to Creditors has been given as required by law. There are no known or reasonably ascertainable creditors of the estate. More than four months have elapsed since the date Letters Testamentary were first issued to the personal representative.

4. One claim was filed against the estate on March 6, 1997 on behalf of Decedent's ex-wife Jeannine Yates in an amount not determined with respect to obtaining her share of certain nonprobate retirement plan assets of Decedent from Decedent's former employment as an airline pilot with Transworld Airlines. That claim has been withdrawn based upon a settlement into which Petitioner Christine Enlow and Ms. Yates entered in December, 1998 for an allocation and division of the subject retirement plan assets, without requiring any contribution from Decedent's probate estate..

5. No federal estate tax and no personal property taxes are due in the estate.

6. The personal representative has in her possession belonging to the estate, after deducting the credits to which she is entitled, a balance of property on hand in the amount of $924,258.43, of which $612,308.43 is in cash and/or cash equivalents.

7. The estate is in a condition to be closed. All debts and expenses of administration except closing expenses; reimbursement of costs advanced by and statutory commission to the personal representative; and statutory and extraordinary fees to the attorneys for the personal representative have been paid. The sum reasonably necessary to pay closing expenses is $5,000.00 to be retained as a reserve from the property in the estate for the cost of preparation of the estate tax return being filed for the estate and for the cost of preparation of the final federal and California state income tax returns for the estate for calendar year 1999 and any tax obligation owing thereon which will become due and payable in calendar year 2000.

8. The personal representative is entitled to a total statutory commission for ordinary services of $20,138.20, as well as reimbursement for costs advanced by petitioner on behalf of the estate in the total sum of $8,355.89. The personal representative should be

2

Order Settling First and Final Account and Petition

allowed $20,138.20 in payment of the statutory commission to which she is entitled and $8,355.89 as reimbursement for costs advanced by her on behalf of the estate.

9.      Dracup & Patterson, as attorneys for the personal representative, are entitled to a total statutory fee for ordinary services of $20,138,20 .  Dracup & Patterson should be allowed $20,138.20 in payment of the statutory fee to which Dracup & Patterson are entitled.

10.     Dracup & Patterson, as attorneys for the personal representative, have performed extraordinary services for the benefit of the estate and should be allowed an additional compensation of $4,000.00 for such extraordinary services.

11.     The property in the estate should be distributed as set forth below.

12.     All allegations of the petition not specifically included in the foregoing findings are true.

IT IS ORDERED that:

1.      The report of Christine Enlow as personal representative of the Estate of Ralph G. Kevorkian, Deceased, is approved and all acts and transactions of the personal representative relating to the matters in the report are ratified and confirmed, and the final account covering the period from July 17, 1996 to June 30, 1999, inclusive, is settled and allowed as filed.

2.      Christine Enlow, as personal representative of the estate, is allowed $20,138.20 as the statutory commission for ordinary services, and she is authorized to withdraw that sum from the funds of the estate and to pay it to herself.  The personal representative is also entitled to reimbursement for costs advanced by the personal representative on behalf of the estate in the total sum of $8,355,89 and she is authorized to withdraw that sum from the funds of the estate and to pay it to herself.

3.      Dracup & Patterson, as attorneys for the personal representative of the estate, are allowed $20,138.20 as the statutory fee for ordinary services, and Christine Enlow as the personal representative is ordered to withdraw that sum from the funds of the estate and to pay

3

it to Dracup & Patterson.

4. Dracup & Patterson, as attorneys for the personal representative of the estate, are allowed additionally $4,000.00 as compensation for extraordinary services, and Christine Enlow as the personal representative is ordered to withdraw that sum from the funds of the estate and to pay it to Dracup & Patterson.

5. The personal representative is authorized to withhold $5,000.00 for the purpose of paying closing expenses. Any portion of that sum not so used shall be distributed equally to the beneficiaries of the Decedent's estate, Christine Enlow and Douglas Kevorkian.

6. Decedent's portion of the only community property asset of the estate, the 1988 Mercedes Benz 300E (VIN WDBEA30D7JA600788), shall be distributed to Christine Enlow, Decedent's surviving spouse. After payment or withholding of the amounts set forth in Paragraphs 2 through 5, inclusive, of this Order, the following property of the estate is to be distributed equally between Christine Enlow and Douglas Kevorkian, except for the sum of Seventy-Five Thousand Dollars ($75,000) of Douglas Kevorkian's distributive share which he has assigned to Flora Hedley for repayment of an advance to him in that amount as reflected in a Partial Assignment filed on or about December 1, 1997 in this case, and therefore the sum of Seventy-Five Thousand Dollars ($75,000.00) shall be paid to Flora Hedley and deducted from the distributive share of Douglas Kevorkian in the estate:

(a) Washington Mutual estate checking account number 876-089970-5 in the amount of $23,634.23.

(b) Franklin Templeton California Tax-Free Income Fund Account No. 112-11219287799 consisting of 82,217.068 shares in the amount of $588,674.20.

(c) Real property located at 24462 Martha Street, Woodland Hills, CA 91367, and more particularly described as Lot 64, Tract No. 26846, City of Los Angeles, County of Los Angeles, as per map recorded in Book 715 pages 74 to 79 inclusive of maps in the office of the Los Angeles County Recorder.

4

Order Settling First and Final Account and Petition

(d) Undeveloped lot of real property, described as Lot 41, Clear Lake Beach, Sub. #A, Lake County, CA (APN # 033-042-260).

(e) 1983 Suncrest Class "C" motor home (VIN 1FDKE30L0DHB 14668).

(f) Various household furniture and furnishings.

(g) Handguns and rifles.

(h) Fishing pole, skis, and related outdoor recreational items.

(i) 1979 Suzuki 1000 motorcycle (VIN GS1000520264).

7.    All other property of decedent not distributed above, whether described above or not, is distributed equally to Christine Enlow and Douglas Kevorkian.

8.    The personal representative shall be entitled to discharge upon filing proper receipts and an affidavit of final discharge.

Dated:    **AUG 1 8 1999**

_____
Judge/Commissioner of the Superior Court
**LEONARD I. BAUMGARTEN** PRO TEM

g-docs-1863\Order.first.final.account.petition.distribution

5

Order Settling First and Final Account and Petition

8

Wayne Rash, Esq., SBN 86663
DRACUP & PATTERSON
505 North Tustin Avenue
Suite 282
Santa Ana, California 92705
(714)542-3500

Attorney for Petitioner
CHRISTINE ENLOW

FILED
ORANGE COUNTY SUPERIOR COURT

AUG 1 0 1999

ALAN SLATER, Executive Officer/Clerk

BY M. LITTLE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

In the Matter of Estate of            )     Case No. A 184515
                                      )
RALPH G. KEVORKIAN                    )
                                      )     DECLARATION OF WAYNE RASH
              Decedent.               )     IN SUPPORT OF REQUEST FOR
                                      )     EXTRAORDINARY ATTORNEY'S
                                      )     FEES
                                      )
                                      )     Date:  August 17. 1999
                                      )     Time:  9:00 a.m.
                                      )     Dept:  L73
_____)

I, Wayne Rash, declare:

1. I am an attorney licensed by the State of California and a member of Dracup & Patterson, attorneys for Petitioner CHRISTINE ENLOW in this action. I have personal knowledge of the matters set forth in this Declaration and if called as a witness could testify competently to them.

2. As set out in Exhibit "3" to the First and Final Account and Petition for Final Distribution, I am requesting extraordinary attorney's fees in the amount of $5,917.50 for the services identified in the Exhibit based upon a total of 26.3 hours (not 25.6 hours, which was a typographical error) at my customary hourly rate of $225 per hour.

1

_____
Declaration of Wayne Rash Re Extraordinary Fees

ORIGINAL

3. The statutory fee is not sufficient for all services, both ordinary and extraordinary, in that during the approximate 2½ years this estate has been open through and including the date of this Declaration, I have spent 85.3 hours (apart from the aforementioned 26.3 hours) on all the other aspects of the estate, including consultation with Petitioner to initiate the probate proceedings in this matter; preparation of the probate petition and related papers and appearance at the hearing on the probate petition; substantial telephone and written communications with Randall W. Wenker, Esq., the attorney for decedent's son Douglas Kevorkian, including coordination with that counsel and personnel of the Franklin Templeton Tax-Free Income Fund Account to bring into the estate that asset from the probate estate of decedent's father Kegham Kevorkian of which decedent had been executor at the time of his own death; telephone and written communications with the bonding company which arranged for Petitioner's bond; preparation of the estate inventory and appraisal, including telephone and written communications with the probate referee Bill Scane and his office and determining information for valuation of certain assets such as the firearms; obtaining and transmitting information to, and telephone and written communications with, the respective preparers of the estate income tax returns and the estate tax return; preparation of the First and Final Account and Petition for Final Distribution and for fees now before this court, review of the probate examiner's notes and telephone contact with the examiner for clearing the notes; and preparation of the petitioner's Election to Submit Property to Administration and the verified supplement to the First and Final Account and Petition for Final Distribution.

4. I anticipate that I will spend at least an additional 9.5 hours appearing for and participating in the court's hearing of the First and Final Account and Petition for Final Distribution, preparing the court's Order thereon, assisting Petitioner as the personal

2

Declaration of Wayne Rash Re Extraordinary Fees

representative of the estate in the distribution of the separate property of the estate pursuant to the court's Order thereon, including further telephone and written communication with attorney Randall Wenker as counsel for Douglas Kevorkian; preparing and obtaining Receipts for the distribution of the assets of the estate and preparing and filing the Order of Discharge for Petitioner upon the closing of the estate.

5.    Added together, the hours for the activities identified in Paragraph 3 above and the hours for the anticipated activities in Paragraph 4 above constitute a total of 94.8 hours, which at my customary hourly rate of $225 per hour represents a fee amount of $21,330.00.   If the 26.3 hours with respect to the activities for which the extraordinary fee has been requested are added to the figure of 94.8 hours, the total amount of hours would be 121.1, which at my customary hourly rate of $225 per hour represents a fee amount of $27,247.50.   Each of the total amounts set forth in the preceding two sentences exceeds the statutory fee of $20,138.22.   Accordingly, I respectfully request this court allow the additional sum of $5,917.50 as extraordinary attorney's fees to Dracup & Patterson as Petitioner's counsel.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on August 10, 1999 at Santa Ana, California.

_____
Wayne Rash

3

Declaration of Wayne Rash Re Extraordinary Fees

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF

| ATTORNEY'S NAME, ADDRESS & TELEPHONE | FOR COURT USE ONLY |
|---|---|
| Wayne Rash, Esq., SBN 86663<br>Dracup & Patterson<br>505 N. Tustin Avenue, Suite 282<br>Santa Ana, CA 92705<br>(714) 542-3500 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER<br>DEC 1 1999<br>ALAN SLATER, Clerk of the Court<br>BY M. LITTLE |

ESTATE OF

RALPH G. KEVORKIAN,

Decedent   *

CASE NUMBER
A 184515

### AFFIDAVIT OR DECLARATION FOR FINAL DISCHARGE

STATE OF CALIFORNIA, County of Orange:

I, the undersigned, state: I am ____the administrator____
of the above-entitled estate; that I hereinafter refer to myself, or the corporate fiduciary of which I am an officer, as "said fiduciary"; that distribution has been made of all of the property and assets of said estate in accordance with decree of court; receipts therefor are on file; that said fiduciary has performed all acts lawfully required to be performed.

(To be Completed in Case of Guardianship of Minor)

Said minor attained the age of majority on _____ and one year has elapsed since the date of such majority.

Dated _____

_____
(SIGNATURE OF AFFIANT)

Subscribed and sworn to before me

_____, 19____

_____
Notary Public in and for the County of _____
State of _____

*I certify (or declare) under the penalty of perjury that the foregoing is true and correct.*

Executed at ____Santa Ana____, Calif., this __15__ day of __November__, 19__99__

_____
(SIGNATURE)
Christine Enlow

If executed outside of California, this must be sworn to before a notary or similar officer. (Sec. 2015.5 CCP)

**\* Insert Deceased, Incompetent, Minor(s), or Conservatec.**

### FINAL DISCHARGE

It appearing that the above-named fiduciary acting in the capacity shown in the foregoing affidavit or declaration has performed all acts lawfully required as such fiduciary,

IT IS ORDERED, ADJUDGED AND DECREED:

that said fiduciary is discharged as such and fiduciary's sureties are hereby released from liability for acts subsequent hereto.

Dated: __DEC 01 1999__

_____
Judge of the Superior Court

**JAMES P. GRAY**

F072-105    ORIGINAL     FINAL DISCHARGE    01580 - DCHG