# EXHIBIT A

STATE OF MISSOURI        )
                         ) ss.
COUNTY OF ST. CHALRES    )

                    IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI
IN THE MATTER OF                        PROBATE DIVISION

        OLIVER KRICK                                    #  CV196-513P
_____
                    Deceased
                              AMENDED
        AFFIDAVIT OF DISTRIBUTEES FOR COLLECTION OF SMALL ESTATE

I,  __Ronald W. Krick_____, a person having knowledge of the facts
hereinafter stated, being of lawful age and residing at __14 Harbor Point Court_____,
in the County of __St. Charles____, State of Missouri, being first duly sworn, depose and state:
    1.  One __Oliver Krick_____, who resides at __14 Harbor Point Court_____
                                                             (street address)
in __Lake St. Louis, St. Charles County_, Missouri, died on the __17th_ day of __July_____,
      (city)              (county)
19_96_ domiciled in and a resident of St. Charles County, Missouri and left no surviving
spouse or unmarried minor children.
    2.  (a) ~~Said decedent left a last will and testament which was duly admitted to probate by~~
        ~~this Court on the xxxxx day of xxxxxxxxxxxxxxxxxxxxxxx 19xxxx~~ .
        (b) The said decedent died intestate.
    3.  That all debts, claims or demands against the said decedent or the estate of said
decedent have been or will be paid except that any liability by the affiant for the payment of
unpaid claims or demands shall be limited to the value of the property received.
    4.  The following is an itemized description and appraisment of all of the personal property
left by the said decedent, together with the names and addresses of the persons having custody
and possession of the same:
                                                                        VALUE
        1992 Honda CB 750 Nighthawk Motorcycle
            VIN JH2RC3804NM105894                                        $ 2,296.00

        1993 Honda Prelude (with hail damage)              $ 8,046.25
            VIN  JHMBB2154PCO13947
            Proceeds from hail damage claim                $ 1,978.75
            (Check #G104396 issued by Shelter Ins. Co.)                  $10,025.00

        Group Term Life Insurance Death Benefit from
            Airline Pilots Association, Policy #G11083
            Claim #GX196634  Adminstered by N.Y. Life Ins. Co.          $10,000.00

        Unidivided one-half (1/2) interest in real property              $9,500.00
        located in Warren County, Missouri with Ronald W. Krick,        (1/2 1996 purchase
        a married person and particularly described in General Warranty Deed attached.   price)
    5.  The legal description of and an appraisement of all real estate left by the decedent,
if any, is attached hereto.
    6.  The names, addresses and relationship to the decedent of the persons entitled to and
who will receive the property are:

| Name | Address | Relationship |
|------|---------|--------------|
| Ronald W. Krick | 14 Harbor Point Court<br>Lake St. Louis, MO  63367 | Father |
| Margret J. Krick | 14 Harbor Point Court<br>Lake St. Louis, MO  63367 | Mother |
| Christopher Krick | 14 Harbor Point Court<br>Lake St. Louis, MO  63367 | Brother |

MICROFILMED

7.  The facts establishing the right to the property as prescribed by Sec. 473.097 of the Probate Code are:  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX    (b) Intestate Succession

8.  The total value of decedent's estate including real and personal property, less liens and encumbrances, does not exceed $XXXXXXXXXX  $40,000.00

9.  No letters testamentary or of administration have been issued or applied for in said estate, nor has any order refusing letters been made in accordance with Sec. 473.090, RSMo., nor has an application for such order been filed.

10. More than thirty (30) days have elapsed since the death of the decedent.

11. (a) XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
       XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX.
    (b) The Circuit Court, Probate Division, has by order dispensed with the filing of a bond by the distributees, and has appointed __Ronald W. Krick__ as designee to collect and distribute said property.

_____  14 Harbor Point Court, Lake St.Louis, MO 63367   (314)561-3168
Affiant's Signature                    Address                          Phone #

STATE OF MISSOURI, County of St. Charles.  On this _1_ day of _October_, 19_96_, before me, _____, a notary public/clerk, in and for said state, personally appeared _Ronald W. Krick_, known to me to be the person who executed the within Affidavit and acknowledged to me that _h_ executed the same for the purposes therein stated.

WILLIAM C FOOTE
NOTARY PUBLIC STATE OF MISSOURI
ST. LOUIS COUNTY
(seal)  MY COMMISSION EXP. NOV. 17,1997

Notary Public
BY: _____ Clerk

William C. Foote (#37019) 7777 Bonhomme Ave., Suite 2004, St. Louis, MO 63105 (314) 726-2090
Attorney for Affiant                   Address                          Phone #

STATE OF MISSOURI    )
                     ) ss.    CERTIFICATE OF CLERK
COUNTY OF ST. CHARLES )       (To be filled out by Clerk)          # CV196-513P

I, __Virginia Mackey__, Clerk of the Circuit Court, Probate Division of St. Charles County, Missouri, certify that the annexed affidavit has been duly filed with the Court; that the decedent's name is __Oliver Krick__.  That the name and addresses of the persons entitled to the described property under the facts stated in the affidavit are:

Ronald W. Krick, 14 Harbor Point Ct., Lake St. Louis, MO 63367 1/3 interest

Margaret Krick, 14 Habor Point Ct., Lake St. Louis, MO 63367   1/3 interest

Christopher Krick, 14 Harbor Point Ct., Lake St. Louis, MO 63367 1/3 interest

1.  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
    XXXXXXXXXXXXXXXXXXXXXXXXXX19XXXXX.
    (b) No Will of the decedent has been filed for probate prior to the signing of certificate.
2.  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
    XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
    (b) The Court has made an order dispensing with the filing of a bond by the distributees and has appointed __Ronald W. Krick__ as designee to collect and distribute said property.

IN TESTIMONY WHEREOF, I have on this _22nd_ day of _October_, 19_96_, at my office in the County aforesaid, set hereunto my hand and affixed the seal of said Court.

_____ Clerk
(seal)                    BY: _____
                                       Deputy Clerk

*[handwritten note:] Full Estate opened in 1998 closed 8/2/2001*

T OF ST. CHARLES COUNTY, MISSOURI
PROBATE DIVISION
lsworth Cundiff, JUDGE

TATE OF

ESTATE NO.  CV198-448P

TTERS OF ADMINISTRATION

URI TO ALL PERSONS TO WHOM THESE LETTERS SHALL

eas OLIVER KRICK,
t. Charles, died intestate, as it is said,
eath, property in this state which may be lost,
destroyed, or diminished in value if speedy care be not taken of the
same.  To the end, therefore, that said property may be collected,
preserved and disposed of according to law, we do hereby appoint
RONALD W KRICK
and MARGARET KRICK
to take possession and control of all personal property owned by the
decedent at the time of the decedent's death, except the exempt
property of the surviving spouse or unmarried minor children, in
whomsoever's possession the same is found and to perform and fulfill
all duties enjoined upon the Personal Representative, so far as
there shall be property and the law charges said Personal Represen-
tative, and in general to do and perform all other things which are
required of a Personal Representative by law.

The Personal Representative(s) may administer the estate
independently, without adjudication, order, or direction of the Court
unless a petition for supervised administration is granted by the
Court.

The date of the decedent's death was 07-17-1996.

IN TESTIMONY WHEREOF, I, the undersigned official of the Probate
Division have hereunto set my hand and affixed the seal of the Court
on the 14th day of July, 1998.

Ellsworth Cundiff, Judge

(SEAL)

xxxxxx/Clerk xxxxxxxxxxxxx

The Inventory is due August 14, 1998.
The Annual Settlement is due February 9, 1999.

I, the undersigned Clerk of the Probate Division, hereby certify
that the foregoing Letters, now in full force and effect, are a true
copy from the record as it appears in my office.  *estate closed 8/2/2001*

IN WITNESS, I have placed my hand and the seal of this Court
on the *14th* day of *July* , *1998*.

Virginia Mackey, Clerk

(SEAL)

MICROFILMED

CLERK/ DEPUTY CLERK

NO. __CV198-448P__

ESTATE OF __OLIVER KRICK__

_____ ,deceased.

## ST. CHARLES WATCHMAN

## NOTICE OF LETTERS

## PUBLISHER'S AFFIDAVIT

Proof of Publ'n of Notice
Letters GRANTED
FILED and APPROVED

STATE OF MISSOURI      )

SEP 1 6 1998

                       ) ss.

COUNTY OF ST. CHARLES  )

RONALD W. KUPER, being duly sworn, on his oath says that he is President of the St. Louis County Printing and Publishing Company, the printer and publisher of the ST. CHARLES WATCHMAN, a daily newspaper of general circulation in the County of St. Charles, which has been admitted to the Post Office as second-class matter in the City of St. Charles, Missouri, the city of publication; which newspaper has been published regularly and consecutively for a period of three years and has a list of bona fide subscribers voluntarily engaged as such, who have paid or agreed to pay a stated price for a subscription for a definite period of time; that said newspaper has complied with the provision of Section 493.050, Revised Statues of Missouri, 1969, and that the notice hereupon imprinted was published in said newspaper for four issues, as follows:

FIRST _____ July 29 _____ , 19 98 ___

SECOND _____ Aug. 5 _____ , 19 98 ___

THIRD _____ Aug. 12 _____ , 19 98 ___

FOURTH _____ Aug. 19 _____ , 19 98 ___

RONALD W. KUPER, President

Subscribed and sworn to me before this __19th__ day of _____ August _____ , 19 98 .

Notary Public

```
" NOTARY  SEAL "
Timothy M. Madlinger, Notary Public
St. Louis City, State of Missouri
My Commission Expires 1/7/2000
```

(SEAL)      My Commission Expires 1/7/2000

Filed and Recorded this _____ day of _____ , 19___ .

CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI PROBATE DIVISION ELLSWORTH CUNDIFF JUDGE
IN THE MATTER OF THE ESTATE OF: OLIVER KRICK
ESTATE NO. CV198-448P
NOTICE OF LETTERS GRANTED
TO ALL PERSONS INTERESTED IN THE ESTATE:
On the 14th day of July, 1998 RONALD W KRICK AND MARGARET KRICK were appointed Co-Personal Representatives of the estate of OLIVER KRICK, a deceased person; The date of the decedent's death was July 17, 1996.
The business addresses of the Co-Personal Representatives are: 14 HARBOR POINT CT., LAKE ST LOUIS, MO 63367, AND 14 HARBOR POINT CT., LAKE ST LOUIS, MO 63367, RESPECTIVELY, and the attorney for the Personal Representative is: WILLIAM C. FOOTE, ESQ. whose address is 7777 BONHOMME AVE #2004, CLAYTON, MO 63105 and whose business telephone number is: 726-2090.
All creditors of the decedent are notified to file claims in court within six months from the date of first publication of this notice or if a copy of this notice was mailed to, or served upon, such creditor by the personal representative, then within two months from the date it was mailed or served, whichever is later, or be forever barred to the fullest extent permissible by law. Such six-month period and such two-month period do not extend the limitation period that would bar claims one year after the decedent's death, as provided in section 473.444 RSMo., or any other applicable limitation periods. Nothing in section 473.444 RSMo., shall be construed to bar any action against a decedent's liability insurance carrier through a defendant ad litem pursuant to section 537.021, RSMo.
The date of first publication is July 29, 1998.
The date notice is given is July 14, 1998.
(SEAL) VIRGINIA MACKEY, CLERK
By: Sandy Anderson
Deputy Clerk
Receipt of this notice should not be construed by the recipient to indicate that he necessarily has a beneficial interest in the estate. The nature and

extent of any person's interest, if any, can be determined from the files and records of the estate in this Court.
4X WED 7/29-8/19/98

MICROFILMED

STATE OF MISSOURI      )
                         ) ss
COUNTY OF ST. CHARLES   )

**IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI**
**PROBATE DIVISION**

FILED
AUG 3 0 1998
CIRCUIT COURT
PROBATE DIVISION

IN THE MATTER OF

OLIVER KRICK                                 # CV198-448P

Decedent     Ward/Protectee     Minor

## INVENTORY AND APPRAISEMENT

| ITEM NUMBER | PERSONAL PROPERTY AS FOLLOWS: | VALUE |
|---|---|---|
| 1 | Claim for Wrongful Death in case entitled Ronald W. Krick, et al. vs. The Boeing Company, Case No. CV198-4507, Circuit Court of St. Charles County, Missouri (filed July 15, 1998) | Unknown |



EXAMINED and APPROVED

AUG 3 1 1998

Virginia Mackey

JUDGE/CLERK CIRCUIT COURT
PROBATE DIVISION

## CERTIFICATE OF TRUE COPY

I, Cheryl Crowder, Clerk of Circuit Court, within and for the county of St. Charles, State of Missouri, do certify that the foregoing is a true copy of an original document remaining on file and recorded in my office.

Witness my hand and SEAL of said Court this 17ᵗʰ day of January 20 25

Cheryl Crowder, Circuit Clerk   BY: _Maggie McCarthy_
                              Deputy Clerk

RECAPITULATION OF PERSONAL PROPERTY:

2. Furniture, household goods, wearing apparel, ......................... $    -0-
3. Corporation Stocks, ............................................. $    -0-
4. Mortgages, Bonds, Notes, ........................................ $    -0-
5. Bank Account, Insurance Policies, ............................... $    -0-
6. All other personal property, ................................... $   Unknown

TOTAL VALUE   $ Unknown

7. Property held for another          $ -0-

STATE OF MISSOURI       )
                      ) SS.
COUNTY OF ST. CHARLES   )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI
PROBATE DIVISION

IN THE MATTER OF       )
OLIVER KRICK          )             #CV198-448P
DECEASED,            )

### JUDGMENT AND ORDER NO FURTHER PROCESS

NOW on this 31st day of August, 1998, the Court takes up for consideration an "Order No Further Process" in  the matter of the estate of Oliver Krick, Deceased; and,

The Court having considered the same finds that the estate consists of no assets adn was opened for the purpose of a lawsuit filed in the Circuit Court; and that it would be in the best interest of said estate if an Order of No Further Process were issued until such time as assets are received or until the lawsuit is settled.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED by the Court that no further process be issued, and that the personal representative shall report to the Court any assets coming into their possession or the settlement of said lawsuit.

_____
VIRGINIA MACKEY, CLERK
CIRCUIT COURT, PROBATE DIVSIION

MICROFILMED

STATE OF MISSOURI ) ) SS. COUNTY OF ST. CHARLES )

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
STATE OF MISSOURI
PROBATE DIVISION

FILED
CIRCUIT COURT
PROBATE DIVISION
ST. CHARLES COUNTY
2001

In the Matter of: )
)
OLIVER KRICK, ) #11 P019800448
)
Deceased. )

## PETITION TO CLOSE ESTATE

COME NOW Petitioners Ronald and Margaret Krick, co-personal representatives of the above-captioned estate, by and through William C. Foote, attorney for the above-captioned estate, and petition this Honorable Court to close this estate on the grounds that the wrongful death claim asserted in the case styled Ronald W. Krick, et al. v. The Boeing Company, Case Number 4:98-CV-01400 SNL, United States District Court, Southern District of New York, has been settled and that no portion of the settlement sum was paid to the above-captioned estate and that the above-captioned estate has no other potential assets.

Respectfully submitted,

THE McAULIFFE LAW FIRM, L.L.P.

By: _William C. Foote_
William C. Foote, #37019
7777 Bonhomme Avenue
Suite 2004
Clayton, Missouri 63105
(314) 726-2090
(314) 726-1491 (Facsimile)

Attorneys for the Estate of Oliver Krick

SO ORDERED this 2nd day of August, 2001

_Debbie Wehmeier_
Clerk

18200

**ORIGINAL**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):  TELEPHONE NO.:

Wayne Rash, Esq., SBN 86663        (714) 542-3500
Dracup & Patterson, A Law Corporation
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705
ATTORNEY FOR (Name): CHRISTINE ENLOW

6344727

**FOR COURT USE ONLY**

**FILED**
ORANGE COUNTY SUPERIOR COURT

SEP 25 1996

ALAN SLATER, Executive Officer/Clerk

M. Moore

BY M. MOORE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P. O. Box 14171
CITY AND ZIP CODE: Orange, CA 92613-1571
BRANCH NAME: Probate Division

ESTATE OF (NAME): RALPH G. KEVORKIAN

DECEDENT

PET 27C MIN 3 13

CASE NUMBER:

**A184515**

HEARING DATE: 11-7-96

DEPT.: 703     TIME: 1:45 pn

| PETITION FOR

(For deaths after December 31, 1984) | ☐ Probate of Will and for Letters Testamentary
☐ Probate of Will and for Letters of Administration with Will Annexed
☒ Letters of Administration
☐ Letters of Special Administration
☒ Authorization to Administer Under the Independent Administration of Estates Act  ☐ with limited authority |
|---|---|

1. Publication will be in (specify name of newspaper): **California Newspaper Service Bureau**
   a. ☒ Publication requested.
   b. ☐ Publication to be arranged.

Wayne Rash
(Signature of attorney or party without attorney)

2. **Petitioner** (name of each): CHRISTINE ENLOW

   **requests**

   a. ☐ decedent's will and codicils, if any, be admitted to probate. .
   b. ☒ (name): CHRISTINE ENLOW
      be appointed  (1) ☐ executor           (3) ☒ administrator
                    (2) ☐ administrator with will annexed   (4) ☐ special administrator
      and Letters issue upon qualification.
   c. ☒ that ☒ full ☐ limited  authority be granted to administer under the Independent Administration of Estates Act.
   d. ☐ bond not be required for the reasons stated in item 3d.
      ☒ $775,600.00  bond be fixed. It will be furnished by an admitted surety insurer or as otherwise provided by law. (Specify reasons in Attachment 2d if the amount is different from the minimum required by Probate Code, § 8482.)
      ☐ $_____  in deposits in a blocked account be allowed. Receipts will be filed. (Specify institution and location):

3. a. Decedent died on (date): **July 17, 1996** at (place): **Ocean off East Moriches, Long Island, New York**
      ☒ a resident of the county named above.
      ☐ a nonresident of California and left an estate in the county named above located at (specify location permitting publication in the newspaper named in item 1):

   b. Street address, city, and county of decedent's residence at time of death:
      **11222 Caroleen Lane, Garden Grove, Orange County, California**

   c. Character and estimated value of the property of the estate
      (1) Personal property ...............................$ **565,000.00**
      (2) Annual gross income from
          (i) ☒ real property      ..............$ **9,600.00**
          (ii) ☐ personal property  .........$
              **Total** ..............$ **574,600.00**
      (3) Real property: $ **201,000.00**  (If full authority under the Independent Administration of Estates Act is requested, state the fair market value of the real property less encumbrances.)

   d. ☐ Will waives bond.  ☐ Special administrator is the named executor and the will waives bond.
      ☐ All beneficiaries are adults and have waived bond, and the will does not require a bond. (Affix waiver as Attachment 3d.)
      ☐ All heirs at law are adults and have waived bond. (Affix waiver as Attachment 3d.)
      ☐ Sole personal representative is a corporate fiduciary.

PA02

(Continued on reverse

A184515  KEVORKIAN
PR96065260  LP000004 PRF  9/25/96 17:40
First Petition          182.00 PR01    1

Form Approved by the
Judicial Council of California
DE-111 [Rev. July 1, 1989]

**PETITION FOR PROBA**

| ESTATE OF (NAME): | CASE NUMBER: |
|---|---|
| RALPH G. KEVORKIAN DECEDENT | |

3. e. [X] Decedent died intestate.
   [ ] Copy of decedent's will dated: [ ] codicils dated: are affixed as Attachment 3e.
   [ ] The will and all codicils are self-proving (Probate Code, 8220-8221).

   f. **Appointment of personal representative** (check all applicable boxes)

   > *Attach a typed copy of a holographic will and a translation of a foreign language will.*

   (1) Appointment of executor or administrator with will annexed
   [ ] Proposed executor is named as executor in the will and consents to act.
   [ ] No executor is named in the will.
   [ ] Proposed personal representative is a nominee of a person entitled to Letters. (Affix nomination as Attachment 3f(1).)
   [ ] Other named executors will not act because of [ ] death [ ] declination [ ] other reasons (specify in Attachment 3f(1)).

   (2) Appointment of administrator
   [X] Petitioner is a person entitled to Letters. (If necessary, explain priority in Attachment 3f(2).)
   [ ] Petitioner is a nominee of a person entitled to Letters. (Affix nomination as Attachment 3f(2).)
   [X] Petitioner is related to the decedent as (specify): Wife

   (3) [ ] Appointment of special administrator requested. (Specify grounds and requested powers in Attachment 3f(3).)

   g. Proposed personal representative is a [X] resident of California [ ] nonresident of California (affix statement of permanent address as Attachment 3g) [X] resident of the United States [ ] nonresident of the United States.

4. [ ] Decedent's will does not preclude administration of this estate under the Independent Administration of Estates Act.

5. a. The decedent is survived by
   (1) [X] spouse [ ] no spouse as follows: [ ] divorced or never married [ ] spouse deceased
   (2) [X] child as follows: [X] natural or adopted [ ] natural adopted by a third party [ ] step [ ] foster
        [ ] no child
   (3) [ ] issue of a predeceased child [X] no issue of a predeceased child

   b. Petitioner [X] has no actual knowledge of facts [ ] has actual knowledge of facts reasonably giving rise to a parent-child relationship under Probate Code section 6408(b).

   c. [X] All surviving children and issue of predeceased children have been listed in item 8.

6. (Complete if decedent was survived by (1) a spouse but no issue (only a or b apply); or (2) no spouse or issue. Check the **first** box that applies):
   a. [ ] The decedent is survived by a parent or parents who are listed in item 8.
   b. [ ] The decedent is survived by issue of deceased parents, all of whom are listed in item 8.
   c. [ ] The decedent is survived by a grandparent or grandparents who are listed in item 8.
   d. [ ] The decedent is survived by issue of grandparents, all of whom are listed in item 8.
   e. [ ] The decedent is survived by issue of a predeceased spouse, all of whom are listed in item 8.
   f. [ ] The decedent is survived by next of kin, all of whom are listed in item 8.
   g. [ ] The decedent is survived by parents of a predeceased spouse or issue of those parents, if both are predeceased, all of whom are listed item 8.

7. (Complete only if no spouse or issue survived the decedent) Decedent [ ] had no predeceased spouse [ ] had a predeceased spouse who (1) [ ] died not more than 15 years before decedent owning an interest in **real property** that passed to decedent,
   (2) [ ] died not more than five years before decedent owning **personal property** valued at $10,000 or more that passed to decedent,
   (3) [ ] neither (1) nor (2) apply. (If you checked (1) or (2), check only the **first** box that applies):
   a. [ ] The decedent is survived by issue of a predeceased spouse, all of whom are listed in item 8.
   b. [ ] The decedent is survived by a parent or parents of the predeceased spouse who are listed in item 8.
   c. [ ] The decedent is survived by issue of a parent of the predeceased spouse, all of whom are listed in item 8.
   d. [ ] The decedent is survived by next of kin of the decedent, all of whom are listed in item 8.
   e. [ ] The decedent is survived by next of kin of the predeceased spouse, all of whom are listed in item 8.

8. **Listed in Attachment 8** are the names, relationships, ages, and addresses of all persons named in decedent's will and codicils, whether living or deceased, and all persons checked in items 5, 6, and 7, so far as known to or reasonably ascertainable by petitioner, **including** stepchild and foster child heirs and devisees to whom notice is to be given under Probate Code section 1207.

9. [ ] Number of pages attached:

Date: September 15, 1996

▶ *Christine Enlow*
(SIGNATURE OF PETITIONER*)

▶ _____
(SIGNATURE OF PETITIONER*)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: September 15, 1996

CHRISTINE ENLOW
(TYPE OR PRINT NAME)

▶ *Christine Enlow*
(SIGNATURE OF PETITIONER*)

* All petitioners must sign the petition. Only one need sign the declaration.

DE-111 [Rev. July 1, 1989]

**PETITION FOR PROBATE**

Page two
CEB

<u>Matter of Estate of Ralph G. Kevorkian</u>

# <u>ATTACHMENT 8 TO PETITION FOR PROBATE</u>

| <u>Name & Address</u> | <u>Relationship</u> | <u>Age</u> |
|---|---|---|
| Christine Enlow<br>11222 Caroleen Lane<br>Garden Grove, CA 92841-1310 | Wife | Over 18 |
| Douglas Kevorkian<br>316 Second Avenue, Apt. 2A<br>New York, NY 10013 | Son | Over 18 |

M:\DOCS\1863\ATTACHME.NT8

# ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Wayne Rash, Esq., SBN 86663    (714) 542-3500
Dracup & Patterson, A Law Corporation
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705

ATTORNEY FOR *(Name)*: CHRISTINE ENLOW

FILED
ORANGE COUNTY SUPERIOR COURT

JAN 1 7 1997

ATER, Executive Officer/Clerk

M LITTLE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 341 The City Drive
MAILING ADDRESS P. O. Box 14171
CITY AND ZIP CODE Orange, CA 92613-1571
BRANCH NAME Probate Division

ESTATE OF *(NAME)*: RALPH G. KEVORKIAN

DECEDENT

## ORDER FOR PROBATE

ORDER
APPOINTING

[ ] Executor
[ ] Administrator with Will Annexed
[X] Administrator    [ ] Special Administrator
[X] Order Authorizing Independent Administration of Estate
[X] with full authority    [ ] with limited authority

THIS APPOINTMENT IS NOT EFFECTIVE
UNTIL LETTERS HAVE ISSUED

CASE NUMBER:

A184515

1. Date of hearing: Nov. 7, 1996 Time: 1:45 p.m. Dept/Rm: 703    COMMISSIONER GALE P. HICKMAN

**THE COURT FINDS**

2. a. All notices required by law have been given.
   b. Decedent died on *(date)*: July 17, 1996
      (1) [X] a resident of the California county named above
      (2) [ ] a nonresident of California and left an estate in the county named above
   c. Decedent died
      (1) [X] intestate
      (2) [ ] testate and decedent's will dated:
           and each codicil dated:
           was admitted to probate by Minute Order on *(date)*:

**THE COURT ORDERS**

3. *(Name)*: CHRISTINE ENLOW
   is appointed **personal representative**:
   a. [ ] Executor of the decedent's will          d. [ ] Special Administrator
   b. [ ] Administrator with will annexed               (1) [ ] with general powers
   c. [X] Administrator                                  (2) [ ] with special powers as specified in Attachment 3d
                                                         (3) [ ] without notice of hearing

   and letters shall issue on qualification.

4. a. [X] **Full authority** is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] **Limited authority** is granted to administer the estate under the Independent Administration of Estates Act (there is no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [ ] Bond is not required.
   b. [X] Bond is fixed at: $ 810,600.00          to be furnished by an authorized surety company or as otherwise provided by law.
   c. [ ] Deposits of: $          are ordered to be placed in a blocked account at *(specify institution and location)*:
       and receipts shall be filed. No withdrawals shall be made without a court order.

6. [ ] *(Name)*:          is appointed probate referee.

Date: JAN 1 4 1997

COMMISSIONER GALE P. HICKMAN
JUDGE OF THE SUPERIOR COURT

7. [ ] Number of pages attached:          [ ] Signature follows last attachment.

ORDER FOR PROBATE

BILL B. SCANE
PROBATE REFEREE
SEAL BEACH, CA
PACIFIC COAST HWY

Form Approved by the
Judicial Council of California
DE-140 [Rev July 1, 1988]

Probate Code, 329

CEB

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name and Address):
Wayne Rash, Esq., SBN 86663   (714) 542-3500
Dracup & Patterson, A Law Corporation
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705
**ATTORNEY FOR** (Name): CHRISTINE ENLOW

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: P. O. Box 14171
CITY AND ZIP CODE: Orange, CA 92613-1571
BRANCH NAME: Probate Division

**ESTATE OF** (NAME): RALPH G. KEVORKIAN

DECEDENT

**FILED**
ORANGE COUNTY SUPERIOR COURT

**FEB 25 1997**

ALAN SLATER, Executive Officer/Clerk

*M. Moore*

BY M. MOORE

**LETTERS**

| | |
|---|---|
| ☐ TESTAMENTARY | ☒ OF ADMINISTRATION |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☐ SPECIAL ADMINISTRATION |

CASE NUMBER:
A184515

---

**LETTERS**

1. ☐ The last will of the decedent named above having been proved, the court appoints (name):

   a. ☐ Executor
   b. ☐ Administrator with will annexed

2. ☒ The court appoints (name):
   **CHRISTINE ENLOW**

   a. ☒ Administrator of the decedent's estate
   b. ☐ Special administrator of decedent's estate
      (1) ☐ with the special powers specified in the Order for Probate
      (2) ☐ with the powers of a general administrator

3. ☒ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☒ with full authority
   ☐ with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

WITNESS, clerk of the court, with seal of the court affixed.

Date: **FEB 25 1997**

ALAN SLATER,

Clerk, by _Marsha Moore_ , Deputy

**MARSHA MOORE**

(SEAL)

**AFFIRMATION**

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 1140 (b)).

2. ☒ INDIVIDUAL: **I solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY (name):

   **I solemnly affirm** that the institution will perform the duties of personal representative according to law.
   I make this affirmation for myself as an individual and on behalf of the institution as an officer.
   (Name and title):

4. Executed on (date): October 30, 1996
   at (place): Garden Grove, CA ,California.

→ _C Christine M. Enlow_
(SIGNATURE)

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

| (SEAL) | Date: |
|---|---|
| | Clerk, by |
| | |
| | _____ |
| | (DEPUTY) |

---

Form Approved by the
Judicial Council of California
DE-150 [Rev. July 1, 1988]

**LETTERS**
**(Probate)**

Probate Code, 463, 465, 501, 502, 540
Code of Civil Procedure, 2015.6

CEB

Edmund J. Bradley (CSBM#60637)
1055 N. Main Street, Suite 401
Santa Ana, California  92701
Tele: (714) 558-4845
Fax:  (714) 558-0216

Attorney for Jeannine Yates, Creditor

FILED
ORANGE COUNTY SUPERIOR COURT

SEP 0 4 1998

ALAN SLATER, Executive Officer/ Clerk

BY  J. HANSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

Probate Division

| Estate of | ) | A 184515 |
|---|---|---|
| | ) | |
| | ) | |
| RALPH G. KEVORKIAN, | ) | NOTICE OF PENDENCY OF ACTION |
| | ) | (Probate Code section 9354) |
| Deceased. | ) | |

To: Christine Enlow, Administrator Of The Estate of the above-named decedent, and her attorneys of record:

NOTICE IS HEREBY GIVEN that on July 10, 1998, there was commenced in the Orange County Superior Court the case entitled "JEANNINE YATES, Plaintiff, vs. CHRISTINE ENLOW, individually, and in her capacity as administrator of the estate of Ralph G. Kevorkian, deceased, Does 1-20, inclusive, Defendants", docket number 796766, and such action is now pending in that court and cause.   The action seeks, among other things, declaratory relief relating to a property settlement agreement entered into between Jeannine Yates and the decedent.

Dated: September 2, 1998

Edmund J. Bradley, Attorney for
Plaintiff Jeannine Yates

-1-

## PROOF OF SERVICE

I, the undersigned, declare:

I am over the age of eighteen (18) years, and not a party to this action.  My business address is 1055 North Main Street, Ste. 401, Santa Ana, California 92701.

On September 2, 1998, I served the foregoing NOTICE OF PENDENCY OF ACTION on the parties to this action by depositing copies thereof enclosed in a seal envelope with postage thereon fully prepaid in the United States Mail at Santa Ana, California, addressed as follows:

Christine Enlow
c/o Wayne Rash, Esq.
Dracup & Patterson, A Law Corp.
505 N. Tustin Avenue, Ste. 282
Santa Ana, California  92705

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed this 2nd day of September, 1998, at Santa Ana, California.

Karen F. Bradley

-2-



Wayne Rash, Esq., State Bar No. 86663
DRACUP & PATTERSON, A Law Corporation
505 N. Tustin Ave., Suite 282
Santa Ana, CA 92705
(714) 542-3500   Fax (714) 542-6865

Attorneys for Petitioner
CHRISTINE ENLOW

# SUPERIOR COURT OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

Estate of

    RALPH G. KEVORKIAN,

               Deceased.

            )
)
)
)
)
)
)
)
)
)

Case No. A184515

ORDER SETTLING FIRST AND
AND FINAL ACCOUNT AND
DIRECTING FINAL DISTRIBUTION

<u>Date</u>:  August 17, 1999
<u>Time</u>:  9:00 a.m.
<u>Dept</u>:  L73

    The First and Final Account and Petition for Final Distribution and Order for Administrator's and Ordinary and Extraordinary Attorney's Fees of Petitioner Christine Enlow came on regularly for settlement of the account and hearing of the Petition by this court on August 17, 1999 at 9:00 a.m. in Department L73 before Hon. **LEONARD I. BAUMGARTEN** **PRO TEM** judge presiding. There were no appearances.

    On evidence given to the satisfaction of the court, the court makes the following findings:

    1.    Notice of the time and place of the hearing was given as required by Probate Code sections 1220, 11000 and 11601.

    2.    The account and report cover the period from July 17, 1996 to June 30, 1999, inclusive.

1

ORIGINAL

Order Settling First and Final Account and Petition

3.     Notice to Creditors has been given as required by law.  There are no known or reasonably ascertainable creditors of the estate.    More than four months have  elapsed since the date Letters Testamentary were first issued to the personal representative.

4.     One claim was filed against the estate on March 6, 1997 on behalf of Decedent's ex-wife Jeannine Yates in an amount not determined with respect to obtaining her share of certain nonprobate retirement plan assets of Decedent from Decedent's former employment as an airline pilot with Transworld Airlines.    That claim has been withdrawn based upon a settlement into which Petitioner Christine Enlow and Ms. Yates entered in December, 1998 for an allocation and division of the subject retirement plan assets, without requiring any contribution from Decedent's probate estate..

5.     No federal estate tax and no personal property taxes are due in the estate.

6.     The personal representative has in her possession belonging to the estate, after deducting the credits to which she is entitled, a balance of property on hand in the amount of $924,258.43, of which $612,308.43 is in cash and/or cash equivalents.

7.     The estate is in a condition to be closed.  All debts and expenses of administration except closing expenses; reimbursement of costs advanced by and statutory commission to the personal representative; and statutory and extraordinary fees to the attorneys for the personal representative have been paid.  The sum reasonably necessary to pay closing expenses is $5,000.00 to be retained as a reserve from the property in the estate for the cost of preparation of the estate tax return being filed for the estate and for the cost of preparation of the final federal and California state income tax returns for the estate for calendar year 1999 and any tax obligation owing thereon which will become due and payable in calendar year 2000.

8.     The personal representative is entitled to a total statutory commission for ordinary services of $20,138.20, as well as reimbursement for costs advanced by petitioner on behalf of the estate in the total sum of $8,355.89.  The personal representative should be

2

allowed $20,138.20 in payment of the statutory commission to which she is entitled and $8,355.89 as reimbursement for costs advanced by her on behalf of the estate.

9.      Dracup & Patterson, as attorneys for the personal representative, are entitled to a total statutory fee for ordinary services of $20,138,20 .  Dracup & Patterson should be allowed $20,138.20 in payment of the statutory fee to which Dracup & Patterson are entitled.

10.      Dracup & Patterson, as attorneys for the personal representative, have performed extraordinary services for the benefit of the estate and should be allowed an additional compensation of $4,000.00 for such extraordinary services.

11.      The property in the estate should be distributed as set forth below.

12.      All allegations of the petition not specifically included in the foregoing findings are true.

IT IS ORDERED that:

1.      The report of Christine Enlow as personal representative of the Estate of Ralph G. Kevorkian, Deceased, is approved and all acts and transactions of the personal representative relating to the matters in the report are ratified and confirmed, and the final account covering the period from July 17, 1996 to June 30, 1999, inclusive, is settled and allowed as filed.

2.      Christine Enlow, as personal representative of the estate, is allowed $20,138.20 as the statutory commission for ordinary services, and she is authorized to withdraw that sum from the funds of the estate and to pay it to herself.  The personal representative is also entitled to reimbursement for costs advanced by the personal representative on behalf of the estate in the total sum of $8,355,89 and she is authorized to withdraw that sum from the funds of the estate and to pay it to herself.

3.      Dracup & Patterson, as attorneys for the personal representative of the estate, are allowed $20,138.20 as the statutory fee for ordinary services, and Christine Enlow as the personal representative is ordered to withdraw that sum from the funds of the estate and to pay

3

it to Dracup & Patterson.

4. Dracup & Patterson, as attorneys for the personal representative of the estate, are allowed additionally $4,000.00 as compensation for extraordinary services, and Christine Enlow as the personal representative is ordered to withdraw that sum from the funds of the estate and to pay it to Dracup & Patterson.

5. The personal representative is authorized to withhold $5,000.00 for the purpose of paying closing expenses. Any portion of that sum not so used shall be distributed equally to the beneficiaries of the Decedent's estate, Christine Enlow and Douglas Kevorkian.

6. Decedent's portion of the only community property asset of the estate, the 1988 Mercedes Benz 300E (VIN WDBEA30D7JA600788), shall be distributed to Christine Enlow, Decedent's surviving spouse. After payment or withholding of the amounts set forth in Paragraphs 2 through 5, inclusive, of this Order, the following property of the estate is to be distributed equally between Christine Enlow and Douglas Kevorkian, except for the sum of Seventy-Five Thousand Dollars ($75,000) of Douglas Kevorkian's distributive share which he has assigned to Flora Hedley for repayment of an advance to him in that amount as reflected in a Partial Assignment filed on or about December 1, 1997 in this case, and therefore the sum of Seventy-Five Thousand Dollars ($75,000.00) shall be paid to Flora Hedley and deducted from the distributive share of Douglas Kevorkian in the estate:

(a) Washington Mutual estate checking account number 876-089970-5 in the amount of $23,634.23.

(b) Franklin Templeton California Tax-Free Income Fund Account No. 112-11219287799 consisting of 82,217.068 shares in the amount of $588,674.20.

(c) Real property located at 24462 Martha Street, Woodland Hills, CA 91367, and more particularly described as Lot 64, Tract No. 26846, City of Los Angeles, County of Los Angeles, as per map recorded in Book 715 pages 74 to 79 inclusive of maps in the office of the Los Angeles County Recorder.

4

(d) Undeveloped lot of real property, described as Lot 41, Clear Lake Beach, Sub. #A, Lake County, CA (APN # 033-042-260).

(e) 1983 Suncrest Class "C" motor home (VIN 1FDKE30L0DHB 14668).

(f) Various household furniture and furnishings.

(g) Handguns and rifles.

(h) Fishing pole, skis, and related outdoor recreational items.

(i) 1979 Suzuki 1000 motorcycle (VIN GS1000520264).

7. All other property of decedent not distributed above, whether described above or not, is distributed equally to Christine Enlow and Douglas Kevorkian.

8. The personal representative shall be entitled to discharge upon filing proper receipts and an affidavit of final discharge.

Dated:     **AUG 18 1999**

_Leonard I. Baumgarten_

Judge/Commissioner of the Superior Court

**LEONARD I. BAUMGARTEN** *PRO TEM*

g:\docs\1863\Order.first.final.account.petition.distribution

5

Order Settling First and Final Account and Petition

FNR
Date: August 17, 1999
Time: 1:00 a.m.
Dept: L73

Wayne Rash, Esq., SBN 86663
DRACUP & PATTERSON
505 North Tustin Avenue
Suite 282
Santa Ana, California 92705
(714)542-3500

Attorney for Petitioner
CHRISTINE ENLOW

FILED
ORANGE COUNTY SUPERIOR COURT

AUG 1 0 1999

ALAN SLATER, Executive Officer/Clerk
BY M. LITTLE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| In the Matter of Estate of | Case No. A 184515 |
| RALPH G. KEVORKIAN | DECLARATION OF WAYNE RASH IN SUPPORT OF REQUEST FOR EXTRAORDINARY ATTORNEY'S FEES |
| Decedent. | |
| | Date: August 17. 1999<br>Time: 9:00 a.m.<br>Dept: L73 |

I, Wayne Rash, declare:

1. I am an attorney licensed by the State of California and a member of Dracup & Patterson, attorneys for Petitioner CHRISTINE ENLOW in this action. I have personal knowledge of the matters set forth in this Declaration and if called as a witness could testify competently to them.

2. As set out in Exhibit "3" to the First and Final Account and Petition for Final Distribution, I am requesting extraordinary attorney's fees in the amount of $5,917.50 for the services identified in the Exhibit based upon a total of 26.3 hours (not 25.6 hours, which was a typographical error) at my customary hourly rate of $225 per hour.

1

Declaration of Wayne Rash Re Extraordinary Fees

ORIGINAL

3.  The statutory fee is not sufficient for all services, both ordinary and extraordinary, in that during the approximate 2½ years this estate has been open through and including the date of this Declaration, I have spent 85.3 hours (apart from the aforementioned 26.3 hours) on all the other aspects of the estate, including consultation with Petitioner to initiate the probate proceedings in this matter; preparation of the probate petition and related papers and appearance at the hearing on the probate petition; substantial telephone and written communications with Randall W. Wenker, Esq., the attorney for decedent's son Douglas Kevorkian, including coordination with that counsel and personnel of the Franklin Templeton Tax-Free Income Fund Account to bring into the estate that asset from the probate estate of decedent's father Kegham Kevorkian of which decedent had been executor at the time of his own death; telephone and written communications with the bonding company which arranged for Petitioner's bond; preparation of the estate inventory and appraisal, including telephone and written communications with the probate referee Bill Scane and his office and determining information for valuation of certain assets such as the firearms; obtaining and transmitting information to, and telephone and written communications with, the respective preparers of the estate income tax returns and the estate tax return; preparation of the First and Final Account and Petition for Final Distribution and for fees now before this court, review of the probate examiner's notes and telephone contact with the examiner for clearing the notes; and preparation of the petitioner's Election to Submit Property to Administration and the verified supplement to the First and Final Account and Petition for Final Distribution.

4.  I anticipate that I will spend at least an additional 9.5 hours appearing for and participating in the court's hearing of the First and Final Account and Petition for Final Distribution, preparing the court's Order thereon, assisting Petitioner as the personal

2

Declaration of Wayne Rash Re Extraordinary Fees

representative of the estate in the distribution of the separate property of the estate pursuant to the court's Order thereon, including further telephone and written communication with attorney Randall Wenker as counsel for Douglas Kevorkian; preparing and obtaining Receipts for the distribution of the assets of the estate and preparing and filing the Order of Discharge for Petitioner upon the closing of the estate.

5. Added together, the hours for the activities identified in Paragraph 3 above and the hours for the anticipated activities in Paragraph 4 above constitute a total of 94.8 hours, which at my customary hourly rate of $225 per hour represents a fee amount of $21,330.00. If the 26.3 hours with respect to the activities for which the extraordinary fee has been requested are added to the figure of 94.8 hours, the total amount of hours would be 121.1, which at my customary hourly rate of $225 per hour represents a fee amount of $27,247.50. Each of the total amounts set forth in the preceding two sentences exceeds the statutory fee of $20,138.22. Accordingly, I respectfully request this court allow the additional sum of $5,917.50 as extraordinary attorney's fees to Dracup & Patterson as Petitioner's counsel.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on August 10, 1999 at Santa Ana, California.

_____
Wayne Rash

3

Declaration of Wayne Rash Re Extraordinary Fees

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF

| | |
|---|---|
| **ATTORNEY'S NAME, ADDRESS & TELEPHONE** | **FOR COURT USE ONLY** |

ATTORNEY'S NAME, ADDRESS & TELEPHONE
Wayne Rash, Esq., SBN 86663
Dracup & Patterson
505 N. Tustin Avenue, Suite 282
Santa Ana, CA 92705
(714) 542-3500

ESTATE OF

RALPH G. KEVORKIAN,

Decedent        *

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

DEC /1 1999

ALAN SLATER, Clerk of the Court

BY M. LITTLE

CASE NUMBER
A 184515

### AFFIDAVIT OR DECLARATION FOR FINAL DISCHARGE

STATE OF CALIFORNIA, County of Orange:

I, the undersigned, state: I am ___the administrator___
of the above-entitled estate; that I hereinafter refer to myself, or the corporate fiduciary of which I am an officer, as "said fiduciary"; that distribution has been made of all of the property and assets of said estate in accordance with decree of court; receipts therefor are on file; that said fiduciary has performed all acts lawfully required to be performed.

(To be Completed in Case of Guardianship of Minor)

Said minor attained the age of majority on _____ and one year has
elapsed since the date of such majority.

Dated _____

_____
(SIGNATURE OF AFFIANT)

Subscribed and sworn to before me

_____, 19_____

_____
Notary Public in and for the County of _____
State of _____

*I certify (or declare) under the penalty of perjury that the foregoing is true and correct.*

Executed at ___Santa Ana___, Calif.,

this __15__ day of ___November___, 19 99

___Christine Enlow___
(SIGNATURE)
Christine Enlow

If executed outside of California, this must be sworn to before a notary or similar officer. *(Sec. 2015.5 CCP)*

**\* Insert Deceased, Incompetent, Minor(s), or Conservatec.**

### FINAL DISCHARGE

It appearing that the above-named fiduciary acting in the capacity shown in the foregoing affidavit or declaration has performed all acts lawfully required as such fiduciary,

IT IS ORDERED, ADJUDGED AND DECREED:

that said fiduciary is discharged as such and fiduciary's sureties are hereby released from liability for acts subsequent hereto.

Dated: ___DEC 01 1999___

_____
Judge of the Superior Court

**JAMES P. GRAY**

F072-105        ORIGINAL        FINAL DISCHARGE        01580 - DCHG



ORIGINAL FILED



'99 AUG 26 A9:29

DOCUMENT CODE 2770
L. Robert LeGoy, Esq.
Nevada Bar #698
Michaelle D. Rafferty, Esq.
Nevada Bar #5097
WALTHER, KEY, MAUPIN, OATS,
    COX, KLAICH & LeGOY
3500 Lakeside Court, Suite 200
Reno, NV  89509
(775) 827-2000
Attorneys for The Executor

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

In the Matter of the Estate of

Donald E. Gough,                    CASE NO. CV96-05099

                                    DEPT. NO. PR

            Deceased.
_____/

ORDER SETTLING THIRD AND FINAL ACCOUNT AND
FOR THE FINAL DISTRIBUTION OF THE ESTATE

The Petition of William E. Smith (the "Petitioner") for the settlement of the third and final account and for final distribution of the estate came on regularly for hearing this day. No person having appeared to contest the Petition, and on proof duly made to the satisfaction of the Court, the Court now finds the following:

1.    Notices of the hearing on the Petition have been duly given as required by law.  An Affidavit of Mailing of the Notices of Hearing has been filed with the Clerk of the Court.

2.    Donald E. Gough (the "Decedent"), died testate on July 17, 1996.  At the time of his death he was a resident of Incline Village, Washoe County, Nevada and left a Will and an estate in the State of Nevada subject to probate administration.

1.

3.   The Decedent's Will dated January 17, 1983 was admitted to probate on September 12, 1996.   The Petitioner was appointed the Executor of the Decedent's Will and estate, to serve without bond. Letters Testamentary were issued to him on the same day.   The Petitioner has served as the Executor of the Decedent's Will and estate since that date.

4.   Notice to Creditors has been given for the time and in the manner required by law, and the time for filing or presenting claims has expired.   All claims have been paid.

5.   Federal and state estate tax returns have been filed for the Decedent's estate, and the taxes shown due thereon have been paid.   The returns have been audited, and the Petitioner has been released from personal liability for estate taxes payable by the estate.

6.   All federal and state income tax returns due on behalf of the Decedent and the estate as of the date of this Petition have been filed, and the taxes shown due thereon have been paid.   Any additional income tax returns due on behalf of the Decedent and the estate will be timely filed, and the taxes shown due thereon will be timely paid.   The returns that have been filed have been audited, and the Petitioner has been released from personal liability for federal and state income tax liabilities due from the Decedent and the estate.

7.   On February 19, 1997, Petitioner filed an Inventory, Appraisement, and Record of Value.   A Supplement to Inventory, Appraisement, and Record of Value was filed on February 26, 1997,

2.

and a Second Supplement to Inventory, Appraisement and Record of Value was filed on March 4, 1997. In addition, a First Amendment to Article III of the Inventory, Appraisement and Record of Value was filed on March 13, 1997. The Inventory along with the various supplements and amendment constitutes all of the assets of the Decedent's probate estate subject to probate administration in the State of Nevada. The First Account and Second Account were previously filed and approved by the Court. The Petitioner has taken all actions approved pursuant to the Court's Orders relating to the First Account and Second Account.

8. The Third And Final Account of the Petitioner is in order and should be settled, allowed, and approved as filed.

9. On February 17, 1999, Petitioner filed a Stipulation executed between Petitioner and Erik E. Gough, individually and as Administrator of the Decedent's California estate. The Stipulation provided that Erik E. Gough released Petitioner from liability for any actions or inactions of Petitioner as Executor in exchange for Petitioner not renewing his Executor's liability insurance at an expense to the estate. In addition, Erik E. Gough agreed to take responsibility for any additional taxes and for pursuing any wrongful death and/or personal injury actions on behalf of the estate and relieved Petitioner of responsibility for the same. The Stipulation should be approved and confirmed as filed.

9. Petitioner has rendered valuable services as Executor and is entitled to statutory commissions. The Petitioner's statutory commissions total Seven Thousand, One Hundred Twenty-Four and

3.

35/100 Dollars ($7,124.35). The Court has previously approved preliminary payments of Executor's ordinary commissions in the amount of Six Thousand, Seven Hundred Forty and no/100 Dollars ($6,740.00). The remaining balance of the statutory commissions in the amount of Three Hundred Eighty-Four and 35/100 Dollars ($384.35) should be approved.

10. The law firm of Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy, the attorneys for the Co-Executors and the estate, is entitled to reasonable compensation for legal services rendered on behalf of the estate. The law firm has filed a Fourth And Final Application of Allowance for Attorneys' Fees and Costs requesting fees of Three Thousand, Eight Hundred Nineteen and 26/100 Dollars ($3,819.26) and costs advanced of One Hundred Eighteen and 61/100 Dollars ($118.61). The Application is in order and should be approved as filed.

11. The estate is in a condition to be closed and should be distributed in accordance with the Decedent's Will. The Decedent's Will provides for the distribution of the estate to Erik E. Gough The remaining assets of the probate estate, together with any other assets of the Decedent or of the estate that are not now known or discovered, should be distributed to Erik E. Gough pursuant to this provision.

Based upon the above, the Court now orders the following:

A. All the acts and transactions of the Petitioner, as Executor of the Decedent's Will and estate, as disclosed in the Petition and Third and Final Account, are confirmed and approved

4.

without need for further accounting.

B.    The Stipulation entered into between the Petitioner, as Executor of the Decedent's Will and estate, filed February 17, 1999 is hereby approved.

C.    The Petitioner is authorized to satisfy the remaining balance of statutory Executor's commissions in the amount of Three Hundred Eighty-Four and 35/100 Dollars ($384.35).

D.    The Application of Allowance for Attorneys' Fees and Costs filed by the law firm of Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy is hereby approved and filed.   The Petitioner is authorized to pay the law firm the sum of Three Thousand, Nine Hundred Thirty-Seven and 87/100 Dollars ($3,937.87) as requested in the Application.

D.    The estate, together with any other assets of the Decedent or of the estate that are not now known or discovered shall be distributed in accordance with the Decedent's Will to Erik E. Gough

E.    Upon the filing of the Receipts of Distribution, the estate is to be closed without any further accounting.

Dated this _____ day of _____, 1999.

_____
District Judge

Order submitted by:
Walther, Key, Maupin, Oats,
   Cox, Klaich & LeGoy

By _____
   Michaelle D. Rafferty, Esq.
   Nevada Bar No. 5097

5.

CERTIFIED COPY

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

DATE: _____ 01/23/2025 _____

ALICIA L. LERUD, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada.

By _____ Deputy

___ 5 ___ Pages

**ORIGINAL**

FILED

DOCUMENT CODE 1535
L. Robert LeGoy, Esq.
Nevada Bar #698
Michaelle D. Rafferty, Esq.
Nevada Bar #5097
WALTHER, KEY, MAUPIN, OATS,
  COX, KLAICH & LeGOY
3500 Lakeside Court, Suite 200
Reno, NV  89509
(775) 827-2000
Attorneys for The Executor

'99 OCT 25 P3:21

AMY HARVEY, CLERK

BY _____ DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

In the Matter of the Estate of

Donald E. Gough,

Deceased.

CASE NO. CV96-05099

DEPT. NO. PR

_____/

DECREE OF DISCHARGE

William E. Smith, Executor of the above-entitled estate, having fully administered the estate, having paid all sums of money due from him, having distributed all of the property of the estate to the persons entitled thereto pursuant to the Order of the Court decreeing the final distribution of the estate, and having performed all acts lawfully required of him, is hereby released and discharged from all liability hereafter incurred in matters relating to the estate.  The estate, being completely distributed, is hereby settled and closed, and William E. Smith is discharged as Executor.

DATED this ____ day of October, 1999.

_____
DISTRICT JUDGE

1.

Submitted by:

Walther, Key, Maupin, Oats,
        Cox, Klaich & LeGoy


By ___Michaelle D. Rafferty___
    Michaelle D. Rafferty, Esq.
    Nevada Bar #5097

3500 Lakeside Court, Suite 200
Reno, Nevada  89509
(775) 827-2000

Attorneys for the Executor

2.

CERTIFIED COPY

The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.

DATE: 01/23/2025

ALICIA L. LERUD, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada.

By _____ Deputy

_____ Pages

COUNTY OF COBB

STATE OF GEORGIA

96 AUG -7 PM 1:49

## LAST WILL AND TESTAMENT

### OF

### O. LAMAR ALLEN

I, O. LAMAR ALLEN, of the County of Cobb and State of Georgia, being of sound mind and disposing memory, do make, publish and declare this to be my Last Will and Testament, hereby revoking all former Wills or Codicils at any time made by me.

I.

I direct the payment of all my just debts and funeral expenses.

II.

I give, devise and bequeath unto my Wife, ANNE McWHORTER ALLEN, if she survives me, all of my property, real, personal and mixed, wheresoever situate, that I may own or be enitled to receive at the time of my death, with the express limitation that she shall not sell any of my real estate until ten (10) years after the date of my death, and further subject to the bequests herein set forth in Paragraph IV.

III.

If my Wife does not survive me, then I give and bequeath to each of my children, now living or hereafter born, all of my estate, real personal and mixed.

IV.

I give and bequeath to each of my children, now living or hereafter born and for educational purposes only, a sum of money not to exceed Fifty Thousand ($50,000) Dollars. For this purpose my said Wife shall be the guardian, without bond, of any such child or children.

V.

I constitute and appoint my Wife, ANNE McWHORTER ALLEN, executrix of this My Last Will and Testament and direct that she shall

MICROFILM

R-19 96 - 14

be permitted to qualify and act as such without being required to give bond.  If my Wife predeceases me or in the event she does not wish to qualify as my executrix, then I constitute and appoint ~~the~~ *Sheldon Friedman, P.C.* ~~Bank~~, located at *1615 Peachtree St, Atlanta, Ga,* to be the executor of my estate.

IN WITNESS WHEREOF, I, the said O. LAMAR ALLEN, have to this my Last Will and Testament signed my name this __8__ day of *August*, 198*8*.

_O. Lamar All_

O. LAMAR ALLEN

Signed, published and declared by O. LAMAR ALLEN as and for his Last Will and Testament, in the presence of us, the subscribing witnesses, who in his presence, at his request, and in the presence of one another, all being present at the same time, have hereunto subscribed our names as witnesses this the __8th__ day of __Aug.__, 198*8*.

_Lila C. Sherwood_

(Witness)    Notary Public, Georgia, State at Large    (Address)
My Commission Expires Nov. 7, 1986

_John C. Roberts_       _Lilburn, Georgia._

(Witness)                 (Address)

_Phil E. Allen Sr_       COLUMBIA, S.C.

(Witness)                 (Address)

STATE OF GEORGIA
COBB COUNTY
I, THE UNDERSIGNED, Clerk of the Probate Court of
Cobb County, Georgia, DO HEREBY CERTIFY the
within and foregoing is a true and correct copy of the
original as it appears on record and file in the office of the
Probate Court of Cobb County, Georgia and that same is
in full force and effect.
WITNESS my hand and Seal of the Probate Court at
Marietta, Georgia this the ___17th___ day of _March, 2025_

_____
Clerk, Probate Court of Cobb County

Georgia Probate Court
Standard Form

95 AUG -7 PM 1:49

MICROFILM

PETITION TO PROBATE WILL IN SOLEMN FORM

14

GEORGIA, _____ COBB _____ COUNTY

To the Honorable Judge of the Probate Court:

The petition of _____ Betty Anne Allen _____,

whose mailing address is P. O. Box 720262, Atlanta, Georgia   30358 _____,

respectfully shows to the Court:

**1.**

On _____ July 17 _____, 19 96 , _____ O. _____ Lamar _____ Allen
                                                       First          Middle      Last

whose place of domicile was   3970 Paper Mill Road     Marietta   Cobb   Georgia 30067-
                                 Street                 City     County    State  4945

and whose legal residence was   SAME
                                 Street                 City     County    State

departed this life owning property in Georgia.

**2.**

While alive, decedent duly made and published a Last Will and Testament dated

_____ August 8, 1983 _____, which is herewith offered for probate in

Solemn Form.  Your petitioner is named as the Executor.

**3.**

Listed below are all of the deceased's heirs at law, with the age, address and

relationship to deceased set opposite the name of each:

| Name | Age | Address | Relationship |
|---|---|---|---|
| Betty Anne McWhorter Allen | Over 21 | 3970 Paper Mill Road Marietta, Georgia   30067-4945 | Wife |
| Amberly Anne Allen | 14 | 3970 Paper Mill Road Marietta, Georgia   30067-4945 | Daughter |
| Cameron Ross Allen | 13 | 3970 Paper Mill Road Marietta, Georgia   30067-4945 | Son |

Court Identification No.

Effective   7/86

-1-

4.

Additional Data: Where full particulars are lacking, state here the reasons for any such omission. Also, state here all pertinent facts which may govern the method of giving notice to any party and which may determine whether or not a guardian ad litem should be appointed for any party. If any heirs listed above are cousins, grandchildren, nephews or nieces of the deceased, please indicate the deceased ancestor through whom they are related to the deceased. If any executor nominated in the will has an equal or higher priority to the propounder, but will not qualify, indicate the name and reasons.

5.

To the knowledge of the petitioner, no other proceedings with respect to this estate are pending, or have been completed, in any other probate court in this state.

WHEREFORE, petitioner(s) pray(s) leave to prove said Will in solemn form, that due and legal notice be given as the law requires, that said Will be admitted to record on proper proof, that Letters Testamentary issue, and that this Court order such other relief as may be proper under the circumstances.

_____
Signature of Attorney (or      SHELDON E.
petitioner if pro se)      FRIEDMAN
Address: Friedman & Montalto, P.C.
1050 Crown Pointe Parkway, Suite 1550
Atlanta, Georgia  30338
Telephone Number:  (770) 395-1111

_____
Signature of Attorney (or
petitioner if pro se)
Address:

Telephone Number:

GEORGIA, _____COBB_____ COUNTY

Personally appeared before me the undersigned petitioner(s) who on oath state(s) that the facts set forth in the foregoing application are true.

_____
Petitioner  Betty Anne Allen
Residence Address: 3970 Paper Mill Road
Marietta, GA  30067-4945
Telephone Number:  (770) 859-0000

_____
Petitioner
Residence Address:

Telephone Number:

Sworn to and subscribed before me, this 23rd day of July, 19 96 .

_____
Clerk of Probate Court or Notary Public
Notary Public, Gwinnett County, Georgia
My Commission Expires Aug. 29, 1999

-2-



**Probate Court of Cobb County**

R-1396-14

**LETTERS TESTAMENTARY**
**(Not Relieved of Filing Returns)**
Estate Number 96-1072
From the Honorable Judge of Probate Court of said County.

WHEREAS, on the ___6th___ day of ___September___,

19_96___, at a regular term of the Probate Court, the Last Will and

Testament dated ___August 8___, 19_83_, of _____

___O. Lamar Allen___, deceased, at the time of his/her

death a resident of said County, was legally proven in ~~common~~/solemn

form and was admitted to record by order, and it was further ordered

that ___Betty Anne Allen___,

named as Executor(s) in said Will, be allowed to qualify, and that upon

so doing, Letters Testamentary be issued to such Executor(s).

NOW, THEREFORE, the said ___Betty Anne Allen___

_____, having taken the oath of office and complied

with all the necessary prerequisites of the law, is/are legally

authorized to discharge all the duties and exercise all the powers of

Executor(s) under the will of said deceased, according to the Will and

the law; and is/are hereby required to render a true and correct

inventory of all the goods, chattels, rights and credits of said

deceased, and make a return of them to this court each year until the

Executorship is fully discharged.

Given under my hand and official seal, the ___6th___ day of

___September___, 19_96___.

David A. Dodd
Judge of the Probate Court

Attested: Janice Bouldin

Janice Bouldin
Clerk, Probate Court

EFFECTIVE 7/87

GPCSF 25

STATE OF GEORGIA
COBB COUNTY
I, THE UNDERSIGNED, Clerk of the Probate Court of
Cobb County, Georgia, DO HEREBY CERTIFY the
within and foregoing is a true and correct copy of the
original as it appears on record and file in the office of the
Probate Court of Cobb County, Georgia and that same is
in full force and effect.
WITNESS my hand and Seal of the Probate Court at
Murietta, Georgia this the 17th day of March 2025

_____
Clerk, Probate Court of Cobb County

ORDER

PROBATE COURT OF ____COBB____ COUNTY

RE: ESTATE OF                        )
                                     )
____O. LAMAR ALLEN_____ ,         )    PETITION FOR PROBATE IN SOLEMN
DECEASED                             )    FORM

    It being shown to the Court in the matter of the alleged Last Will and Testament of the above-named deceased person, propounded by ___BETTY ANNE ALLEN___ _____ , named as Executor(X), that the said deceased died a resident of said County; and that due notice of the intention of said propounder(s) to proceed with the proof in solemn form at this term of court has been served on all of the heirs at law of said deceased, all in accordance with the laws of this State, and all other requirements of law having been fulfilled, and the said Will having been proven by (one of) the witnesses thereto to be the Last Will and Testament of said deceased as alleged by the propounder(s);

    IT IS ORDERED by this Court that said Will be established as the Last Will and Testament of said deceased; that the same be admitted to record, as proven in solemn form; and that said Executor(s) have leave to qualify as such, and upon so doing, that Letters Testamentary issue to said Executor(s).

    (Initial and complete the following if applicable:)

    ___ FURTHER ORDERED, that said Executor, being a non-resident of the State of Georgia, be relieved from posting bond, as provided in Item ___ of the Will and as provided by law.

_September 6, 1996_
DATE

_David A. Dodd_
JUDGE OF THE PROBATE COURT

OATH

    I do solemnly swear (or affirm) that this writing contains the true last will of the within named ____O. LAMAR ALLEN_____ , deceased, so far as I know or believe, and that I will well and truly execute the same in accordance with the laws of the State. So help me God.

Sworn to, and subscribed before me, this _4th_ day of _August_ 19_96_.

_____
Judge/Clerk of the Probate Court

_Betty Anne Allen_
Executor    BETTY ANNE ALLEN

_____
Executor

-7-

## INVENTORY

GEORGIA, PROBATE COURT OF _Cobb_ COUNTY

ESTATE NO. _96/1002/01_

**TO THE HONORABLE JUDGE OF THE PROBATE COURT OF SAID STATE AND COUNTY:**

FILED IN OFFICE

FEB 2 6 199?

PROBATE COURT OF COBB COUNTY

The following is a true and complete inventory of the estate of:
_Ashton Allen - 16 yrs, Lamar Allen 49_ (Minor) (Incompetent) (Deceased),
_Allen, O. Lamar_ , _Allen, O. Lamar_, (Guardian) (Administrator) (Executor).

| ITEM | APPROXIMATE VALUE |
|---|---|

1. **REAL ESTATE:**     (give address of property)
   Parcel One: _____
   Parcel Two: _____
   **TOTAL APPROXIMATE VALUE OF REAL ESTATE:** _____

2. **PERSONAL PROPERTY:**
   A.   Bank Accounts: (give name of institution, value, and account number)
   1.   Savings
     a. _No open accounts that I know of -_
     b. _were under $1,000. Closed it + paid_
   2.   Checking _off a Judgement to Cobb American Bank_
     a. _to Larry Rutt who represented_
     b. _Cobb American Bank_
   3.   Certificates of Deposit (institution & amount)
     a. _None_
     b. _____

   B.   Stocks (give # of shares in each company), Bonds (give face amount), and Other Securities
   1. _None_
   2. _____
   3. _____

   C.   Vehicles (automobiles, trucks, boats, etc.)
   1. _None_
   2. _____

   D.   Other personal property & personal effects
   _Office furniture, desks,_
   _file cabinets, some oriental_
   _rugs, lamps._
   **TOTAL APPROXIMATE VALUE OF PERSONAL PROPERTY:** _$1,000.00_

Number of Additional Sheets Attached and Made a Part Hereof: _____
Amount of Bond Posted Previously _____
Amount of Bond Posted Herewith

_Betty Ann Allen_
_Anne Allen_
Guardian - Administrator - Executor

ORDERED RECORDED this _31st_ day
of _March_ , 19 _97_ .

Sworn to and Subscribed before me this
_26th_ day of _February_ , 19 _96_.

_David A Dodd_
Judge of the Probate Court

NOTARY PUBLIC

Notary Public / Clerk, Probate Court

STATE OF GEORGIA
COBB COUNTY
I, THE UNDERSIGNED, Clerk of the Probate Court of
Cobb County, Georgia, DO HEREBY CERTIFY the
within and foregoing is a true and correct copy of the
original as it appears on record and file in the office of the
Probate Court of Cobb County, Georgia and that same is
in full force and effect.
WITNESS my hand and Seal of the Probate Court at
Marietta, Georgia this the ___ day of _____

Clerk, Probate Court of Cobb County