# EXHIBIT B

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors:   Ronald W. Krick and Margaret J. Krick, Individually, and as Co-Personal Representatives of the Estate of Oliver Krick (hereinafter referred to as "Decedent"); and Christopher Krick (hereinafter collectively referred to as "Releasors")

Releasees:   THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.   On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.   Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3.   For and in consideration of payment of the sum of REDACTED REDACTED in the form of two checks or drafts (REDACTED payable to "Schaden, Katzman, Lampert & McClune, in trust for Ronald W. Krick, Margaret J. Krick and Christopher Krick", and REDACTED payable to

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                        -1-

Gi V^YWihc¯7 cbⱫXYbh|U`]mï5 [ f YYa Ybhï]b¯?f]W_žYhïU'"j "F UmⱠ Ycb¯7 ca dUbnžYhïU'ž %&' !Wj !$, $- ' !5 A 8 !>5 A žl 'G"8 ]glf]Wï7 ci fhžcf`h Y'9 Ughïfb¯8 ]glf]WïcZBYk ¯Mcf_          6 C 9 $$' +

CONFIDENTIAL

"Steven R. Pounian, Plaintiffs' Liaison Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liaison Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to: injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation. This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law. This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release. Releasors acknowledge the adequacy of this payment as consideration in full for this Release. Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.      Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent. Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent. Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

6.      This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or

RELEASE OF ALL CLAIMS

[01038-3137/SL010430.187/24]                                    -2-

CONFIDENTIAL

in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent. Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.      Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.      Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed. Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                                    -3-

CONFIDENTIAL

by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.    In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

a.    The nature, extent or duration of Releasors' losses, injuries or damages; or

b.    The cause or causes for the Event; or

c.    The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

d.    Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.    Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.    Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

12.    This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                          -4-

CONFIDENTIAL

the same instrument. Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.    It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.    Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event. It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim. No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity. Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.    This Release contains the entire agreement and understanding of the parties. This Release may not be changed orally. The terms of this Release are contractual in nature and not mere recitals.

16.    This Release is to be construed and governed under the laws of the State of New York. Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.    Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.    RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]                    -5-

CONFIDENTIAL

Dated ___2-17-01___

_Ronald W. Krick_
**Ronald W. Krick**
Decedent's Father and Co-Personal
Representative of Decedent's Estate

SUBSCRIBED AND SWORN to before me this __17th__ day of __Feb_____, 2001.

_Rose Oliver_
(Signature of Notary)

ROSE OLIVER
Notary Public - State of Missouri
Lincoln County
My Commission Expires: November 6, 2004

_Rose Oliver_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
__Mo____, residing at _Lincoln County_
My Commission Expires: _11-6-04_


Dated _2-17-2001_

_Margaret J. Krick_
**Margaret J. Krick**
Decedent's Mother and Co-Personal
Representative of Decedent's Estate

SUBSCRIBED AND SWORN to before me this __17th__ day of __Feb_____, 2001.

_Rose Oliver_
(Signature of Notary)

ROSE OLIVER
Notary Public - State of Missouri
Lincoln County
My Commission Expires: November 6, 2004

_Rose Oliver_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
__Mo____, residing at _Lincoln County_
My Commission Expires: _11-6-04_


RELEASE OF ALL CLAIMS
[01038-3137/SL010430.187/24]

-6-

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors:     DOUGLAS KEVORKIAN, Individually, and as Personal Representative of the Estate of RALPH GEORGE KEVORKIAN (hereinafter referred to as "Decedent") and CHRISTINE ENLOW (hereinafter collectively referred to as "Releasors")

Releasees:     THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and any and all agencies, departments, and subdivisions of the GOVERNMENT OF THE UNITED STATES OF AMERICA (including the Federal Aviation Administration and the Department of Defense), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.     On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.     Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428]                          -1-

CONFIDENTIAL

3.     For and in consideration of payment of the sum of   REDACTED   REDACTED                    in the form of a check or draft payable to "O'Reilly, Collins & Danko, in trust for Douglas Kevorkian and Christine Enlow," which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.     The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.     Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]                              -2-

CONFIDENTIAL

6.     This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent.  Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary.  In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.     Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties.  Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.     Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages.  Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed.  Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected.  Releasors intend to discharge

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]                                          -3-

CONFIDENTIAL

Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.     In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

  a.   The nature, extent or duration of Releasors' losses, injuries or damages; or

  b.   The cause or causes for the Event; or

  c.   The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

  d.   Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.     Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person (a) the terms of this Release or (b) the allegation that the Event, or the injury to or death of Decedent, was caused by any defect in any product manufactured or sold by any Releasee, or by any negligence or fault attributable to any Releasee. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]                                    -4-

CONFIDENTIAL

11.     Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.     It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.     Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity.  Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.     This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.     This Release is to be construed and governed under the laws of the State of California.  Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.     Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.     RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE.

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]

-5-

CONFIDENTIAL

The attorneys representing Releasors indicate their approval of the form of this Release and agree to maintain the confidentiality of the terms of this Release in accordance with paragraph 10(a) above:

Dated _____5.02.00_____


_____
**Terry O'Reilly**
**O'Reilly, Collins & Danko**
Attorneys for Christine Enlow, Individually, and Douglas Kevorkian, Individually, and as Personal Representative of the Estate of Ralph George Kevorkian

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]                              -6-

CONFIDENTIAL

Dated _April 29, 2000_                    _D. Kv_
                                          Douglas Kevorkian, Individually
                                          and as Personal Representative of the
                                          Estate of Ralph George Kevorkian

SUBSCRIBED AND SWORN to before me this __29__ day of
__APRIL_____, 2000.

                                          _____
                                          (Signature of Notary)

CHANG NIM KIM
Commission #1102509
Notary Public - California
Los Angeles County
My Comm. Expires Jun. 26, 2000

                                          _Chang Nim Kim_
                                          (Print or Stamp Name of Notary)
                                          NOTARY PUBLIC in and for the State of
                                          _CA_____, residing at _914 Westwood Blvd LA CA 90024_
                                          My Commission Expires: _June 26 2000_

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]                        -7-

Gi V^YWňhˈc¨7 cbˈXYbȟU¯]mˈ5 [ f YYa Ybhˈ]bˈ?f]W_žYhŭ¨"¡ "FUmȟ Ycbˈ7 ca dŭbnžYhŭ¨"ž %&' !Wȷ!$, $-' !5 A 8 !>5 A žȷl 'G"8 ]gȟf]Wȟ7 ci fȟžcfˈȟ Y'9 UghȟYfbˈ8 ]gȟf]WȟcZBYk ˈMcf_        6 C9 $$$+

CONFIDENTIAL

Dated _____4·26·00_____

Christine M. Enlow

Christine Enlow,
Surviving Spouse of Decedent
Ralph George Kevorkian

SUBSCRIBED AND SWORN to before me this __26__ day of
__April__, 2000.

Lynette Joseph
(Signature of Notary)

LYNETTE JOSEPH
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
California, residing at __Orange__
My Commission Expires: __Aug. 15, 200__ 3

LYNETTE JOSEPH
Commission # 1232305
Notary Public — California
Orange County
My Comm. Expires Aug 15, 2003

RELEASE OF ALL CLAIMS
[01038-3137/SL003702.428/]

-8-

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

**Releasors:** William E. Smith, as Personal Representative of Donald E. Gough (hereinafter referred to as "Decedent") and Executor of Decedent's Estate; and Erik E. Gough and Eileen Zaharioudakis (hereinafter collectively referred to as "Releasors")

**Releasees:** THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1. On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2. Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3. For and in consideration of payment of the sum of REDACTED REDACTED in the form of two checks or drafts (REDACTED payable to "Speiser, Krause, Nolan & Granito, in trust for William E. Smith, Erik E. Gough and Eileen Zaharioudakis", and REDACTED payable to "Steven

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                    -1-

CONFIDENTIAL

R. Pounian, Plaintiffs' Liason Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liason Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.      Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

6.      This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                        -2-

CONFIDENTIAL

in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent. Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.      Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.      Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed. Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                                    -3-

CONFIDENTIAL

by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.     In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

a.    The nature, extent or duration of Releasors' losses, injuries or damages; or

b.    The cause or causes for the Event; or

c.    The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

d.    Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.     Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person (a) the terms of this Release or (b) the allegation that the Event, or the injury to or death of Decedent, was caused by any defect in any product manufactured or sold by any Releasee, or by any negligence or fault attributable to any Releasee. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.     Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                                    -4-

CONFIDENTIAL

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.     It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.     Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity.  Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.     This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.     This Release is to be construed and governed under the laws of the State of New York.  Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.     Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.     RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

Gi V^YWïhc`7 cbZ¡XYbh¡U¨]mï5 [ fYYa Ybh¡]b`?f]W_žYhïU"¡ "FUmh Ycb`7 ca dÜbnžYhïU"ž %&' !W¡!$, $-' !5A8!>5AžI 'G"8]gﬀ]Wﬀ7 ci fhžcf`ﬁ Y`9 Ughﬁfb`8]gﬀ]Wﬀc ZBYk `Mcf_          6C9$$&%

CONFIDENTIAL

Dated _____          _____

                                        **William E. Smit**‌

                                        Decedent's Pers‌

                                        Executor of Dec‌      *See attached*
                                                              *discharge*
                                                              *order.*

SUBSCRIBED AND SWORN to before me this __

_____, 2000.

                                        _____

                                        (Signature of Notary)

                                        _____

                                        (Print or Stamp Name of Notary)
                                        NOTARY PUBLIC in and for the State of
                                        _____, residing at _____
                                        My Commission Expires:_____

Dated *DECEMBER 2 2000*                  *Erik E. Gough*

                                        **Erik E. Gough**
                                        Decedent's son and sole child

SUBSCRIBED AND SWORN to before me this __2__ day of
*DECEMBER*, 2000.

                                        _____

                                        (Signature of Notary)

                                        *DONALD PAULI*

                                        _____

                                        (Print or Stamp Name of Notary)
                                        NOTARY PUBLIC in and for the State of
                                        *CA*, residing at *TRUCKEE*
                                        My Commission Expires:_____

DONALD PAULI
COMM. #1217788
NOTARY PUBLIC - CALIFORNIA
NEVADA COUNTY
My Comm. Expires May 28, 2003

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]                    -6-

CONFIDENTIAL

Dated _12/4/00_

*Eileen Zaharioudakis*

Eileen Zaharioudakis
Decedent's sister and sole surviving sibling

SUBSCRIBED AND SWORN to before me this _4th_ day of
_December_ , 2000.

_J. C. Burbage_
(Signature of Notary)

_J. C. Burbage_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_CA_ , residing at _202 West Napa St._
My Commission Expires: _4-20-2003_

OFFICIAL SEAL - 1214693
J. C. BURBAGE
NOTARY PUBLIC - CALIF.
COUNTY OF SONOMA
My Comm. Exp. April 20, 2003

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]

-7-

CONFIDENTIAL

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _12-04-00_

Frank H. Granito, III
Speiser, Krause, Nolan & Granito
Attorneys for William E. Smith, Erik E.
Gough and Eileen Zaharioudakis

RELEASE OF ALL CLAIMS
[01038-3137/SL003770.513/24]

-8-

# SPEISER, KRAUSE, NOLAN & GRANITO

COUNSELLORS AT LAW

*Two Grand Central Tower*
*140 East 45th Street*
*New York, N.Y. 10017*

(212) 661-0011

FAX: (212) 953-6483

**WASHINGTON D.C. OFFICE**
2300 CLARENDON BLVD.
SUITE 306
ARLINGTON, VA 22201
(703) 522-7500
FAX: (703) 522-7505

**CALIFORNIA OFFICE**
1 PARK PLAZA
SUITE 470
IRVINE, CA 92614
(949) 553-1421
FAX: (949) 553-1346

**TEXAS OFFICE**
900 JACKSON STREET
SUITE 750
DALLAS, TX 75202-4427
(214) 752-4664
FAX: (214) 752-4774

**FLORIDA OFFICE**
MIAMI CENTER - 10TH FLOOR
201 SOUTH BISCAYNE BLVD.
MIAMI, FLORIDA 33131
(305) 375-9400
FAX: (305) 375-0337

PLEASE REPLY TO
NEW YORK OFFICE

December 6, 2000

**VIA FACSIMILE (206) 583-8500**
**AND FIRST CLASS MAIL**

Jay Brown, Esq.
Perkins Coie, LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

Re: <u>Donald Gough, Deceased/TWA Flight 800</u>

Dear Jay:

The enclosed demonstrates why it is not necessary for William Smith to execute a Release on behalf of the Estate of Donald Gough. Indeed, Mr. Smith no longer has authority to act as Donald's personal representative.

Very truly yours,

Frank H. Granito, III

FHG:mlc
Enclosure

Gi V^YWïhc¯7 cbⱫXYbh|U¯]m̃5 [ f YYa Ybh¯]b¯?f]W_žYhïU'"j "FUmʰ Ycb¯7 ca dUbn̆žYhïU"ž %&' !W̯ !$, $-' !5 A 8 !>5 A žl 'G"8 ]glf]W̃7 ci fh̃ẑf¯ħ Y¯9 Ugh̆ʰfb¯8 ]glf]W̃icZBYk ˙Mcf_          6 C9$$&)

FILED

'99 AUG 26 A9:29

AMY HARVEY CLERK
BY_____C. Hogan
DEPUTY

DOCUMENT CODE 2770
L. Robert LeGoy, Esq.
Nevada Bar #698
Michaelle D. Rafferty, Esq.
Nevada Bar #5097
WALTHER, KEY, MAUPIN, OATS,
  COX, KLAICH & LeGOY
3500 Lakeside Court, Suite 200
Reno, NV  89509
(775) 827-2000
Attorneys for The Executor

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

In the Matter of the Estate of

Donald E. Gough,

CASE NO. CV96-05099

DEPT. NO. PR

Deceased.

## ORDER SETTLING THIRD AND FINAL ACCOUNT AND FOR THE FINAL DISTRIBUTION OF THE ESTATE

The Petition of William E. Smith (the "Petitioner") for the settlement of the third and final account and for final distribution of the estate came on regularly for hearing this day. No person having appeared to contest the Petition, and on proof duly made to the satisfaction of the Court, the Court now finds the following:

1.  Notices of the hearing on the Petition have been duly given as required by law. An Affidavit of Mailing of the Notices of Hearing has been filed with the Clerk of the Court.

2.  Donald E. Gough (the "Decedent"), died testate on July 17, 1996. At the time of his death he was a resident of Incline Village, Washoe County, Nevada and left a Will and an estate in the State of Nevada subject to probate administration.

1.

3. The Decedent's Will dated January 17, 1983 was admitted to probate on September 12, 1996. The Petitioner was appointed the Executor of the Decedent's Will and estate, to serve without bond. Letters Testamentary were issued to him on the same day. The Petitioner has served as the Executor of the Decedent's Will and estate since that date.

4. Notice to Creditors has been given for the time and in the manner required by law, and the time for filing or presenting claims has expired. All claims have been paid.

5. Federal and state estate tax returns have been filed for the Decedent's estate, and the taxes shown due thereon have been paid. The returns have been audited, and the Petitioner has been released from personal liability for estate taxes payable by the estate.

6. All federal and state income tax returns due on behalf of the Decedent and the estate as of the date of this Petition have been filed, and the taxes shown due thereon have been paid. Any additional income tax returns due on behalf of the Decedent and the estate will be timely filed, and the taxes shown due thereon will be timely paid. The returns that have been filed have been audited, and the Petitioner has been released from personal liability for federal and state income tax liabilities due from the Decedent and the estate.

7. On February 19, 1997, Petitioner filed an Inventory, Appraisement, and Record of Value. A Supplement to Inventory, Appraisement, and Record of Value was filed on February 26, 1997,

2.

and a Second Supplement to Inventory, Appraisement and Record of Value was filed on March 4, 1997. In addition, a First Amendment to Article III of the Inventory, Appraisement and Record of Value was filed on March 13, 1997. The Inventory along with the various supplements and amendment constitutes all of the assets of the Decedent's probate estate subject to probate administration in the State of Nevada. The First Account and Second Account were previously filed and approved by the Court. The Petitioner has taken all actions approved pursuant to the Court's Orders relating to the First Account and Second Account.

8. The Third And Final Account of the Petitioner is in order and should be settled, allowed, and approved as filed.

9. On February 17, 1999, Petitioner filed a Stipulation executed between Petitioner and Erik E. Gough, individually and as Administrator of the Decedent's California estate. The Stipulation provided that Erik E. Gough released Petitioner from liability for any actions or inactions of Petitioner as Executor in exchange for Petitioner not renewing his Executor's liability insurance at an expense to the estate. In addition, Erik E. Gough agreed to take responsibility for any additional taxes and for pursuing any wrongful death and/or personal injury actions on behalf of the estate and relieved Petitioner of responsibility for the same. The Stipulation should be approved and confirmed as filed.

9. Petitioner has rendered valuable services as Executor and is entitled to statutory commissions. The Petitioner's statutory commissions total Seven Thousand, One Hundred Twenty-Four and

3.

35/100 Dollars ($7,124.35). The Court has previously approved preliminary payments of Executor's ordinary commissions in the amount of Six Thousand, Seven Hundred Forty and no/100 Dollars ($6,740.00). The remaining balance of the statutory commissions in the amount of Three Hundred Eighty-Four and 35/100 Dollars ($384.35) should be approved.

10. The law firm of Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy, the attorneys for the Co-Executors and the estate, is entitled to reasonable compensation for legal services rendered on behalf of the estate. The law firm has filed a Fourth And Final Application of Allowance for Attorneys' Fees and Costs requesting fees of Three Thousand, Eight Hundred Nineteen and 26/100 Dollars ($3,819.26) and costs advanced of One Hundred Eighteen and 61/100 Dollars ($118.61). The Application is in order and should be approved as filed.

11. The estate is in a condition to be closed and should be distributed in accordance with the Decedent's Will. The Decedent's Will provides for the distribution of the estate to Erik E. Gough The remaining assets of the probate estate, together with any other assets of the Decedent or of the estate that are not now known or discovered, should be distributed to Erik E. Gough pursuant to this provision.

Based upon the above, the Court now orders the following:

A. All the acts and transactions of the Petitioner, as Executor of the Decedent's Will and estate, as disclosed in the Petition and Third and Final Account, are confirmed and approved

4.

without need for further accounting.

B. The Stipulation entered into between the Petitioner, as Executor of the Decedent's Will and estate, filed February 17, 1999 is hereby approved.

C. The Petitioner is authorized to satisfy the remaining balance of statutory Executor's commissions in the amount of Three Hundred Eighty-Four and 35/100 Dollars ($384.35).

D. The Application of Allowance for Attorneys' Fees and Costs filed by the law firm of Walther, Key, Maupin, Oats, Cox, Klaich & LeGoy is hereby approved and filed. The Petitioner is authorized to pay the law firm the sum of Three Thousand, Nine Hundred Thirty-Seven and 87/100 Dollars ($3,937.87) as requested in the Application.

D. The estate, together with any other assets of the Decedent or of the estate that are not now known or discovered shall be distributed in accordance with the Decedent's Will to Erik E. Gough

E. Upon the filing of the Receipts of Distribution, the estate is to be closed without any further accounting.

Dated this 6th day of August, 1999.

*Peter J. Breen*

District Judge

Order submitted by:
Walther, Key, Maupin, Oats,
  Cox, Klaich & LeGoy

By *Michaelle D. Rafferty*
  Michaelle D. Rafferty, Esq.
  Nevada Bar No. 5097

5.

Gi V^YWihc¯7 cbZ]XYbh]U¯]mî5 [ fYYa Ybh]b¯?f]W_žYhiU¨¨j ¨FUmh\ Ycb¯7 ca dUbmžYhiU¯ž
%&¨ !Wj¨!$, $-¨¨!5A8¨!>5A ž]¨ ¨'G"8 ]ghf]Wh7 ci¨fh]Zc¨f¨h¨ Y¯9UghYfb¨8 ]ghf]WicZBYk ¨Mcf_       6 C9$$'$

Case No.  CV96-05099

Dept. No.  10

'99 FEB 17 P2:33

T. Prince
BY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

IN THE MATTER OF THE ESTATE

OF                                              STIPULATED AGREEMENT

DONALD E. GOUGH,

              Deceased.
_____/

William E. Smith ("Bill"), Executor for the Estate of Donald E. Gough and Erik E. Gough ("Erik"), individually as sole beneficiary and as Special Administrator With Will Annexed of the California Estate of Donald E. Gough, Deceased, hereby agree and stipulate to the following:

I

BACKGROUND

1.    Date of Death.  Donald E. Gough (the "Decedent"), died on July 17, 1996, as a victim of the TWA flight 800 disaster.  At the time of his death, the Decedent was a resident of Incline Village, Washoe County, Nevada.

2.    Holographic Wills.  The Decedent left a holographic Will which was admitted to probate on September 12, 1996, in the Second Judicial District Court in and for the County of Washoe, State of Nevada.  Bill was appointed as Executor of the Nevada Estate and has acted in that capacity since September 12, 1996.

3. Beneficiaries. Erik is the Decedent's only child. Erik is now residing in Mill Valley, California and is the sole surviving devisee under the Decedent's Will.

4. Nevada Estate. Bill has liquidated and distributed all assets of the Nevada estate with the exception of approximately $10,000.00 cash held in an estate account. All actions of Bill from the opening of the probate administration through the Second Account have been accepted, allowed, and approved by the Court. All creditor claims have been satisfied. A federal estate tax return has been filed and all taxes due thereon have been paid. Federal income tax returns for the Decedent and the Decedent's estate have been filed as required and any taxes due thereon have been paid. The estate is in a condition to be closed pending resolution of two outstanding matters: (1) Receipt of a final closing letter from the Internal Revenue Service regarding the Decedent's federal estate tax return and (2) Resolution of the pending personal injury/wrongful death litigation pending by the estate against those individuals and entities, including but not limited to Trans World Airlines who may have some responsibility for the death of the Decedent.

5. California Estate. The Decedent owned real property located at 1035 Erica Road, Mill Valley, Marin County, California (the "California Property"). An ancillary probate proceeding in Marin County, California was necessary to probate the Decedent's interest in the California Property. Pursuant to a prior Stipulated Agreement between various parties, including Bill and Erik, Erik was appointed as the Administrator of the California

2.

Gi V^YWïhc¯7 cbⱫXYbhjU¯]hm5 [ fYYa Ybhï]b¯?f]W_žYhïU¯"j "FUmhⱠ Ycb¯7 ca dUbnžYhïU¯ž %&' !Wj¯!$, $-' !5 A 8 !>5 A ž l¯'G"8 ]glf]Wh¯7 ci fh²cf¯h¯ Y¯9 UghⱠ Yfb¯8 ]glf]Wh⯠WïcZBYk ¯Mcf_    6 C9$$' &

ancillary estate. The ancillary administration was completed, final distribution was authorized by the California Court, and all assets were distributed to Erik.

6. **Executor's Liability Insurance.** During the course of administration, Bill has maintained Executor's liability insurance with the expense being charged to the estate. The date for renewal of the policy is approaching.

7. **Acceptance of Responsibility for Taxes and Litigation.** Pursuant to the Stipulated Agreement entered into between various parties including Bill and Erik, dated February 24, 1997, Erik agreed to and accepted responsibility for the payment of any and all income and estate tax deficiencies attributable to the Decedent's estate. In addition, Erik agreed to and accepted the responsibility for pursuing litigation against the individuals and/or entities who may be responsible for the Decedent's death. In line with those previous agreements, Erik submitted payment to the Internal Revenue Service for the estate taxes due, signed the Affidavit of Residency for California, and signed the California Estate Tax Returns on behalf of the Decedent. Further, Erik is the Special Administrator With Will Annexed (in California) and accordingly has authority to pursue legal action on behalf of himself and the estate against those individuals and/or entities believed to be responsible for the death of the Decedent, which action is currently pending in the State of New York.

\\\

\\\

\\\

3.

## II

## STIPULATION, RELEASE, AND WAIVER

Based upon the above, and in consideration for each other's promises provided below, Bill and Erik, hereby agree and stipulate as follows:

1.  Due to the expense to the estate to maintain the Executor's liability insurance, Bill has agreed to forego renewal of the same during the remainder of the administration of the Nevada probate estate.

2.  Erik hereby agrees to release and waive any and all claims he may have as a beneficiary or in his capacity as a representative of the estate against Bill, for any and all actions performed by Bill, in Bill's capacity as Executor for the estate.

3.  Erik further agrees to continue the pursuit of the personal injury claims and/or wrongful death claims which may exist as a result of the Decedent's death on behalf of the estate and relieves Bill of any and all responsibility to pursue the same. The Parties agree and reiterate their previous agreement that Bill will not seek to file a personal injury/wrongful death action on behalf of Decedent's Estate  unless directly requested to by Erik.

4.  Finally, Erik agrees and reiterates his previous agreement to be responsible for the payment of any taxes found to exist on behalf of the Decedent or Decedent's estate in conformance with the Stipulated Agreement dated February 24, 1997.  In conformance with the Nevada Federal Estate Tax Apportionment Law, NRS 150.290 et. seq.

4.

5.    Bill and Erik hereby agree and stipulate that this Stipulated Agreement is a complete settlement, release, and waiver of any claims either individual may have against the other with regard to the administration of the Decedent's Nevada estate.

## III

## EXECUTION IN COUNTERPARTS AND BY FACSIMILE

Bill and Erik hereby agree and stipulate that this Stipulated Agreement can be executed in counterparts, and that each will accept a facsimile copy of the executed original as proof of each other's acceptance and agreement to the terms contained within this Stipulated Agreement.

Date: 12 FEB 99

_____
William E. Smith,
Executor of the Nevada Estate of
Donald E. Gough, Deceased

Date: 2-5-99

_____
Erik E. Gough, individually and
as Administrator With Will Annexed
of the California Estate of Donald
E. Gough, Deceased

5.

Gi V^YWihc`7 cb4XYbh]U`]mî5 [ f YYa Ybh]b`?f]W_žYhiU`"j `"FUmh\ Ycb`7 ca dUbnžYhiU`"ž %&' !Wj !$, $-`' !5 A 8 !>5 A žl `'G"8 ]ghf]Wh7 ci fh2c f`h Y`9 Ugh\Yfb`8 ]ghf]WhcZBYk `Mcf_    6 C 9 $$' )

APPROVED & ACCEPTED:

WALTHER, KEY, MAUPIN, OATS,          Law & Mediation Office
COX, KLAICH & LEGOY                  Gregory C. Dyer

By _Michaelle D. Rafferty_          By _____
    L. Robert LeGoy, Esq.               Gregory C. Dyer, Esq.
    Michaelle D. Rafferty, Esq.     103 E. Blithedale Ave., Suite 1
3500 Lakeside Court                 Mill Valley, California 94941
P.O. Box 30000                      (415) 383-5061
Reno, Nevada 89520
(775) 827-2000
                                        Attorney for Erik E.
    Attorneys for William E.            Gough
    Smith, Executor for the
    Nevada Estate of Donald
    E. Gough

6.

Gi V^YWihc`7cbⱫXYbhjU`]mⁿ5[ fYYa Ybhj]b`?f]W_žYhiU`"j "FUmh Ycb`7ca dUbnžYhiU`"ž
%&' !Wj!$, $-' !5A8!>5AžI 'G"8]gh]Wi7ci fhⱫcf`h Y9UghjYfb`8]gh]WicZBYk `Mcf_          6 C9$$'*

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors:      Betty Anne Allen, Individually, and as Personal Representative of Otis Lamar Allen (hereinafter referred to as "Decedent") and Executrix of Decedent's Estate; and Amberly Anne Allen and Cameron Ross Allen (hereinafter collectively referred to as "Releasors")

Releasees:      THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.      On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.      Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

RELEASE OF ALL CLAIMS
[/lamar release final.doc/24]                          -1-

CONFIDENTIAL

3.      For and in consideration of payments and other consideration set forth in the attached ADDENDUM TO RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119, incorporated herein, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.      Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

RELEASE OF ALL CLAIMS
[/SL012880259.DOC/24]                                    -2-

CONFIDENTIAL

6.       This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent.  Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary.  In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.       Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties.  Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.       Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages.  Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed.  Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more

RELEASE OF ALL CLAIMS
[/SL012880259.DOC/24]                    -3-

CONFIDENTIAL

extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.   In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

    a.   The nature, extent or duration of Releasors' losses, injuries or damages; or

    b.   The cause or causes for the Event; or

    c.   The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

    d.   Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.   Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

RELEASE OF ALL CLAIMS
[/SL012880259.DOC/24]                                  -4-

CONFIDENTIAL

11.     Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.     It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.     Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity.  Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.     This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.     This Release is to be construed and governed under the laws of the State of New York.  Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.     Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.     RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND

Gi V^YWîihc˙7 cbℤXYbℏﾞ]U˙]mï5 [ f YYa Ybhﾟ]bﾟ?f]W_ẐYhïU'˙"j "F Umℏ Ycb˙7 ca dUbnẐYhïU'˙ℤ
%&' !Wﾟ!$, $-' !5 A 8!>5 A žl ˙G"8 ]gℏf]Wﾏﾟ7 ci fhℤcfˆ˙ℏ Y˙9 Ughℏﾟfbˆ8 ]gℏf]WﾏﾟicZBYkˆ˙Mcf_                                          6 C 9 $$+%

CONFIDENTIAL

HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

RELEASE OF ALL CLAIMS

[/SL012880259.DOC/24]                                    -6-

CONFIDENTIAL

Dated _10/17/01_

_Betty Anne Allen_ (signature)

**Betty Anne Allen**
Decedent's Wife, Personal
Representative and Executrix of
Decedent's Estate

SUBSCRIBED AND SWORN to before me this ___17___ day of

_October_____, 2001.

_(signature)_
(Signature of Notary)

_Scott C. Commander_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_Georgia_, residing at
My Commission Expires:

Dated _October 18, 2001_

_Amberly Allen_ (signature)

**Amberly Anne Allen**
Decedent's Adult Daughter

SUBSCRIBED AND SWORN to before me this _16th_ day of

_October_____, 2001.

_(signature)_
(Signature of Notary)

_Stacey L. Whitehouse_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_Colorado_, residing at _Boulder County, Colorado_
My Commission Expires:

My commission expires September 1, 2003
2935 Baseline Road • Boulder • CO • 80303

RELEASE OF ALL CLAIMS
[/SL012880259.DOC/24]

-7-

CONFIDENTIAL

Dated _Oct. 18/2001_

**Cameron Ross Allen**
Decedent's Adult Son

SUBSCRIBED AND SWORN to before me this _16th_ day of _October_, 2001.

_(Signature of Notary)_
(Signature of Notary)

_Stacey L. Whitehouse_
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_Colorado_, residing at _Boulder County, Colorado_
My Commission Expires:_____

My commission expires  September 1, 2003
2935 Baseline Road • Boulder • CO • 80303

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _October 20, 2001_

Scott C. Commander, Esq.
Attorneys for Betty Anne Allen, Amberly
Anne Allen and Cameron Ross Allen

RELEASE OF ALL CLAIMS
[/lamar release final.doc/24]                                    -8-

Gi V^YWihc˙7cbⱫXYbh]U˙]m5[ fYYa Ybh]b˙?f]W_žYhiU˙"j "FUm̊ Ycb˙7ca dUbnžYhiU˙ž %&' !W̥!$, $-' !5A8!>5AžI 'G"8]glf]W̊7ci fh̥cf˙h Y'9Ugh̊Yfb˙8]glf]W̊icZBYk˙Mcf_
6C9$$+(

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasor:      Betty Anne Allen, Individually, and as Personal Representative of Ashton Lamar Allen (hereinafter referred to as "Decedent") and Administrator of Decedent's Estate; (hereinafter referred to as "Releasor")

Releasees:      THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasor in whole or in part for any and/or all damages and losses to Releasor, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.      On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.      Releasor hereby represents and warrants that the relationship listed beneath the undersigned's signature is true, that he is the sole heir at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasor represents and warrants is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

RELEASE OF ALL CLAIMS
[/ashton release final.doc/24]          -1-

CONFIDENTIAL

3.      For and in consideration of payment of the sum of   REDACTED
REDACTED                          in the form of two checks or drafts
(REDACTED payable to "Thomas W. Malone, P.C., in trust for Betty Anne Allen", and
REDACTED payable to "Steven R. Pounian, Plaintiffs' Liaison Counsel"), which sum shall
be deemed to have been paid upon the delivery of such checks or drafts to Releasor,
receipt of which is hereby acknowledged, Releasor releases and forever discharges
any and all actions, causes of action, suits, debts, dues, sums of money, accounts,
reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements,
promises, warranties, variances, trespasses, damages, judgments, extents, executions,
claims, and demands whatsoever, in law, admiralty or equity, which against Releasees
the Releasor ever had, now has or hereafter can, shall or may have, for, upon, by
reason of, arising out of, or in any way related to the Event, including but not limited
to:  injury to or death of Decedent (whether assertable by Decedent's heirs,
beneficiaries, dependents, or personal representative, or by anyone else, and whether
characterized as claims for wrongful death, survival, survivorship, personal injuries, or
otherwise); loss of or damage to Decedent's baggage or other property; and amounts
paid by or on behalf of Decedent for transportation.  This Release expressly extends to
and includes, but is not limited to, any and all causes of action based on any wrongful
death act, survival statute, or common law.  This Release also expressly extends to
and includes, but is not limited to, each and every claim or cause of action that could
have been asserted for all past and future economic damages, noneconomic damages
and awards recoverable or potentially recoverable from any person, including, but not
limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses,
disfigurement, pain and suffering, grief or emotional distress, and loss of consortium,
support, pecuniary benefits, income, companionship, assistance, services, training,
education or society.

4.      The payment set forth above is the entire and only consideration for this
Release.  Releasor acknowledges the adequacy of this payment as consideration in full
for this Release.  Releasor acknowledges that he shall be responsible for the payment
of his own costs and expenses, including his own attorneys' fees.

5.      Releasor intends this Release to constitute a full release and discharge of
any and all claims that they may have arising out of the injury to and death of
Decedent.  Releasor states that he intends to release fully all individuals, entities or
corporations, whether specifically named or not, that might be liable for damages
arising out of the injury to or death of Decedent.  Releasor agrees that he will not,
directly or indirectly, make or cause to be made any further action against any person
(including any individual, corporation or other entity) for losses, damages or injuries
arising out of the injury to or death of Decedent.

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                    -2-

Gi V^YWihc˙7 cbⱫXYbh�bU]hm5 [ fYYa Ybhi]b˙?f]WⱫYhiU˙"j "FUmⱠ Ycb˙7 ca dUbnⱫYhiU˙ⱬ %&' !Wͺ!$, $-' !5 A 8!>5 A žl 'G"8]ghf]Wͺ7 ci fhⱫc˙ⱡ h Y˙9Ughͺfb˙8]ghf]WͺicZBYk ˙Mcf_                    6C9$$*$

CONFIDENTIAL

6.      This Release is intended to, and Releasor represents and warrants that it will, dispose of all liability of Releasees to Releasor and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent.  Releasor represents and warrants that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasor, Decedent, or any other beneficiary.  In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasor agrees to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.      Releasor hereby assigns, transfers, and sets over by way of subrogation to Releasees, their successors and assigns, all of Releasor's rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasor has or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasor pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasor hereby empowers the subrogated Releasees to sue, compromise, or settle in the place of the Releasor, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties.  Releasor represents and warrants that he has not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.      Releasor enters into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages.  Releasor realizes that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed.  Releasor assumes all risk, chance or hazard that his losses, injuries or damages may be or become permanent, progressive, greater or more

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                              -3-

CONFIDENTIAL

extensive than is now known, anticipated or expected. Releasor intends to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law by Releasor. Releasor also fully understands and acknowledges that facts concerning his claims may be found hereafter to be other than or different from the facts he now believes to be true. Releasor expressly accepts and assumes the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasor waives any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.      In entering into this Release, Releasor does not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

    a.  The nature, extent or duration of Releasor's losses, injuries or damages; or

    b.  The cause or causes for the Event; or

    c.  The legal liability of any Releasee for the losses, injuries or damages to Releasor; or

    d.  Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasor.

10.     Releasor and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasor promises and agrees that he will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                    -4-

CONFIDENTIAL

11.    Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

12.    This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasor may separately execute this agreement.

13.    It is the express intent and understanding of Releasor and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.    Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasor or any other person or entity.  Releasor acknowledges that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.    This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.    This Release is to be construed and governed under the laws of the State of New York.  Releasor and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.    Releasor acknowledges and declares that he has received a copy of this Release, that he has carefully read and fully understand its provisions, and that he is signing it voluntarily and of his own free will.

18.    RELEASOR EXPRESSLY CONFIRMS THAT HE HAS CONSULTED WITH HIS ATTORNEYS CONCERNING THIS RELEASE AND

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                        -5-

CONFIDENTIAL

HAS BEEN FULLY ADVISED WITH RESPECT TO HIS RIGHTS AND OBLIGATIONS HEREUNDER.

RELEASE OF ALL CLAIMS

[/SL012890079.DOC/24]

-6-

Gi V^YWñïhc¨7 cbZ]XYbh]U¨]hm5 [ fYYa Ybh]b¨?f]W_ïYñïU¨"j "FUmħ Ycb¨7 ca dUbnžYñïU¨'ž
%&' !W]!$, $-¨' !5 A 8 !>5 A žl 'G"8 ]għf]Wñ7 ci fh¨Zcf¨ħ Y¨9 Ugħ¨Yfb¨8 ]għf]WñïcZBYk ¨Mcf_        6 C 9 $$*(

CONFIDENTIAL

Dated ___10/17/01___

**Betty Anne Allen**
Decedent's Mother, Personal Representative,
and Administrator of Decedent's Estate

SUBSCRIBED AND SWORN to before me this ___17th___ day of

___October___, 2000.

_____
(Signature of Notary)

_____
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
___Georgia___, residing at _____
My Commission Expires: _____

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                    -7-

CONFIDENTIAL

The attorneys representing Releasor indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated ___October 7, 2001___          _____
                                      Scott C. Commander, Esq.
                                      Attorneys for Betty Anne Allen

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                        -8-

CONFIDENTIAL

# RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors:    Jodelle M. Gearon, Individually, and as Personal Representative of Daniel Joseph Gaetke (hereinafter referred to as "Decedent") and Administrator Ad Litem of Decedent's Estate; and David Lee Gaetke (hereinafter collectively referred to as "Releasors")

Releasees:    THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.    On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.    Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3.    For and in consideration of payment of the sum of    REDACTED REDACTED                    in the form of two checks or drafts (REDACTED payable to "Speiser, Krause, Nolan & Granito , in trust for Jodelle M. Gearon and David Lee Gaetke", and REDACTED payable to "Steven R. Pounian,

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161]                    -1-

Gi V^YWĩhc¨7 cbⱫXYbʰjU¯]ḿ5 [ fYYa Ybʰj̄b¨?f]W_žYʰiU¯"j "FUḿʰ Ycb¨7 ca dUbnžYʰiU¯ž %&' !Wj̄!$, $-' !5 A 8 !>5 A žĪ 'G"8 ]gʰf]Wʰ7 ci fʰi̇z̄f¨h Y¨9 UgʰYʰfb¨8 ]gʰf]WʰicZBYk ¨Mcf_          6 C 9 $$$-

CONFIDENTIAL

Plaintiffs' Liason Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liason Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release.  Releasors acknowledge the adequacy of this payment as consideration in full for this Release.  Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5.      Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

6.      This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or

CONFIDENTIAL

in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent. Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary. In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.    Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties. Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.    Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages. Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed. Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. Releasors intend to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law

CONFIDENTIAL

by Releasors.  Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true.  Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts.  Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.    In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

a.    The nature, extent or duration of Releasors' losses, injuries or damages; or

b.    The cause or causes for the Event; or

c.    The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

d.    Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.    Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons.  Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person (a) the terms of this Release or (b) the allegation that the Event, or the injury to or death of Decedent, was caused by any defect in any product manufactured or sold by any Releasee, or by any negligence or fault attributable to any Releasee.  Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.    Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]                                        -4-

CONFIDENTIAL

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.     It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.     Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity.  Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.     This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.     This Release is to be construed and governed under the laws of the State of New York.  Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.     Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.     RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

CONFIDENTIAL

Dated ___10/13/00___



**Jodelle M. Gearon**
Individually as Decedent's Sister and as
Decedent's Personal Representative and
Administrator Ad Litem of Decedent's Estate

SUBSCRIBED AND SWORN to before me this ___13ᵗʰ___ day of
___OCTOBER___, 2000.

Kory Riederer
NOTARY PUBLIC~STATE OF KANSAS
MY APPT EXP: 1-4-04

_____
(Signature of Notary)

___KORY RIEDERER___
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
___KANSAS___, residing at ___JOHNSON COUNTY___
My Commission Expires: ___1-4-04___

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]

-6-

CONFIDENTIAL

Dated _10/11/2000_

David Lee Gaetke

Decedent's Father

SUBSCRIBED AND SWORN to before me this __11th__ day of _October_ , 2000.

_Marguerite Edmonds_

(Signature of Notary)

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Marguerite L. Edmonds
Appt. No. 00-60917-1
My commission expires Sept. 10, 2003

_____

(Print or Stamp Name of Notary)

NOTARY PUBLIC in and for the State of

_Nevada_ residing at _Clark Co._

My Commission Expires: _9-10-03_

RELEASE OF ALL CLAIMS

[01038-3137/SL003753.161/24]

-7-

CONFIDENTIAL

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _10/18/00_

Frank H. Granito, III

**Speiser, Krause, Nolan & Granito**
Attorneys for Jodelle M. Gearon, David Lee
Gaetke, Barbara Gaetke, Lisa Cordova,
Craig Gaetke and Todd Gaetke

RELEASE OF ALL CLAIMS
[01038-3137/SL003753.161/24]

-8-