# EXHIBIT D

CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasor:        Betty Anne Allen, Individually, and as Personal Representative of Ashton Lamar Allen (hereinafter referred to as "Decedent") and Administrator of Decedent's Estate; (hereinafter referred to as "Releasor")

Releasees:       THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasor in whole or in part for any and/or all damages and losses to Releasor, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.      On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.      Releasor hereby represents and warrants that the relationship listed beneath the undersigned's signature is true, that he is the sole heir at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasor represents and warrants is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

RELEASE OF ALL CLAIMS
[/ashton release final.doc/24]                    -1-

CONFIDENTIAL

3.      For and in consideration of payment of the sum of  REDACTED REDACTED                          in the form of two checks or drafts (REDACTED payable to "Thomas W. Malone, P.C., in trust for Betty Anne Allen", and REDACTED payable to "Steven R. Pounian, Plaintiffs' Liaison Counsel"), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasor, receipt of which is hereby acknowledged, Releasor releases and forever discharges any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasor ever had, now has or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to:  injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation.  This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law.  This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4.      The payment set forth above is the entire and only consideration for this Release.  Releasor acknowledges the adequacy of this payment as consideration in full for this Release.  Releasor acknowledges that he shall be responsible for the payment of his own costs and expenses, including his own attorneys' fees.

5.      Releasor intends this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent.  Releasor states that he intends to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent.  Releasor agrees that he will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                    -2-

Gi V^YWihc`7 cbŽXYbhjU]hmi5 [ fYYa Ybhi]b`?f]W_žYhiU'"j "FUmh Ycb`7 ca dUbnžYhiU'"ž %&' !Wj!$, $-' !5A8!>5AžI "G"8]ghf]Wh7ci fhŽcf`h Y^9Ughjfb`8]ghf]WhicZBYk `Mcf_

6C9$$*$

CONFIDENTIAL

6.      This Release is intended to, and Releasor represents and warrants that it will, dispose of all liability of Releasees to Releasor and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent.  Releasor represents and warrants that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasor, Decedent, or any other beneficiary.  In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasor agrees to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.      Releasor hereby assigns, transfers, and sets over by way of subrogation to Releasees, their successors and assigns, all of Releasor's rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasor has or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasor pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasor hereby empowers the subrogated Releasees to sue, compromise, or settle in the place of the Releasor, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties.  Releasor represents and warrants that he has not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.      Releasor enters into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages.  Releasor realizes that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed.  Releasor assumes all risk, chance or hazard that his losses, injuries or damages may be or become permanent, progressive, greater or more

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                    -3-

CONFIDENTIAL

extensive than is now known, anticipated or expected. Releasor intends to discharge Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law by Releasor. Releasor also fully understands and acknowledges that facts concerning his claims may be found hereafter to be other than or different from the facts he now believes to be true. Releasor expressly accepts and assumes the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasor waives any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.      In entering into this Release, Releasor does not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

    a.    The nature, extent or duration of Releasor's losses, injuries or damages; or

    b.    The cause or causes for the Event; or

    c.    The legal liability of any Releasee for the losses, injuries or damages to Releasor; or

    d.    Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasor.

10.     Releasor and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasor promises and agrees that he will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                    -4-

CONFIDENTIAL

11.     Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release.

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasor may separately execute this agreement.

13.     It is the express intent and understanding of Releasor and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.     Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasor or any other person or entity.  Releasor acknowledges that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.     This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.     This Release is to be construed and governed under the laws of the State of New York.  Releasor and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.     Releasor acknowledges and declares that he has received a copy of this Release, that he has carefully read and fully understand its provisions, and that he is signing it voluntarily and of his own free will.

18.     RELEASOR EXPRESSLY CONFIRMS THAT HE HAS CONSULTED WITH HIS ATTORNEYS CONCERNING THIS RELEASE AND

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                   -5-

CONFIDENTIAL

HAS BEEN FULLY ADVISED WITH RESPECT TO HIS RIGHTS AND OBLIGATIONS HEREUNDER.

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                    -6-

CONFIDENTIAL

Dated _____10/17/01_____

**Betty Anne Allen**
Decedent's Mother, Personal Representative,
and Administrator of Decedent's Estate

SUBSCRIBED AND SWORN to before me this _____ day of
_____, 2000.

_____
(Signature of Notary)

_____
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_____, residing at _____
My Commission Expires: _____

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]                                          -7-

CONFIDENTIAL

The attorneys representing Releasor indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated _October 7, 2001_

_[signature]_

Scott C. Commander, Esq.
Attorneys for Betty Anne Allen

RELEASE OF ALL CLAIMS
[/SL012890079.DOC/24]

-8-