**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RONALD KRICK, et al.,

C.A. No.: 1:23-cv-08093-AMD-JAM

                                 Plaintiffs,

    - against -                         Donnelly, D.J.
                                      Marutollo, M.J.


RAYTHEON COMPANY, et al.,

                                Defendants.
-----------------------------------------------------------------X

### DEFENDANTS RAYTHEON COMPANY, LOCKHEED MARTIN, AND THE UNITED STATES' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE THEIR REPLY BRIEFS IN SUPPORT OF THEIR MOTION(S) TO DISMISS

Defendants Raytheon Company ("Raytheon"), Lockheed Martin Corporation ("Lockheed"), and the United States of America ("United States") (collectively "Defendants") by and through the undersigned, respectfully move this Court for a 30-day extension of time to file their reply briefs in support of their Rule 12(b)(6) and/or Rule 12(b)(1) Motions to Dismiss, Dkts. 178-187, in light of recent developments that affect the pending briefing and litigation. Specifically, Defendants learned that Plaintiffs only started reopening the estates of their decedents and/or seeking to have personal representatives appointed after Defendants filed their motions rather than when they brought these claims (and alleged that personal representatives had been appointed). Plaintiffs' response brief also added a claim on behalf of the beneficiaries of decedent Charles Henry Gray III, who were Plaintiffs in the Amended Complaint but omitted from the operative Second Amended Complaint. These issues are set to be addressed by Magistrate Marutollo on September 10, 2025, with the parties ordered to meet and confer and submit a joint status report by September 3, 2025. Defendants seek additional time so they can address these issues. As it stands now, Defendants are in a position where they are monitoring these

1

developments in real time and addressing them with Plaintiffs' counsel while also drafting briefs on the effect of the ever-changing estate and representation status of the Plaintiffs who should have addressed these issues years ago rather than after Defendants filed their motions. The extension would extend the Defendants' deadline from September 1, 2025 to October 1, 2025. Plaintiffs' counsel does not object to this extension. This is Defendants' first request for an extension of time. In support of this request, Defendants state as follows:

1. Defendants Raytheon, Lockheed Martin, and the United States filed Rule 12 Motions to Dismiss on April 1, 2025. [Dkts. 178-187]. Plaintiffs filed their corrected response brief on July 29, 2025 after receiving multiple extensions of time. [Dkts. 190-193, 196].

2. Standing is a central issue in this litigation as Plaintiffs' claims can only be brought by a duly-appointed personal representative under both New York and maritime law. [*See* Dkt. 186, Raytheon Br. at PageID 1046-1049]. Despite the various iterations of Plaintiffs' Complaints alleging that certain Plaintiffs were the personal representatives of their decedents' estates, this has since been acknowledged to be false, but only after Defendants filed their motions and called the allegations into question. Plaintiffs confirmed in their recently filed Opposition what was suspected by the Defendants, i.e. that none of the purported personal representatives were appointed as of the filing of the initial Complaint (in 2022) or on the day Defendants filed their motions, which was April 1, 2025. [*See* Dkts. 192-1 at ¶¶ 23-30, 196 at PageID 1404-07]. When Plaintiffs responded to Defendants' motions, they attached documents showing that the estates of most of the decedents were all in various states of being reopened and/or seeking to have personal representatives appointed[1]. [Dkt. 194, Ayers Decl.]. Based on these representations, only one

---

[1] Plaintiffs' response brief omits any reference to the status of the estates of decedents Danielle Gaetke or Ashton Allen. Three alleged beneficiaries of the estate of Mr. Gaetke initially brought suit against Defendants. Todd Gaetke brought suit in his individual capacity and voluntarily

personal representative has been properly appointed and it is for a decedent who is <u>not named</u> in the operative complaint (discussed further below). Defendants are now in a position where they are monitoring these developments in real time and addressing them with Plaintiffs' counsel while also drafting briefs on the effect of the ever-changing estate and representation issues.

3.      Moreover, additional developments have emerged regarding the O. Lamar Allen and Ashton Lamar Allen claims since Plaintiffs' motion was filed. Defendants learned on August 14, 2025 that the heirs of these decedents, including the original personal representative of the estates, moved the probate court in Cobb County, Georgia on August 8, 2025, to dismiss the petition of the putative personal representative seeking appointment. [*See* Ex. A, Cobb County Probate Records and Correspondence]. The heirs, through O. Lamar Allen's adult daughter, acknowledged they signed releases barring the instant claim, accused the current Plaintiff Wanda Kemp who is purporting to represent these decedents of "fraudulently representing herself as a representative and beneficiary of the Estates of O. Lamar Allen and Ashton Lamar Allen," and sought to close the estate as they do not consent to it being involved in the litigation and wish to protect the true beneficiaries. [*Id.*] The putative personal representative has since withdrawn his petition for appointment and the estate is facing closure. [*Id.*] If the estate is closed, the claims must be dismissed. This issue was brought to Plaintiffs' counsel's attention on August 15, 2025, but she has yet to respond as of the date of this filing.

4.      Additionally, Plaintiffs' response brief asserts claims on behalf of Charles Henry Gray IV and Chadwick Gray, the sons of decedent Charles Henry Gray III ("the Grays"), who are

---

dismissed his claim. [Dkt. 138]. Jodelle Gearon brought suit in her individual capacity and as "personal representative" of the Gaetke estate and voluntarily dismissed her claim. [Dkt. 137]. Only Craig Gaetke remains a Plaintiff, and neither his status nor the status of his decedent's estate is addressed in Plaintiffs' briefing.

not named Plaintiffs. The Grays were named in Plaintiffs' First Amended Complaint, but were dropped as named Plaintiffs in the Second Amended Complaint and the allegations related to them were removed. [*Compare* Am. Compl., Dkt. 6, with 2d Am. Compl., Dkt. 33]. This was acknowledged by Plaintiffs' former counsel, Todd Walburg, in open Court before Magistrate Judge Marutollo on August 22, 2024. [*See*, Ex. B, 8/22/24 Transcript at pp. 12-13].

5.      Raytheon's counsel brought this issue to Plaintiffs' current counsel's attention via email on August 1, 2025 and requested that any argument on the Grays' behalf be withdrawn on the basis that dismissed, unnamed parties cannot unilaterally reenter litigation. After receiving no response, Raytheon's counsel followed up on August 12, 2025. Plaintiffs' counsel responded on August 15, 2025, after more than half of the Defendants' time to respond to the unnamed Plaintiffs elapsed. [*See* Ex. C, Correspondence]. In short, Plaintiffs' counsel said the Grays never asked to be removed from the case and surmised that their removal was a scrivener's error or a mistake by Plaintiffs' former counsel. She did not agree to withdraw argument on the Grays' behalf. The United States continued to engage with Plaintiffs' counsel on the issue and provided additional information demonstrating that the removal of the Grays was purposeful rather than inadvertent. The United States also noted it would seek a status conference on the issue if Plaintiffs' counsel refused to withdraw argument on the Grays' behalf.  Plaintiffs' counsel did not agree to withdraw argument on behalf of the Grays and stated she was fine with a status conference.

6.      The above culminated in the United States submitting a letter to Magistrate Marutollo on August 21, 2025 informing him of the issues and requesting a status conference to address them. [Dkt. 198]. In response, Magistrate Marutollo set a status conference for September 10, 2025 and ordered the parties to meet and confer and submit a joint status report by September 3, 2025.

7.    Defendants seek additional time to file their reply briefs so they can engage in the meet and confer and attend the status conference ordered by Magistrate Marutollo, continue monitoring the evolving status of the estates[2], and evaluate the effect of these events. The additional time will serve the interests of judicial economy as completing the briefing before the Defendants understand the status of each estate, whether a personal representative has or will be appointed, and who the Plaintiffs are will likely necessitate supplemental briefing. Magistrate Marutollo's input and the parties' meet and confer may also streamline or clarify the issues.

8.    No party will be prejudiced by this extension. Rather, Defendants will suffer prejudice if they have to file their reply briefs while simultaneously evaluating the ever-changing representation status of the Plaintiffs who should have addressed these issues years ago rather than after Defendants filed their motions.

Dated: August 22, 2025

|  |
|---|
| /s/*Ralph V. Pagano*<br>Ralph V. Pagano, Esq. (RP7138)<br>Fitzpatrick, Hunt, & Pagano, LLP<br>ralph.pagano@fitzhunt.com<br>12 East 49th Street, 34th Floor<br>New York, New York 10017<br>T: (212) 937-4000<br>F: (212) 937-4050<br>*Attorney for Defendant Raytheon Company* |
| /s/*John P. Kelly*<br>John P. Kelly<br>john.p.kelly@wilsonelser.com<br>150 E 42nd Street<br>New York, NY 10017<br>212-915-5848<br><br>William J. Katt (PHV) |

---

[2] Notably, most of the probate courts addressing the estate issues do not offer online access to records. As such, it is difficult to keep apprised of the active dockets.

william.katt@wilsonelser.com
John P. Loringer (PHV)
john.loringer@wilsonelser.com
David A. Frank II (PHV)
david.frank@wilsonelser.com
555 East Wells Street, Suite 1730
Milwaukee, WI 53202
414-276-8816

Kathryn A. Grace (PHV)
kathryn.grace@wilsonelser.com
8444 Westpark Drive, Suite 510
McLean, VA 22102
703-852-7869
*Attorneys for Lockheed Martin Corporation*

BRETT SHUMATE
Assistant Attorney General
Civil Division

JOSEPH NOCELLA JR.
United States Attorney
Eastern District of New York

ARTEMIS LEKAKIS
Assistant United States Attorney
Eastern District of New York

/s/*Robert Kelly*
ROBERT KELLY
JILL DAHLMANN ROSA
Senior Trial Counsel
EMMA HILDEBRAND
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box 14271
*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I, Anca Popa, hereby certify that on August 22, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the U.S. District Court for the Eastern District of New York, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants of record in this matter.

Dated: August 22, 2025

By:    */s/ Anca Popa*
    Anca Popa