CONFIDENTIAL

## RELEASE OF ALL CLAIMS ARISING OUT OF THE LOSS OF TWA FLIGHT 800, A BOEING 747-131 AIRCRAFT, REGISTRATION NO. N93119

Releasors:   Charles Henry Gray, IV and Chadwick Graham Gray, Individually, and as Personal Representatives of Charles Henry Gray, III (hereinafter referred to as "Decedent") and Co-Administrators of Decedent's Estate;  (hereinafter collectively referred to as "Releasors")

Releasees:   THE BOEING COMPANY and its affiliated entities (including The Boeing Commercial Airplane Group), TRANS WORLD AIRLINES, INC. (TWA), CRANE CO., HYDRO-AIRE, INC., LEAR ROMEC DIVISION, and their subsidiary companies, contractors, subcontractors, vendors and suppliers, past, present and future, and each of them, as well as their directors, officers, employees, agents, attorneys, insurers, co-insurers, reinsurers, and assigns, past, present and future (including UNITED STATES AVIATION UNDERWRITERS, INC. as Managers and on behalf of the Member Companies of THE UNITED STATES AIRCRAFT INSURANCE GROUP, and on behalf of the co-insurers of the liability of TWA), and all other persons and entities not specifically identified who are or may be liable to Releasors in whole or in part for any and/or all damages and losses to Releasors, whether known or unknown, arising out of or in any way related to or resulting from the loss of TWA Flight 800 (hereinafter collectively referred to as "Releasees")

1.      On or about July 17, 1996, Decedent died in the loss of TWA Flight 800, a Boeing 747-131, Registration No. N93119, off the coast of Long Island, New York (hereinafter referred to as "the Event").

2.      Releasors hereby represent and warrant that the respective relationships listed beneath the undersigneds' signatures are true, that they are the sole heirs at law of Decedent, and there is no Executor, Executrix, Administrator, Administratrix, or other Personal Representative of the Will or of the Estate of Decedent other than the undersigned, who Releasors represent and warrant is authorized without further court approval to execute this release on behalf of Decedent's Estate and all heirs thereto.

3.      For and in consideration of payment of the sum of ▮▮▮ ▮▮▮▮ ▮ ▮▮▮▮ ▮ ▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ), in the form of three checks or drafts ▮▮▮▮▮▮ ayable to "O'Dwyer & Bernstien, in trust for Charles Henry Gray, IV

CONFIDENTIAL

and Chadwick Graham Gray"; ███████ payable to "Steven R. Pounian, Plaintiffs' Liaison Counsel" for fees and ███████ payable to "Steven R. Pounian, Plaintiffs' Liaison Counsel" for expenses), which sum shall be deemed to have been paid upon the delivery of such checks or drafts to Releasors and Plaintiffs' Liaison Counsel, respectively, receipt of which is hereby acknowledged, Releasors release and forever discharge any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, warranties, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against Releasees the Releasors ever had, now have or hereafter can, shall or may have, for, upon, by reason of, arising out of, or in any way related to the Event, including but not limited to: injury to or death of Decedent (whether assertable by Decedent's heirs, beneficiaries, dependents, or personal representative, or by anyone else, and whether characterized as claims for wrongful death, survival, survivorship, personal injuries, or otherwise); loss of or damage to Decedent's baggage or other property; and amounts paid by or on behalf of Decedent for transportation. This Release expressly extends to and includes, but is not limited to, any and all causes of action based on any wrongful death act, survival statute, or common law. This Release also expressly extends to and includes, but is not limited to, each and every claim or cause of action that could have been asserted for all past and future economic damages, noneconomic damages and awards recoverable or potentially recoverable from any person, including, but not limited to, attorneys' fees, litigation costs, medical expenses, funeral expenses, disfigurement, pain and suffering, grief or emotional distress, and loss of consortium, support, pecuniary benefits, income, companionship, assistance, services, training, education or society.

4. The payment set forth above is the entire and only consideration for this Release. Releasors acknowledge the adequacy of this payment as consideration in full for this Release. Releasors acknowledge that they shall be responsible for the payment of their own costs and expenses, including their own attorneys' fees.

5. Releasors intend this Release to constitute a full release and discharge of any and all claims that they may have arising out of the injury to and death of Decedent. Releasors state that they intend to release fully all individuals, entities or corporations, whether specifically named or not, that might be liable for damages arising out of the injury to or death of Decedent. Releasors agree that they will not, directly or indirectly, make or cause to be made any further action against any person (including any individual, corporation or other entity) for losses, damages or injuries arising out of the injury to or death of Decedent.

CONFIDENTIAL

6.     This Release is intended to, and Releasors represent and warrant that it will, dispose of all liability of Releasees to Releasors and all heirs and dependents of Decedent not otherwise identified, and their successors and assigns, that might now or in the future assert a claim, demand, action or bring suit arising out of injury to or the death of Decedent.  Releasors represent and warrant that no portion of any claim arising from injury to or death of decedent has been assigned or transferred to any other person or entity in any manner, including by way of subrogation or operation of law, and that there are no liens attaching to the settlement monies, including liens or other rights that have arisen as of the date of the execution of this Agreement in favor of any government agency, employer, or insurer for any benefits, assistance, or monies paid to or on behalf of Releasors, Decedent, or any other beneficiary.  In the event that any claim, demand, action or suit should be made or instituted against any Releasee by any heir, dependent, or wrongful death beneficiary of Decedent, or by any lien holder, insurer, subrogee, or any other entity (except as provided in Paragraph 13 below), Releasors agree to indemnify and hold harmless Releasees against any claim, demand, action or suit and to pay and satisfy any judgment resulting from or settlement of any such claim, demand, action or suit.

7.     Releasors hereby assign, transfer, and set over by way of subrogation to Releasees, their successors and assigns, all of Releasors rights, title, and interests in and to any and all actions, causes of action, claims, demands, and remedies that Releasors have or may have against any and all third parties who may be liable for the Event to the extent of the amounts paid to Releasors pursuant to this Release plus Releasees' costs and expenses (including but not limited to attorneys' fees) incurred in the resolution of the claims herein and in obtaining any recovery against third parties. Releasors hereby empower the subrogated Releasees to sue, compromise, or settle in the place of the Releasors, and in the name of the latter or in the Releasees' own names in accordance with applicable law, in order for Releasees to recover for said loss against any and all such third parties.  Releasors represent and warrant that they have not granted any release or discharge other than this Release, nor waived any right, action, cause of action, claim, demand, or remedy that they have or may have against any third party relating to or arising out of the Event.

8.     Releasors enter into this Release contemplating the possibility that facts may be subsequently discovered that could support claims as yet unasserted against Releasees for compensatory, consequential and/or punitive damages.  Releasors realize that losses, injuries or damages not now known may be subsequently discovered and that their known losses, injuries or damages may prove to be greater than presently believed.  Releasors assume all risk, chance or hazard that their losses, injuries or damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected.  Releasors intend to discharge

CONFIDENTIAL

Releasees from all liability for all losses, injuries or damages arising out of the injury to or death of Decedent, both those now known and those that may be subsequently discovered. This Release shall not be subject to any claim of mistake of fact or law by Releasors. Releasors also fully understand and acknowledge that facts concerning their claims may be found hereafter to be other than or different from the facts they now believe to be true. Releasors expressly accept and assume the risk of any such possible differences in facts and agree that this Release shall remain in full effect notwithstanding any such difference in facts. Releasors waive any rights or benefits conferred by any statute or common law decision with respect to unknown or unsuspected claims, including, but not limited to, Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

9.    In entering into this Release, Releasors do not rely on any statement or representation made by any Releasee or by any attorney, agent or other person representing any Releasee concerning:

   a.   The nature, extent or duration of Releasors' losses, injuries or damages; or

   b.   The cause or causes for the Event; or

   c.   The legal liability of any Releasee for the losses, injuries or damages to Releasors; or

   d.   Any federal or state income tax liability, estate tax liability or inheritance tax liability to Releasors.

10.    Releasors and Releasees agree that the terms of this Release shall be confidential and shall not be disclosed to third persons. Releasors promise and agree that they will not directly or indirectly publicize, discuss, publish or disclose to any person the terms of this Release, the negotiations leading to this Release, or the amount of the consideration. Nothing herein shall prevent any party from disclosing such information as is required by court order or applicable law.

11.    Each party shall, upon request of any other party, execute and deliver such additional documents as may be necessary or convenient for the purposes of evidencing or perfecting any rights or interests arising under this Release, including

CONFIDENTIAL

but not limited to a Waiver and Consent executed by Decedent's father, Charles Henry Gray, Jr., a copy of which Releasors will provide to Releasees as a condition of settlement.

12.   This Release may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Separate signature pages are provided in anticipation that Releasors may separately execute this agreement.

13.   It is the express intent and understanding of Releasors and Releasees that any and all rights of indemnity, contribution or other derivative claims that any Releasee may have against any other Releasee or other person, corporation or entity, whether known or unknown, shall be preserved by the execution of this Release.

14.   Nothing in this Release shall be construed as an admission of liability or fault of any Releasee or of the validity or propriety of any claims that may be asserted arising out of the Event.  It is understood and agreed that this Release is made as part of the compromise and settlement of a disputed claim.  No action taken by Releasees, either previously or in connection with this compromise and settlement, shall be deemed or construed to be an admission of the truth or falsity of any matter pertaining to any claim, demand or cause of action arising out of the Event, or an acknowledgment by Releasees of any fault or liability whatsoever to Releasors or any other person or entity.  Releasors acknowledge that Releasees expressly continue to deny and disclaim liability and responsibility for the Event and intend merely to avoid litigation.

15.   This Release contains the entire agreement and understanding of the parties.  This Release may not be changed orally.  The terms of this Release are contractual in nature and not mere recitals.

16.   This Release is to be construed and governed under the laws of the State of New York.  Releasors and Releasees consent to jurisdiction and venue in the appropriate federal district court within, or state court of, that state with respect to any dispute, controversy or cause of action arising out of this Release.

17.   Releasors acknowledge and declare that they have received a copy of this Release, that they have carefully read and fully understand its provisions, and that they are signing it voluntarily and of their own free will.

18.   RELEASORS EXPRESSLY CONFIRM THAT THEY HAVE CONSULTED WITH THEIR ATTORNEYS CONCERNING THIS RELEASE AND

RELEASE OF ALL CLAIMS
[01038-3137/SL013160.298/24]

BOE0100

CONFIDENTIAL

HAVE BEEN FULLY ADVISED WITH RESPECT TO THEIR RIGHTS AND OBLIGATIONS HEREUNDER.

CONFIDENTIAL

Dated    11-30-01

**Charles Henry Gray, IV**
Decedent's Son, Co-Personal Representative,
and Co-Administrator of Decedent's Estate

SUBSCRIBED AND SWORN to before me this 30th day of
November , 2001.

(Signature of Notary)

Jo-Ann C. Newton
(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
Tennessee , residing at Shelby County
My Commission Expires: 8/13/02


Dated _____

**Chadwick Graham Gray**
Decedent's Son, Co-Personal Representative,
and Co-Administrator of Decedent's Estate

SUBSCRIBED AND SWORN to before me this _____ day of
_____, 2001.


(Signature of Notary)


(Print or Stamp Name of Notary)
NOTARY PUBLIC in and for the State of
_____, residing at _____
My Commission Expires:_____

CONFIDENTIAL

The attorneys representing Releasors indicate their approval of this Release as to form and content and agree to the confidentiality provisions herein:

Dated ___12/3/01___

_____
Brian O'Dwyer
**O'Dwyer & Bernstien, LLP**
Attorneys for Charles Henry Gray, IV and
Chadwick Graham Gray

RELEASE OF ALL CLAIMS
[01038-3137/SL013160.298/24]                              -8-                                          BOE0103